# EXHIBIT 1

James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

Yvette Ostolaza (*pro hac vice forthcoming*)
yvette.ostolaza@sidley.com
Robert S. Velevis (*pro hac vice forthcoming*)
rvelevis@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

*Attorneys for Specially-Appearing Defendant Airbus Helicopters, Inc.*

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a | Case No.<br><br>**SPECIALLY-APPEARING DEFENDANT AIRBUS HELICOPTERS, INC.'S INDEX OF PROCESS, PLEADINGS, AND ORDERS BEING FILED WITH NOTICE OF REMOVAL** |

Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

Pursuant to Local Rule IA 10-3, the following is an index of documents being filed with Specially-Appearing Defendant Airbus Helicopters, Inc.'s Notice of Removal:

| EX. | DATE | DESCRIPTION |
|---|---|---|
| 1 | | Index of Documents Being Filed |
| 2 | 03/02/18 | Original Complaint |
| 3 | 03/02/18 | Initial Appearance Fee Disclosure |
| 4 | 03/09/18 | First Amended Complaint |
| 5 | 03/21/18 | Affidavit of Service as to Defendant Daniel Friedman |
| 6 | 03/21/18 | Affidavit of Service as to Defendant Papillon Airways |
| 7 | 03/30/18 | Plaintiffs' Motion to Associate Counsel |
| 8 | 04/02/18 | Plaintiffs' Motion to Associate Counsel |
| 9 | 04/09/18 | Affidavit of Service as to Clark County Coroner |
| 10 | 04/13/18 | Acceptance of Service as to Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Xebec LLC, and Scott Booth |
| 11 | 04/16/18 | Notice of Hearing |
| 12 | 04/30/18 | Affidavit of Service as to Airbus Helicopters, Inc. |
| 13 | 05/07/18 | Email Agreement extending Airbus Helicopters, Inc.'s time to answer, move against, or otherwise respond to the First Amended Complaint until July 9, 2018 |
| 14 | 05/11/18 | Minute Order cancelling Hearing set for May 24, 2018 on Motions to Associate Counsel |

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

| EX. | DATE | DESCRIPTION |
| --- | --- | --- |
| 15 | 05/17/18 | Initial Appearance Fee Disclosure |
| 16 | 05/17/18 | Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters' Motion to Associate Counsel (Kearns) |
| 17 | 05/17/18 | Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters' Motion to Associate Counsel (Katt) |
| 18 | | State Court Docket Sheet, as of May 18, 2018 |

DATED this 18th day of May, 2018.

PISANELLI BICE PLLC

By: /s/ Todd L. Bice

James J. Pisanelli, Esq., Bar No. 4027
Todd L. Bice, Esq., Bar No. 4534
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

Yvette Ostolaza (*pro hac vice forthcoming*)
Robert S. Velevis (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201

*Attorneys for Specially-Appearing Defendant Airbus Helicopters, Inc.*

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

# EXHIBIT 2

Electronically Filed
3/2/2018 5:12 PM
Steven D. Grierson
CLERK OF THE COURT

COMP

*Gary C. Robb, Esq.
*Anita Porte Robb, Esq.
**ROBB & ROBB LLC**
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone: (816) 474-8080
Facsimile: (816) 474-8081
gcr@robbrobb.com
apr@robbrobb.com

Lawrence J. Smith (NSB #6505)
Nevada Bar #6505
**BERTOLDO BAKER CARTER & SMITH**
7408 West Sahara Avenue
Las Vegas, Nevada 89101
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
lawre3@bensonlawyers.com

Attorneys for Plaintiffs

*Pending Pro Hac Vice admission

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING HALVORSON, a Nevada resident JOHN BECKER, a Nevada resident PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation; AIRBUS

CASE NO. A-18-770467-C
DEPT. NO. Department 13

**COMPLAINT (HELICOPTER CRASH/ WRONGFUL DEATH)**

**ARBITRATION EXEMPTION CLAIMED: EXTRAORDINARY RELIEF**

**JURY DEMANDED**

HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

Plaintiffs MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased, for their causes of action against the above-captioned Defendants, state and allege as follows:

## INTRODUCTION PERTAINING TO ALL CAUSES OF ACTION

## PLAINTIFFS

1. Plaintiff Mary Riggs is a resident of and domiciled in the State of Nevada and is the duly appointed Personal Representative of the Estate of Jonathan Neal Udall, and is entitled to maintain this action.

2. Plaintiff Philip Udall is a resident of Southampton, UK. Philip Udall is next of kin and the natural father of Jonathan Neal Udall who died on February 22, 2018 after being involved in a helicopter crash which occurred on February 10, 2018 in the Grand Canyon near Peach Springs, Arizona. His son, Jonathan Neal Udall, died from injuries sustained in the helicopter crash.

3. Plaintiff Marlene Udall is a resident of Southampton, UK. Marlene Udall is next of kin and the natural mother of Jonathan Neal Udall who died on February 22, 2018 after being involved in a helicopter crash which occurred on February 10, 2018 in the Grand Canyon

near Peach Springs, Arizona. Her son, Jonathan Neal Udall, died from injuries sustained in the helicopter crash.

**DEFENDANTS**

**DEFENDANT MATTHEW HECKER**

4. Defendant Matthew Hecker is a Nevada resident.

5. Defendant Matthew Hecker resides at 4550 Karen Avenue, Apt. 132, Las Vegas, Nevada 89121 and can be served at this address.

6. Defendant Matthew Hecker is a Field Stationed Mechanic for Papillon operations at Grand Canyon West providing trouble shooting and repair of Papillon's fleet of helicopters, including the subject ED 130 B4.

7. Defendant Matthew Hecker was wholly or partially responsible for the mechanical maintenance of the subject helicopter, including but not limited to the tail rotor system, and/or was responsible for the supervision and control of other mechanics performing services upon the subject helicopter and/or component parts, including but not limited to the tail rotor system.

8. At all times pertinent hereto, Defendant Matthew Hecker was acting within the scope and course of his agency or assignment with Defendant Papillon and that such Defendant is vicariously liable for the negligent acts of Defendant Matthew Hecker as alleged herein.

**DEFENDANT DANIEL FRIEDMAN**

9. Defendant Daniel Friedman is a Nevada resident.

10. Defendant Daniel Friedman resides at 6257 Overhang Avenue, Henderson, Nevada 89011 and can be served at that address.

11. Defendant Daniel Friedman is an Inspector for Papillon Grand Canyon Helicopters and is responsible for insuring all maintenance work is properly signed off on and performed.

12. Defendant Daniel Friedman also provides maintenance inspections on Papillon Helicopters, including the subject EC 130 B4 helicopter.

13. At all times pertinent hereto, Defendant Daniel Friedman was acting within the course and scope of his agency or assignment with Defendant Papillon and that such Defendant is vicariously liable for the negligent acts of Defendant Daniel Friedman as alleged herein.

**DEFENDANT BRENDA HALVORSON**

14. Defendant Brenda Halvorson is a Nevada resident.

15. Defendant Brenda Halvorson can be served at 1265 Airport Road, Boulder City, Nevada 89005.

16. Defendant Brenda Halvorson is the Director for Papillon Helicopters.

17. At all times pertinent hereto Defendant Brenda Halvorson was wholly or partially responsible for the safe and reasonable maintenance of the subject helicopter and/or component parts and was responsible for the supervision of individuals performing services upon the subject helicopter and component parts.

**DEFENDANT GEOFFREY EDLUND**

18. Defendant Geoffrey Edlund is a Nevada resident.

19. Defendant Geoffrey Edlund can be served at 1265 Airport Road, Boulder City, Nevada 89005.

20. Defendant Geoffrey Edlund is the President of Papillon Helicopters.

21. At all times pertinent hereto Defendant Geoffrey Edlund was wholly or partially responsible for the safe and reasonable maintenance of the subject helicopter and/or component parts and was responsible for the supervision of individuals performing services upon the subject helicopter and component parts.

22. At all times pertinent hereto, Defendant Geoffrey Edlund was acting within the scope and course of his agency or assignment with Defendant Papillon and that such Defendant is vicariously liable for the negligent acts of Defendant Geoffrey Edlund as alleged herein.

**DEFENDANT ELLING HALVERSON**

23. Defendant Elling Halvorson is a Nevada resident.

24. Defendant Elling Halvorson can be served at 1265 Airport Road, Boulder City, Nevada 89005.

25. Defendant Elling Halvorson is the Director of Papillon Helicopters.

26. At all times pertinent hereto Defendant Elling Halvorson was wholly or partially responsible for the safe and reasonable maintenance of the subject helicopter and/or component parts and was responsible for the supervision of individuals performing services upon the subject helicopter and component parts.

27. At all times pertinent hereto, Defendant Elling Halvorson was acting within the scope and course of her agency or assignment with Defendant Papillon and that such Defendant is vicariously liable for the negligent acts of Defendant Elling Halvorson as alleged herein.

**DEFENDANT JOHN BECKER**

28. Defendant John Becker is a Nevada resident.

29. Defendant John Becker can be served at 1265 Airport Road, Boulder City, Nevada 89005.

30. Defendant John Becker is the Chief Operating Officer and Director of Operations of Papillon Helicopters.

31. At all times pertinent hereto Defendant John Becker was wholly or partially responsible for the safe and reasonable maintenance of the subject helicopter and/or component parts and was responsible for the supervision of individuals performing services upon the subject helicopter and component parts.

32. At all times pertinent hereto, Defendant John Becker was acting within the scope and course of his agency or assignment with Defendant Papillon and that such Defendant is vicariously liable for the negligent acts of Defendant John Becker as alleged herein.

**DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS**

33. Defendant Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters (hereinafter referred to as "Defendant Papillon") is an Arizona corporation doing business in the State of Nevada.

34. Defendant Papillon maintains a Nevada Registered Agent and may be served through its Registered Agent, The Corporation Trust Company of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

35. Defendant Papillon's principle place of business is in Clark County, Nevada.

36. Defendant Papillon regularly conducts its daily business activities in Clark County, Nevada.

37. Defendant Papillon maintains its main helicopter tour offices in Clark County, Nevada.

38. Defendant Papillon employees it pilots and mechanics in its office located in Clark County, Nevada.

39. All of Defendant Papillon's income is generated through its offices in Clark County, Nevada.

40. Defendant Papillon is engaged in the business of operating, maintaining, servicing and distributing helicopters for uses including, but not limited to, sightseeing and touring activities.

41. At all times material hereto, Defendant Papillon operated, maintained, serviced, and distributed touring helicopters, in particular the subject EV 130 B4 helicopter, throughout these United States, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers on touring helicopters, of which Jonathan Neal Udall was a member.

42. At all times material hereto, Defendant Papillon was acting by and through its agents, servants, and/or employees, each of whom were acting in the course and scope of their employment with this Defendant.

**DEFENDANT AIRBUS HELICOPTERS, S.A.S.**

43. Defendant Airbus Helicopters, S.A.S., (hereinafter referred to as "Defendant Airbus, S.A.S.") is a French corporation doing business in the State of Nevada.

44. Defendant Airbus, S.A.S. is the foreign counterpart of Defendant Airbus Helicopters, Inc., with its headquarters and principal place of business located at Aeroport International, Marseille Provence, 13725 Marignane – Cedex – France.

45. Defendant Airbus S.A.S. may be served pursuant to the Hague Convention by private process server in that both the United States and France are signatory parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, **20. U.S.T. 361; 658 U.N.T.S. 163**.

46. Defendant Airbus, S.A.S., is liable in all respects as it is the successor corporation of Eurocopter, S.A.S., which was the original manufacturer of the subject EC 130 B4 helicopter and component parts and systems and there was and continues to be an express and/or implied agreement between Defendant Airbus, S.A.S., and Eurocopter, S.A.S., to assume all its post-sale liabilities and obligations.  Plaintiffs herein have no remedy against the predecessor corporation, Eurocopter, S.A.S., due to its reorganization.

47. Defendant Airbus, S.A.S., is engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of helicopters for ultimate sale and/or use in the State of Nevada.

48. At all times material hereto, Defendant Airbus, S.A.S., has sold, delivered, and/or distributed such products, in particular the subject helicopter, for ultimate sale and/or use in the forty-eight (48) continental states of these United States of America, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers of helicopters, of which Jonathan Neal Udall was a member.

49. At all times material hereto, Defendant Airbus, S.A.S., operated in Nevada by and through its various employees and agents.

50. At all times material hereto, Defendant Airbus, S.A.S., was acting by and through its agents, servants and/or employees, each of whom were acting within the course and scope of their employment with Defendant.

**DEFENDANT AIRBUS HELICOPTERS, INC.**

51. Defendant Airbus Helicopters, Inc., (hereinafter referred to as Defendant Airbus, Inc.) is a Delaware Corporation doing business in the State of Nevada

52. Defendant Airbus, Inc., may be served through its Registered Agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

53. Defendant Airbus, Inc., is liable in all respects as it is the successor corporation of American Eurocopter which was the original manufacturer of the subject EC 130 B4 helicopter and component parts and there was and continues to be an express and/or implied agreement between Defendant Airbus, Inc., and American Eurocopter to assume all its post-sale liabilities and obligations. Plaintiffs herein have no remedy against the predecessor corporation, American Eurocopter, due to its reorganization.

54. Defendant Airbus, Inc., is engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of helicopters for ultimate sale and/or use in the State of Nevada.

55. At all times material hereto, Defendant Airbus, Inc., has sold, delivered, and/or distributed such products, in particular the subject helicopter, for ultimate sale and/or use in the forty-eight (48) continental states of these United States of America, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers of helicopters, of which Jonathan Neal Udall was a member.

56. At all times material hereto, Defendant Airbus, Inc., operated in Nevada by and through its various employees and agents.

57. At all times material hereto, Defendant Airbus, Inc., was acting by and through its agents, servants and/or employees, each of whom were acting within the course and scope of their employment with Defendant.

**DEFENDANT XEBEC LLC**

58. Defendant XEBEC LLC (hereinafter referred to as "Defendant XEBEC" is a Washington Limited Liability Company doing business in the State of Nevada.

59. Defendant XEBEC may be served through its Registered Agent, Lynn O. Hurst, 701 5th Avenue, Suite 5500, Seattle, Washington 98104.

60. Defendant XEBEC is engaged in the business of owning, distributing, and/or leasing helicopters for uses including, but not limited to, sightseeing and touring activities.

61. At all times material hereto, Defendant XEBEC owned, distributed, and/or leased touring helicopters, in particular the subject EC 130 B4 helicopter, throughout these United States, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers on touring helicopters, of which Jonathan Neal Udall was a member.

62. At all times material hereto, Defendant XEBEC was acting by and through its agents, servants, and/or employees, each of whom were acting in the course and scope of their employment with this Defendant.

**DEFENDANT SCOTT BOOTH**

63.     Defendant Scott Booth is a resident of the State of California.  He is employed by Defendant Papillon and works out of their offices in Clark County, Nevada.

64.     Defendant Scott Booth may be served at: 770 Santiago Avenue, Long Beach, California 90804.

65.     At all times material hereto, Defendant Scott Booth was an agent or employee of Defendant Papillon, and at all times herein mentioned was acting within the scope and course of his agency or assignment with Defendant Papillon.  That such Defendant is vicariously liable for the negligent acts of Defendant Scott Booth as alleged.

**IDENTIFICATION OF AIRCRAFT AND PARTS**

66.     This aircrash involves a 2010 Eurocopter EC 130 B4 helicopter, registration number N155GC, serial number 7091.  The helicopter was designed, manufactured, assembled, distributed, and sold by Airbus, S.A.S. and Airbus, Inc. for use as a touring and sightseeing helicopter.  The said helicopter was owned by Defendant XEBEC, and operated by Defendant Papillon, and used in the course of a sightseeing business known as Papillon Grand Canyon Helicopters.  The subject helicopter was being piloted by Defendant Scott Booth.

**GENERAL ALLEGATIONS**

67.     On or about February 10, 2018, Jonathan Neal Udall was a passenger in a 2010 Eurocopter EC 130 B4 helicopter on a sightseeing tour of the Grand Canyon.

68. The helicopter, operated by Defendant Papillon, owned by Defendant XEBEC, and piloted by Defendant Scott Booth, departed Boulder City Municipal Airport in Boulder City, Nevada with an intended landing at Quartermaster landing zone.

69. The helicopter, operated by Papillon Helicopters and owned by XEBEC, was flying in the Grand Canyon and was on an approach to land at a landing zone in Quartermaster Canyon, near Peach Springs, Arizona.

70. While on approach, at approximately 5:15 p.m., witnesses saw the subject helicopter make at least two (2) 360 degree left turn revolutions.

71. The subject helicopter descended into the canyon wash, impacted terrain, and crashed into the canyon. Upon impact, the helicopter burst into flames and burned.

72. Jonathan Neal Udall was rescued from the burning helicopter. He was transported to University Medical Center where he remained in critical condition.

73. On February 22, 2018, Jonathan Neal Udall succumbed to his severe and catastrophic burn injuries.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT MATTHEW HECKER – WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

74. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

75. On February 10, 2018, Defendant Matthew Hecker was a Field Stationed Mechanic and/or Supervising Mechanic for Defendant Papillon.

76. Defendant Matthew Hecker held himself out as a person who could carefully and competently provide such mechanical services and/or supervise mechanics with respect thereto.

77. Said Defendant had a direct involvement with the subject helicopter.

78. Defendant Matthew Hecker had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent a Field Stationed Mechanic and/or Supervising Mechanic of a helicopter tour business would use under the same or similar circumstances.

79. Defendant Matthew Hecker breached that duty and was negligent by failing to properly and adequately perform mechanical services on the subject helicopter and/or component parts, including the tail rotor, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

80. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall died.

**SECOND CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT DANIEL FRIEDMAN – WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

81. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

82. On February 10, 2018, Defendant Daniel Friedman was an Inspector for Defendant Papillon.

83. Defendant Daniel Friedman held himself out as a person who could carefully and competently provide such inspection of helicopters and/or maintenance with respect thereto.

84. Said Defendant had a direct involvement with the subject helicopter.

85. Defendant Daniel Friedman had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent Inspector of a helicopter tour business would use under the same or similar circumstances.

86. Defendant Daniel Friedman breached that duty and was negligent by failing to properly and adequately inspect the subject helicopter and/or component parts, including the tail rotor, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

87. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall died.

**THIRD CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT BRENDA HALVORSON– WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

88. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

89. On February 10, 2018, defendant Brenda Halvorson was doing business as defendant Papillon, was responsible for the supervision of and controlled, influenced and governed the activities of defendant Papillon, were employers of Defendants Scott Booth, and/or was otherwise responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

90. Said Defendant had a direct involvement with the subject helicopter.

91. That said Defendant had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners/lessors and supervisors of a helicopter tour business would use under the same or similar circumstances.

92. That said Defendant breached that duty and were negligent by, but not limited to, failing to properly and adequately monitor and supervise the conduct and activities of their business and/or related employees and failing to ensure their helicopter was in a safe and defect free condition, causing the aforesaid mechanical failures to occur while the subject helicopter was in flight, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of her

93. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said defendant, Jonathan Neal Udall died.

94. That said Defendant is vicariously, contractually, statutorily, and/or otherwise liable for the acts of all other defendants, and each of them.

95. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall was died.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT GEOFFREY EDLUND – WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

96. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

97. On February 10, 2018, defendant Geoffrey Edlund was doing business as defendant Papillon, was responsible for the supervision of and controlled, influenced and governed the activities of defendant Papillon, were employers of Defendants Scott Booth, and/or was otherwise responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

98. Said Defendant had a direct involvement with the subject helicopter.

99. That said Defendant had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners/lessors and supervisors of a helicopter tour business would use under the same or similar circumstances.

100. That said Defendant breached that duty and were negligent by, but not limited to, failing to properly and adequately monitor and supervise the conduct and activities of their business and/or related employees and failing to ensure their helicopter was in a safe and defect free condition, causing the aforesaid mechanical failures to occur while the subject helicopter was in flight, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of her

101. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said defendant, Jonathan Neal Udall died.

102. That said Defendant is vicariously, contractually, statutorily, and/or otherwise liable for the acts of all other defendants, and each of them.

103. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall was died.

**FIFTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT ELLING HALVORSON – WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

104. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

105. On February 10, 2018, defendant Elling Halvorson was doing business as defendant Papillon, was responsible for the supervision of and controlled, influenced and governed the

activities of defendant Papillon, were employers of Defendants Scott Booth, and/or was otherwise responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

106.    Said Defendant had a direct involvement with the subject helicopter.

107.    That said Defendant had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners/lessors and supervisors of a helicopter tour business would use under the same or similar circumstances.

108.    That said Defendant breached that duty and were negligent by, but not limited to, failing to properly and adequately monitor and supervise the conduct and activities of their business and/or related employees and failing to ensure their helicopter was in a safe and defect free condition, causing the aforesaid mechanical failures to occur while the subject helicopter was in flight, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of her

109.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said defendant, Jonathan Neal Udall died.

110.    That said Defendant is vicariously, contractually, statutorily, and/or otherwise liable for the acts of all other defendants, and each of them.

111.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall was died.

**SIXTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT JOHN BECKER– WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

112. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

113. On February 10, 2018, Defendant John Becker was doing business as defendant Papillon, was responsible for the supervision of and controlled, influenced and governed the activities of defendant Papillon, were employers of Defendants Scott Booth, and/or was otherwise responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

114. Said Defendant had a direct involvement with the subject helicopter.

115. That said Defendants had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners/lessors and supervisors of a helicopter tour business would use under the same or similar circumstances.

116. That said Defendant breached that duty and were negligent by, but not limited to, failing to properly and adequately monitor and supervise the conduct and activities of their business and/or related employees and failing to ensure their helicopter was in a safe and defect free condition, causing the aforesaid mechanical failures to occur while the subject helicopter was in flight, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of her

117. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said defendant, Jonathan Neal Udall died.

118. That said Defendant is vicariously, contractually, statutorily, and/or otherwise liable for the acts of all other defendants, and each of them.

119. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall was died.

120. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

**SEVENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – VICARIOUS LIABILITY FOR SCOTT BOOTH'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT HELICOPTER - WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

121. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

122. Defendant Papillon held itself out as an entity, which could carefully and competently provide and maintain safe helicopter tours which were utilized in the course of its operations.

123.   That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter tour business would use under the same or similar circumstances.

124.   Defendant Scott Booth had a duty to use that degree of care that an ordinarily careful and prudent pilot would use under the same or similar circumstances.

125.   Defendant Papillon is vicariously liable for any and all actions of Defendant Scott Booth as to his negligent and careless piloting and operation of the subject helicopter by reason of its principal and agent relationship with Defendant Papillon.

126.   Scott Booth was negligent in the following respects:

a.   Pilot Scott Booth failed to maintain proper control of the helicopter in-flight;

b.   Pilot Scott Booth failed to properly avoid natural obstacles in the flight path;

c.   Pilot Scott Booth failed keep a safe distance between the helicopter and     natural obstacles;

d.   Pilot Scott Booth failed to operate the helicopter in a safe manner;

e.   Pilot Scott Booth failed to perform the proper weather checks prior to the flight; and

f.   Pilot Scott Booth failed to properly respond to an in-flight loss of control.

127.   Defendant Papillon's breach of its duty and negligence caused the injuries and damages complained of herein and Plaintiffs' deceased, Jonathan Neal Udall died as a direct result of the conduct of Defendant Scott Booth for which defendant Papillon is vicariously liable in all respects.

128.   That said Defendant breached that duty and was negligent by, but not limited to, failing to properly and adequately monitor and supervise the conduct and activities of their

business and/or related employee, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

129. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall was died.

130. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

131. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedents might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

## EIGHTH CAUSE OF ACTION

### (NEGLIGENCE OF DEFENDANT PAPILLON – FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT AND AIRCRAFT SERVICES - WRONGFUL DEATH OF JONATHAN NEAL UDALL)

132. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

133.    Defendant Papillon held itself out as an entity, which could carefully and competently provide and maintain safe helicopter tours which were utilized in the course of its operations.

134.    That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter tour business would use under the same or similar circumstances.

135.    Defendant Papillon had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

136.    Defendant Papillon was negligent in its duties as follows:

a.   Defendant Papillon failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b.   Defendant Papillon failed to provide proper training to its pilots;

c.   Defendant Papillon failed to properly and adequately monitor and supervise the contact and activities of their business and/or employee;

d.   Defendant Papillon failed to have in place a policy and/or verify that weather checks are performed prior to every flight;

e.   Defendant Papillon allowed inexperienced part-time, and/or unqualified pilots to operate their aircraft;

f.   Defendant Papillon failed to equip their helicopters with crash resistant fuel systems to prevent thermal injuries to their passengers in the event of a survivable helicopter crash; and

g.   Defendant Papillon failed to properly maintain the subject aircraft.

137. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall died.

138. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

139. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

## NINTH CAUSE OF ACTION

### (NEGLIGENCE OF DEFENDANT PAPILLON – CAUSING OR AUTHORIZING THE OPERATION OF HELICOPTER IN A CARELESS OR RECKLESS MANNER- WRONGFUL DEATH OF JONATHAN NEAL UDALL)

140. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

141.   Defendant Papillon held itself out as an entity, which could carefully and competently provide and maintain safe helicopter tours which were utilized in the course of its operations.

142.   That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter tour business would use under the same or similar circumstances.

143.   Defendant Papillon operated the aircraft in a negligent, careless or reckless manner to wit, in that:

a.   Defendant Papillon failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b.   Defendant Papillon failed to provide proper training to its pilots;

c.   Defendant Papillon failed to properly and adequately monitor and supervise the contact and activities of their business and/or employee;

d.   Defendant Papillon failed to have in place a policy and/or verify that weather checks are performed prior to every flight; and

e.   Defendant Papillon allowed inexperienced part-time, and/or unqualified pilots to operate their aircraft.

144.   That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall died.

145.   By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral

expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

146. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TENTH CAUSE OF ACTION**

**(COMMON CARRIER LIABILITY - - FAILURE OF DEFENDANT PAPILLON TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER)**

147. Plaintiffs reallege and replead each and every allegation of the preceding paragraphs as though fully set forth hereunder.

148. Plaintiffs' deceased, Jonathan Neal Udall was a passenger for hire of a helicopter sightseeing tour service controlled, operated, dispatched, and supervised by Defendant Papillon.

149. Defendant Papillon held itself out as an entity which could safely and competently transport persons purchasing helicopter sightseeing tours.

150.    At all times material hereto, Defendant Papillon was and is a commercial air taxi service carrying passengers who have purchased helicopter sightseeing tours and doing so for hire and for profit as a common carrier.

151.    Defendant Papillon had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, maintenance, and service of its helicopter tours to be provided to persons within the general public, such as Jonathan Neal Udall and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

152.    Defendant Papillon failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

153.    Plaintiffs' deceased died as a direct result and proximate result of Defendant Sundance Papillon's failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

154.    By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

155. Plaintiffs further claim such damages as the decedent suffered between the time the helicopter malfunctioned and the time of impact with the ground and his death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, apprehension of impending death, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

156. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**ELEVENTH CAUSE OF ACTION**

**(STRICT LIABILITY - - DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT AIRBUS HELICOPTERS, S.A.S.)**

157. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs

158. Defendant Airbus S.A.S., designed, manufactured, assembled, supplied, distributed and/or sold the aforementioned helicopter, referred to as EC 130 84, and//or component parts thereof, including the tail rotor system and fuel tank, in the course of its business.

159. The aforesaid helicopter and/or component parts were defective and, because of the defect, the helicopter was unreasonably dangerous to a person who might reasonably be expected to use, consume or be affected by the helicopter.

160. The aforesaid helicopter and/or component parts used therein relating to the tail rotor system were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

161. The aforesaid helicopter and/or component parts used therein relating to the fuel tank configuration were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

162. The aforesaid helicopter was used in a manner reasonably anticipated by this Defendant and others.

163. The helicopter and/or component parts or systems referenced herein were expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

164. The defect in the helicopter caused the Plaintiffs' injuries and damages.

165. The helicopter was defective and dangerous for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel tank configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel tank as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

166.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall died.

167.    By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

168.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TWELFTH CAUSE OF ACTION**

**(STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT AIRBUS HELICOPTERS, S.A.S.)**

169. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

170. The helicopter, which crashed and burned on February 10, 2018 was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

171. That at all times pertinent hereto, Defendant Airbus, S.A.S., failed to provide an adequate warning as to the dangers of use of said helicopter, including the tail rotor system and fuel tank, which was then unreasonably dangerous.

172. Defendant failed to adequately warn foreseeable users of the risk of harm from the defective design of the tail rotor system in that a failure of the system would render the helicopter uncontrollable.

173. Defendant failed to use ordinary care to adequately warn foreseeable users of the risk of harm from the defective design of the fuel tank configuration in that said system was uncrashworthy allowing the helicopter to explode and/or burn upon any impact.

174. The helicopter was used in a manner reasonably anticipated.

175. Jonathan Neal Udall died as a direct result of the sale, use, operation, and service of the Defendant's helicopter without an adequate warning or direction as to its monitoring, repair, replacement, servicing, hazards, and conditions.

176. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not

limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

177.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

## THIRTEENTH CAUSE OF ACTION

### (NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, S.A.S., TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE HELICOPTER)

178.    Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

179.    Defendant Airbus, S.A.S., designed, manufactured, assembled, supplied, distributed, or sold the aforementioned helicopter and/or related component parts used therein in the course of its business.

180.    Defendant Airbus, S.A.S., held itself out as an entity that could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute and sell helicopters and/or component parts.

181.     Defendant Airbus, S.A.S., had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, importer, distributor, and seller of helicopters and component parts would use under the same or similar circumstances.

182.     Defendant Airbus Helicopters, S.A.S., was negligent by failing to exercise reasonable care to prevent the helicopter from creating an unreasonable risk of harm to the person or one who might reasonably be expected to use or be affected by the helicopter while it was being used in the manner the defendant might have reasonably expected.

183.     Jonathan Neal Udall was one of those persons the Defendant should reasonably have expected to use or be affected by this helicopter.

184.     The helicopter and related component parts designed, manufactured, and sold by Defendant Airbus, S.A.S., were defective and otherwise flawed, which had the effect of creating a catastrophic failure during flight.

185.     The aforesaid helicopter and/or component parts used therein relating to the design of the tail rotor system designed, manufactured, and sold by Defendant Airbus, S.A.S., were defective and otherwise flawed, which had the effect of allowing the helicopter to crash after a loss of tail rotor effectiveness.

186.     The aforesaid helicopter and/or component parts used therein relating to the design of the fuel tank configuration designed, manufactured, and sold by Defendant Airbus, S.A.S., were defective and otherwise flawed, which had the effect of allowing the helicopter to explode and/or burn upon impact.

187. Defendant Airbus, S.A.S., knew or by using ordinary care should have known of the foreseeable risk of harm caused by such flawed and dangerous condition as was created by its failure to properly design, test, manufacture, sell, monitor, field performance, accumulate field data, recall and distribute safe helicopters and component parts.

188. Defendant Airbus, S.A.S., was further negligent for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel tank configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel tank as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

189. As a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, the subject helicopter crashed and burned at the aforesaid location, thereby causing the death of Jonathan Neal Udall complained of herein.

190. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

191. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**FOURTEENTH CAUSE OF ACTION**

**(NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, S.A.S., TO WARN OF KNOWN HAZARD)**

192. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

193. The helicopter and component parts, manufactured and sold by Defendant Airbus, S.A.S., were in a defective condition and unreasonably dangerous.

194.    Defendant failed to use ordinary care to adequately warn foreseeable users of the risk of harm from use of the subject helicopter and component parts, including the tail rotor system and fuel tank, in that said systems contained hazards of such magnitude so as to create massive and instantaneous in-flight failure.

195.    Defendant failed to properly and timely report known and suspected defects, malfunctions, and failures including the precise nature and mechanism of the defect, malfunction and failure in the aircraft which is the subject of this lawsuit and thereby breached its duty to repair, replace, recall, inform and warn operators, users, passengers and others of the known and anticipated malfunctions, problems, safety hazards and defects associated with the use and continued use of the helicopter and component parts.

196.    Defendant failed to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the subject helicopter and component parts, including the tail rotor system and fuel tank wherein it had an initial and continuing duty and obligation to do so.

197.    Defendant failed to issue or issued improper and tardy service bulletins in regard to the helicopter.

198.    Defendant Airbus, S.A.S., should have issued or requested issuance of proper Airworthiness Directives.

199.    As a direct result of the failure of the Defendant to adequately warn of the risk of harm from the heretofore enumerated defects or hazards, Jonathan Neal Udall died.

200.    By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not

limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

201. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**FIFTEENTH CAUSE OF ACTION**

**(STRICT LIABILITY - - DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT AIRBUS HELICOPTERS, INC.)**

202. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

203. Defendant Airbus, Inc., designed, manufactured, assembled, supplied, distributed and/or sold the aforementioned helicopter, referred to as an EC 130 B4 Airbus AS350-B3e and/or component parts thereof, including the tail rotor system and fuel tank, in the course of its business.

204. The aforesaid helicopter and/or component parts were defective and, because of the defect, the helicopter was unreasonably dangerous to a person who might reasonably be expected to use, consume or be affected by the helicopter.

205. The aforesaid helicopter and/or component parts used therein relating to the tail rotor system were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

206. The aforesaid helicopter and/or component parts used therein relating to the fuel tank configuration were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

207. The aforesaid helicopter was used in a manner reasonably anticipated by this Defendant and others.

208. The helicopter and/or component parts or systems referenced herein were expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

209. The defect in the helicopter caused of the Plaintiffs' injuries and damages.

210. The helicopter was defective and dangerous for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel tank configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel tank as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

211. That as a direct and proximate result of the aforementioned defective conditions, the subject helicopter crashed and burned thereby causing the death of Jonathan Neal Udall.

212. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability,

conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**SIXTEENTH CAUSE OF ACTION**

**(STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT AIRBUS HELICOPTERS, INC.)**

213. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

214. The helicopter, which crashed and burned on February 22, 2018, was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

215. That at all times pertinent hereto, Defendant Airbus, Inc., failed to provide an adequate warning as to the danger of use of said helicopter, including the tail rotor system and fuel tank, which was then unreasonably dangerous.

216. Defendant failed to adequately warn foreseeable users of the risk of harm from the defective design of the tail rotor system in that a failure of the system would render the helicopter uncontrollable.

217. Defendant failed to use ordinary care to adequately warn foreseeable users of the risk of harm from the defective design of the fuel tank configuration in that said system was uncrashworthy allowing the helicopter to explode and/or burn upon any impact.

218. The helicopter was used in a manner reasonably anticipated.

219. Jonathan Neal Udall died as a direct result of the sale, use, operation, and service of the Defendant's helicopter without an adequate warning or direction as to its monitoring, repair, replacement, servicing, hazards, and conditions.

220. By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

221. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

## SEVENTEENTH CAUSE OF ACTION

**(NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, INC. TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE HELICOPTER)**

222. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

223. Defendant Airbus, Inc., designed, manufactured, assembled, supplied, distributed, or sold the aforementioned helicopter and/or related component parts used therein in the coursed of its business.

224. Defendant Airbus, Inc., held itself out as an entity that could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute and sell helicopters.

225. Defendant Airbus, Inc., had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, importer, distributor, and seller of helicopters and component parts would use under the same or similar circumstances.

226. Defendant Airbus, Inc., was negligent by failing to exercise reasonable care to prevent the helicopter from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the helicopter while it was being used in the manner the defendant might have reasonably expected.

227. Jonathan Neal Udell was one of those persons the Defendant should reasonably have expected to use or be affected by this helicopter.

228. The helicopter and related component parts designed, manufactured, and sold by Defendant Airbus, Inc., were defective and otherwise flawed, which had the effect of creating a catastrophic failure during flight.

229. The aforesaid helicopter and/or component parts used therein relating to the design of the tail rotor system designed, manufactured, and sold by Defendant Airbus, Inc., were defective and otherwise flawed, which had the effect of allowing the helicopter to crash after a loss of tail rotor effectiveness.

230. The aforesaid helicopter and/or component parts used therein relating to the design of the fuel tank configuration designed, manufactured, and sold by Defendant Airbus, Inc., were defective and otherwise flawed, which had the effect of allowing the helicopter to explode and/or burn upon impact.

231. Defendant Airbus, Inc., knew or by using ordinary care should have known of the foreseeable risk of harm caused by such flawed and dangerous condition as was created by its failure to properly design, test, manufacture, sell, monitor, field performance, accumulate field data, recall and distribute safe helicopters.

232. Defendant Airbus, Inc., was further negligent for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel tank configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel tank as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

233.    As a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, the subject helicopter crashed and burned at the aforesaid location, thereby causing the death of Jonathan Neal Udall complained of herein.

234.    By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

235.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

## EIGHTEENTH CAUSE OF ACTION

## (NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, INC. TO WARN OF KNOWN HAZARD)

236. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

237. The helicopter and component parts, manufactured and sold by Defendant Airbus, Inc., were in a defective condition and unreasonably dangerous.

238. Defendant Airbus, Inc., failed to use ordinary care to adequately warn foreseeable users of the risk of harm from use of the subject helicopter and component parts, including the tail rotor system and fuel tank, in that said systems contained hazards of such magnitude so as to create massive and instantaneous in-flight failure.

239. Defendant had both an original and continuing duty to monitor the airworthiness of its helicopter used in the course of its business and to make such repair and maintenance modifications and recommendations and warnings as necessary to assure the reasonable safety of persons using said helicopter.

240. Defendant failed to properly and timely report known and suspected defects, malfunctions, and failures including the precise nature and mechanism of the defect, malfunction and failure in the aircraft which is the subject of this lawsuit and thereby breached its duty to repair, replace, recall, inform and warn operators, users, passengers and others of the known and anticipated malfunctions, problems, safety hazards and defects associated with the use and continued use of the helicopter and component parts.

241.   Defendant failed to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the subject helicopter and component parts, including the tail rotor system and fuel tank wherein it had an initial and continuing duty and obligation to do so.

242.   Defendant failed to issue or issued improper and tardy service bulletins in regard to the helicopter.

243.   Defendant Airbus, Inc., should have issued or requested issuance of proper Airworthiness Directives.

244.   As a direct result of the failure of the Defendant to adequately warn of the risk of harm from the heretofore enumerated defects or hazards, Jonathan Neal Udall was killed.

245.   By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

246.   Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish,

physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**NINETEENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT XEBEC – FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT AND AIRCRAFT SERVICES - WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

247. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

248. Defendant XEBEC held itself out as an entity, which could carefully and competently provide and maintain safe helicopter tours which were utilized in the course of its operations.

249. That Defendant XEBEC had a duty to use that degree of care that ordinarily careful and prudent owners, supervisors, and operators of a helicopter tour business would use under the same or similar circumstances.

250. Defendant XEBEC had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

251. Defendant XEBEC was negligent in its duties as follows:

a. Defendant XEBEC failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b. Defendant XEBEC failed to provide proper training to its pilots;

c. Defendant XEBEC failed to properly and adequately monitor and supervise the contact and activities of their business and/or employee;

d.  Defendant XEBEC failed to have in place a policy and/or verify that weather checks are performed prior to every flight;

e.  Defendant XEBEC allowed inexperienced part-time, and/or unqualified pilots to operate their aircraft;

f.  Defendant XEBEC failed to equip their helicopters with crash resistant fuel systems to prevent thermal injuries to their passengers in the event of a survivable helicopter crash; and

g.  Defendant XEBEC failed to properly maintain the subject aircraft.

252.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall was killed.

253.    By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

254.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TWENTIETH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT XEBEC – CAUSING OR AUTHORIZING THE OPERATION OF HELICOPTER IN A CARELESS OR RECKLESS MANNER- WRONGFUL DEATH OF JONATHAN NEAL UDALL)**

255. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

256. Defendant XEBEC held itself out as an entity, which could carefully and competently provide and maintain safe helicopter tours which were utilized in the course of its operations.

257. That Defendant XEBEC had a duty to use that degree of care that ordinarily careful and prudent owners, supervisors, and operators of a helicopter tour business would use under the same or similar circumstances.

258. Defendant XEBEC operated the aircraft in a negligent, careless or reckless manner to wit, in that:

a. Defendant XEBEC failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b. Defendant XEBEC failed to provide proper training to its pilots;

c. Defendant XEBEC failed to properly and adequately monitor and supervise the contact and activities of their business and/or employee;

and

d. Defendant XEBEC failed to have in place a policy and/or verify that weather checks are performed prior to every flight.

259.     That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said defendant, Jonathan Neal Udall was killed.

260.     By virtue of Jonathan Neal Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

261.     Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

## TWENTY-FIRST CAUSE OF ACTION

### (NEGLIGENCE OF SCOTT BOOTH – WRONGFUL DEATH OF JONATHAN NEAL UDALL)

262.     Plaintiffs reallege and replead each and every allegation of the preceding paragraphs as though fully set forth hereunder.

263.     On February 10 2018, Defendant Scott Booth was a licensed pilot employed part-time by Papillon Helicopters.

264. On February 10, 2018, Defendant Scott Booth, in the course and scope of his employment with Papillon, provided pilot and related ground services to the owner and operator of the subject helicopter in which Jonathan Neal Udall was a passenger.

265. Defendant Scott Booth held himself out as a person who could carefully and competently pilot or otherwise provide safe air transportation.

266. Defendant Scott Booth had a duty to use that degree of care that an ordinarily careful and prudent helicopter pilot would use under the same or similar circumstances.

267. Defendant Scott Booth breached that duty and was negligent by failing to maintain the helicopter in flight and to avoid natural obstacles in the flight path, causing the helicopter to crash and burn at said location, thereby causing the injuries and damages complained of herein.

268. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of said Defendant, Jonathan Neal Udall died.

269. Plaintiffs further claim such damages as the decedents may have suffered between the time the helicopter malfunctioned and the time of impact with the ground and death and for the recovery of which the decedents might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, apprehension of impending death, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TWENTY-SECOND CAUSE OF ACTION**

**(PUNITIVE DAMAGES AND DEFENDANTS' SPECIFIC ACTS AND OMISSIONS DEMONSTRATING CONSCIOUS DISREGARD AND COMPLETE INDIFFERENCE TO THE SAFETY OF HELICOPTER PASSENGERS)**

270. Plaintiffs reallege and replead each and every allegation of the preceding paragraphs as though fully set forth hereunder.

54. The aforesaid acts and omissions on the part of the Defendants constitute malice, oppression, and a conscious disregard of known safety procedures, practices, and policies, thereby entitling Plaintiffs to punitive damages against Defendants Papillon, Airbus, S.A.S., and Airbus, Inc. in an amount to be proven at trial.

55. Those actions and omissions evidencing Defendants' conscious and knowing disregard of the rights or safety of others include, but are not limited to, the following:

a. Defendant Papillon, through its highest ranking-executives, managers, officers and supervisors engaged in known reckless practices with respect to the operation of its helicopters utilization of its unqualified and inexperienced part-time pilots, and related maintenance practices

b. Defendant Papillon consciously and knowingly permitted a part-time and inexperienced to pilot its helicopters, including the subject helicopter, which it knew was not properly qualified, or properly experienced to pilot that helicopter;

c. Defendant Papillon knowingly and consciously utilized unsafe and dangerous piloting policies and practices with respect to its aircraft fleet including with respect to the subject helicopter;

d. Defendant Papillon knowingly and recklessly authorized flights to be taken in weather conditions which would be dangerous to the passengers on the helicopter;

e. Defendant Papillon knowingly and consciously maintained an unacceptable and reckless policy and procedure for flights during poor weather conditions; and

f. Defendant Papillon. knowingly and recklessly purchased, leased, and/or operated uncrashworthy helicopters in that they knew from previous accidents that the fuel systems would fail upon impact of a survivable crash, and the helicopter would ignite and burn the occupants;

g. Defendant Airbus, S.A.S., through its highest ranking-executives, managers, officers, and supervisors engaged in known reckless practices with respect to the manufacture and design of the tail rotor system in its helicopters;

h. Defendant Airbus, S.A.S. consciously and knowing sold and distributed helicopters with uncrashworthy fuel tanks, including the subject helicopter, which it knew would rupture upon impact in a survivable helicopter crash, therefore burning the passengers of the helicopter;

i. Defendant Airbus, S.A.S. knowingly and consciously failed to provide operators with a crash resistant fuel system retrofit when it knew that the uncrashworthy fuel tank would rupture upon impact of a survivable helicopter crash;

j. Defendant Airbus, S.A.S. knew of the dangers of not equipping helicopters with a crash resistant fuel system yet continued to manufacture and sell helicopters without it;

k. Defendant Airbus, S.A.S. knowingly and recklessly selected and supplied an unsafe and unreasonably dangerous fuel tank configuration for use on the subject helicopter which caused the helicopter to explode and burn upon impact;

l. Defendant Airbus, S.A.S., through its highest ranking-executives, managers, officers, and supervisors engaged in known reckless practices with respect to the manufacture and design of the tail rotor system in its helicopters;

m. Defendant Airbus, S.A.S. consciously and knowing sold and distributed helicopters with uncrashworthy fuel tanks, including the subject helicopter, which it knew would rupture upon impact in a survivable helicopter crash, therefore burning the passengers of the helicopter;

n. Defendant Airbus, S.A.S. knowingly and consciously failed to provide operators with a crash resistant fuel system retrofit when it knew that the uncrashworthy fuel tank would rupture upon impact of a survivable helicopter crash;

o. Defendant Airbus, S.A.S. knew of the dangers of not equipping helicopters with a crash resistant fuel system yet continued to manufacture and sell helicopters without it;

p. Defendant Airbus, S.A.S. knowingly and recklessly selected and supplied an unsafe and unreasonably dangerous fuel tank configuration for use on the subject helicopter which caused the helicopter to explode and burn upon impact.

56. Defendants had actual knowledge of the high degree of probability and risks of harm yet continued to implement such reckless policies.

57. Defendants knew that there was a substantially enhanced probability of a helicopter crash with resultant passenger deaths as a direct result of its reckless, despicable and indifferent practices.

58. As a direct result of the reckless conduct of Defendants substantial harm occurred in that a helicopter did crash and a passenger on board that helicopter died.

59. Defendants, by clear and convincing evidence, demonstrated that its actions as heretofore described, cumulatively and individually, showed a reckless and complete indifference to the safety of others, notably Plaintiffs' deceased, which would have entitled the Plaintiffs' deceased to punitive damages had they lived.

WHEREFORE Plaintiffs MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased, pray judgment against Defendants as follows:

**SEVENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorney's fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**EIGHTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorney's fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**NINTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorney's fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**TENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorney's fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**ELEVENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorney's fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**TWELFTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorney's fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**THIRTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorney's fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**FOURTEENTH CAUSE OF ACTION**

1.      For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.  For attorney's fees, costs, and pre and post judgment interest;

4.  For punitive damages in such sum to be determined by the jury; and

5.      For such other and further relief as the Court may deem just and proper.

**FIFTEENTH CAUSE OF ACTION**

1.      For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.  For attorney's fees, costs, and pre and post judgment interest;

4.  For punitive damages in such sum to be determined by the jury; and

5.      For such other and further relief as the Court may deem just and proper.

**SIXTEENTH CAUSE OF ACTION**

1.      For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($10,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.  For attorney's fees, costs, and pre and post judgment interest;

4.  For punitive damages in such sum to be determined by the jury; and

5.      For such other and further relief as the Court may deem just and proper.

**SEVENTEENTH CAUSE OF ACTION**

1.      For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($10,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.  For attorney's fees, costs, and pre and post judgment interest;

4.  For punitive damages in such sum to be determined by the jury; and

5.      For such other and further relief as the Court may deem just and proper.

**EIGHTEENTH CAUSE OF ACTION**

1.      For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($10,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.  For attorney's fees, costs, and pre and post judgment interest;

4.  For punitive damages in such sum to be determined by the jury; and

5.      For such other and further relief as the Court may deem just and proper.

**NINETEENTH CAUSE OF ACTION**

1.      For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($10,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.  For attorney's fees, costs, and pre and post judgment interest;

4.  For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

DATED: March 2, 2018

GARY C. ROBB
ANITA PORTE ROBB
**ROBB & ROBB LLC**
One Kansas City Place
Suite 3900
1200 Main Street
Kansas City, Missouri 64105
Telephone: (816) 474-8080
Facsimile: (816) 474-8081
E-Mail: gcr@robbrobb.com
E-Mail: apr@robbrobb.com

**BERTOLDO BAKER**
**CARTER & SMITH**

By: ____________________ #7405 for
LAWRENCE J. SMITH
Nevada Bar No. 6505
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
E-mail: lawre3@bensonlawyers.com

Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of the issues herein.

DATED: March 2, 2018

**BERTOLDO BAKER CARTER & SMITH**

By: [signature] 7405 BW

LAWRENCE J. SMITH
Nevada Bar No. 6505
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
E-mail: lawre3@bensonlawyers.com

# EXHIBIT 3

Electronically Filed
3/2/2018 5:12 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

GARY C. ROBB [1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : 816.474.8080
Facsimile : 816.474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com
Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

CASE NO. A-18-770467-C
DEPT NO. Department 13

**INITIAL APPEARANCE FEE DISCLOSURE**

[1] Pending Pro Hac Vice admission
[2] Pending Pro Hac Vice admission

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in this matter as indicated below:

| | |
|---|---|
| MARY RIGGS, as Personal Representative of The Estate of JONATHAN NEAL UDALL | $270.00 |
| PHILIP UDALL | 30.00 |
| MARLENE UDALL | 30.00 |
| TOTAL REMITTED: | $330.00 |

DATED: March 2, 2018

BERTOLDO BAKER CARTER & SMITH

By: 

LAWRENCE J. SMITH (NSB #6505)
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
e-mail: lawre3@NVLegalJustice.com
Attorneys for Plaintiff(s)

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

# EXHIBIT 4

Electronically Filed
3/9/2018 1:55 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900
1200 Main Street
Kansas City, Missouri 64105
Telephone :(816) 474-8080
Facsimile :(816) 474-8081
E-mail :gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident;

CASE NO: A-18-770467-C
DEPT. NO: 13

**FIRST AMENDED COMPLAINT (HELICOPTER CRASH/ WRONGFUL DEATH)**

**ARBITRATION EXEMPTION CLAIMED: EXTRAORDINARY RELIEF**

**JURY DEMANDED**

---

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

**©This document is the lawful work product of Robb & Robb LLC and may not, in whole or in part, be beneficially copied or otherwise utilized in any legal proceeding without the express written consent of Robb & Robb LLC.**

ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

Plaintiffs MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased, for their causes of action against the above-captioned Defendants, state and allege as follows:

**INTRODUCTION PERTAINING TO ALL COUNTS**

**INDEX**

| | **PAGE** |
|---|---|
| **PLAINTIFFS** ........ | **6** |
| **DEFENDANT MATTHEW HECKER** ........ | **7** |
| **DEFENDANT DANIEL FRIEDMAN** ........ | **8** |
| **DEFENDANT BRENDA HALVORSON** ........ | **9** |
| **DEFENDANT GEOFFREY EDLUND** ........ | **12** |
| **DEFENDANT ELLING B. HALVORSON** ........ | **14** |
| **DEFENDANT JOHN BECKER** ........ | **15** |
| **DEFENDANT ELLING KENT HALVORSON** ........ | **17** |
| **DEFENDANT LON A. HALVORSON** ........ | **19** |
| **DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS** ........ | **22** |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DEFENDANT AIRBUS HELICOPTERS, S.A.S. .............................. 23**

**DEFENDANT AIRBUS HELICOPTERS, INC. .............................. 25**

**DEFENDANT XEBEC LLC .............................. 26**

**DEFENDANT SCOTT BOOTH .............................. 27**

**IDENTIFICATION OF AIRCRAFT .............................. 27**

**JURISDICTION .............................. 28**

**VENUE .............................. 32**

**GENERAL ALLEGATIONS .............................. 35**

**INDEX TO CAUSES**

| | | PAGE |
|---|---|---|
| **CAUSE 1** | **NEGLIGENCE OF DEFENDANT MATTHEW HECKER – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **37** |
| **CAUSE 2** | **NEGLIGENCE OF DEFENDANT DANIEL FRIEDMAN – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **38** |
| **CAUSE 3** | **NEGLIGENCE OF DEFENDANT BRENDA HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **40** |
| **CAUSE 4** | **NEGLIGENCE OF DEFENDANT GEOFFREY EDLUND – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **42** |
| **CAUSE 5** | **NEGLIGENCE OF DEFENDANT ELLING B. HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **44** |
| **CAUSE 6** | **NEGLIGENCE OF DEFENDANT JOHN BECKER – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **47** |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| | | |
|---|---|---|
| **CAUSE 7** | **NEGLIGENCE OF DEFENDANT ELLING KENT HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **49** |
| **CAUSE 8** | **NEGLIGENCE OF DEFENDANT LON A. HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **51** |
| **CAUSE 9** | **NEGLIGENCE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS – VICARIOUS LIABILITY FOR MATTHEW HECKER'S FAILURE TO USE ORDINARY CARE IN MAINTAINING THE SUBJECT HELICOPTER - WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **53** |
| **CAUSE 10** | **NEGLIGENCE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS – VICARIOUS LIABILITY FOR DANIEL FRIEDMAN'S FAILURE TO USE ORDINARY CARE IN MAINTAINING AND INSPECTING THE SUBJECT HELICOPTER - WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **55** |
| **CAUSE 11** | **NEGLIGENCE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS – VICARIOUS LIABILITY FOR SCOTT BOOTH'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT HELICOPTER - WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **57** |
| **CAUSE 12** | **NEGLIGENCE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS – FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT AND AIRCRAFT SERVICES - WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **59** |
| **CAUSE 13** | **NEGLIGENCE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS – CAUSING OR AUTHORIZING THE OPERATION OF HELICOPTER IN A CARELESS OR RECKLESS MANNER - WRONGFUL DEATH OF JONATHAN NEIL UDALL** | **61** |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**CAUSE 14** NEGLIGENCE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS - FAILURE TO IMPLEMENT PROPER EMERGENCY READINESS PROCEDURES – WRONGFUL DEATH OF JONATHAN UDALL .......... **63**

**CAUSE 15** COMMON CARRIER LIABILITY - - FAILURE OF DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER – WRONGFUL DEATH OF JONATHAN UDALL .......... **64**

**CAUSE 16** STRICT LIABILITY - - DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT AIRBUS HELICOPTERS, S.A.S. – WRONGFUL DEATH OF JONATHAN NEIL UDALL .......... **66**

**CAUSE 17** STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT AIRBUS HELICOPTERS, S.A.S. – WRONGFUL DEATH OF JONATHAN NEIL UDALL ... **71**

**CAUSE 18** NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, S.A.S. TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL .......... **72**

**CAUSE 19** NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, S.A.S. TO WARN OF KNOWN HAZARD – WRONGFUL DEATH OF JONATHAN NEIL UDALL .......... **77**

**CAUSE 20** STRICT LIABILITY - - DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT AIRBUS HELICOPTERS, INC. – WRONGFUL DEATH OF JONATHAN NEIL UDALL .......... **79**

**CAUSE 21** STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT AIRBUS HELICOPTERS, INC. – WRONGFUL DEATH OF JONATHAN NEIL UDALL ... **84**

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**CAUSE 22** **NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, INC. TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL** ............ **85**

**CAUSE 23** **NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, INC. TO WARN OF KNOWN HAZARD – WRONGFUL DEATH OF JONATHAN NEIL UDALL** ............ **90**

**CAUSE 24** **NEGLIGENCE OF DEFENDANT XEBEC LLC – FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT AND AIRCRAFT SERVICES – WRONGFUL DEATH OF JONATHAN NEIL UDALL** ............ **92**

**CAUSE 25** **NEGLIGENCE OF DEFENDANT XEBEC LLC – CAUSING OR AUTHORIZING THE OPERATION OF HELICOPTER IN A CARELESS OR RECKLESS MANNER – WRONGFUL DEATH OF JONATHAN NEIL UDALL** ............ **95**

**CAUSE 26** **NEGLIGENCE OF SCOTT BOOTH – WRONGFUL DEATH OF JONATHAN NEIL UDALL** ............ **97**

**CAUSE 27** **PUNITIVE DAMAGES AND DEFENDANTS' SPECIFIC ACTS AND OMISSIONS DEMONSTRATING CONSCIOUS DISREGARD AND COMPLETE INDIFFERENCE TO THE SAFETY OF HELICOPTER PASSENGERS – WRONGFUL DEATH OF JONATHAN NEIL UDALL** ............ **99**

## INTRODUCTION PERTAINING TO ALL CAUSES OF ACTION

### PLAINTIFFS

1. Plaintiff Mary Riggs is a resident of and domiciled in the State of Nevada and is the duly appointed Personal Representative of the Estate of Jonathan Neil Udall, and is entitled to maintain this action.

2. Plaintiff Philip Udall is a resident of Southampton, UK. Philip Udall is next of kin and the natural father of Jonathan Neil Udall who died on February 22, 2018 after being involved in

a helicopter crash which occurred on February 10, 2018 in the Grand Canyon near Peach Springs, Arizona.

3. Plaintiff Philip Udall's son, Jonathan Neil Udall, died from the injuries he sustained in the helicopter crash.

4. Plaintiff Marlene Udall is a resident of Southampton, UK. Marlene Udall is next of kin and the natural mother of Jonathan Neil Udall who died on February 22, 2018 after being involved in a helicopter crash which occurred on February 10, 2018 in the Grand Canyon near Peach Springs, Arizona.

5. Plaintiff Marlene Udall's son, Jonathan Neil Udall, died from the injuries he sustained in the helicopter crash.

**DEFENDANTS**

**DEFENDANT MATTHEW HECKER**

6. Defendant Matthew Hecker is a Nevada resident.

7. Defendant Matthew Hecker resides at 4550 Karen Avenue, Apt. 132, Las Vegas, Clark County, Nevada 89121 and can be served at this address.

8. Defendant Matthew Hecker was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

9. Defendant Matthew Hecker is a Field Stationed Mechanic for Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters operations at Grand Canyon West providing troubleshooting and repair of Papillon Grand Canyon Helicopters' fleet of helicopters, including the subject EC130 B4.

10. The maintenance work performed by Defendant Matthew Hecker on the subject helicopter, including but not limited to the tail rotor system, was performed at the maintenance facilities of Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters in Las Vegas, Clark

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

County, Nevada and/or Boulder City, Clark County, Nevada.

11. Defendant Matthew Hecker was wholly or partially responsible for the mechanical maintenance of the subject helicopter, including but not limited to the tail rotor system, and/or was responsible for the supervision and/or control of other mechanics performing services upon the subject helicopter and/or component parts, including but not limited to the tail rotor system.

12. At all times pertinent hereto, Defendant Matthew Hecker was acting within the scope and course of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

13. Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Matthew Hecker as alleged herein.

**DEFENDANT DANIEL FRIEDMAN**

14. Defendant Daniel Friedman is a Nevada resident.

15. Defendant Daniel Friedman resides at 6257 Overhang Avenue, Henderson, Clark County, Nevada 89011 and can be served at that address.

16. Defendant Daniel Friedman was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

17. Defendant Daniel Friedman is an Airframe and Powerplant (A&P) mechanic with Inspection Authorization (IA) approval for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and is responsible for A&P inspections involving the diagnosis, repair, and maintenance of systems for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including the subject EC130 B4 helicopter.

18. Defendant Daniel Friedman is also an Inspector for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters. He is responsible for updating status sheets, ensuring all maintenance work is properly signed off, and relaying turn-over reports to management.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

19. The maintenance and inspection work performed by Defendant Daniel Friedman on the subject helicopter, including but not limited to the tail rotor system, was performed at the maintenance facilities of Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters in Las Vegas, Clark County, Nevada and/or Boulder City, Clark County, Nevada.

20. Defendant Daniel Friedman was wholly or partially responsible for the inspection and/or mechanical maintenance of the subject helicopter, including but not limited to the tail rotor system, and/or was responsible for the supervision and/or control of other mechanics performing services upon the subject helicopter and/or component parts, including but not limited to the tail rotor system.

21. At all times pertinent hereto, Defendant Daniel Friedman was acting within the course and scope of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

22. Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Daniel Friedman as alleged herein.

**DEFENDANT BRENDA HALVORSON**

23. Defendant Brenda Halvorson is a Nevada resident.

24. Defendant Brenda Halvorson can be served at 1265 Airport Road, Boulder City, Clark County, Nevada 89005.

25. Defendant Brenda Halvorson was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

26. Defendant Brenda Halvorson was an employee of Defendant XEBEC LLC at the time of the subject helicopter crash.

27. Defendant Brenda Halvorson is the Chief Executive Officer and Director for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

28. Defendant Brenda Halvorson is an Individual Governor of Defendant XEBEC LLC.

29. Defendant Brenda Halvorson conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters through websites, travel agents, toll-free phone numbers, and advertisements.

30. Defendant Brenda Halvorson conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant XEBEC LLC through websites, travel agents, toll-free phone numbers, and advertisements.

31. Defendant Brenda Halvorson established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

32. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for operations oversight for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

33. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for operations oversight for XEBEC LLC, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

34. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight and/or management of human resources for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to setting pilot requirements and qualifications for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

35. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight and/or management of human resources for XEBEC LLC, including but not limited to setting pilot requirements and qualifications for pilots employed by Defendant

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

36. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight and implementation of emergency readiness procedures for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

37. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight and implementation of emergency readiness procedures for XEBEC LLC.

38. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

39. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for XEBEC LLC.

40. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including maintenance work on the subject EC130 B4 helicopter and component parts.

41. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Defendant XEBEC LLC, including maintenance work on the subject EC130 B4 helicopter and component parts.

42. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

43. At all times pertinent hereto, Defendant Brenda Halvorson was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant XEBEC LLC.

44. At all times pertinent hereto, Defendant Brenda Halvorson was acting within the scope and course of her agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and that Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Brenda Halvorson as alleged herein.

45. At all times pertinent hereto, Defendant Brenda Halvorson was acting within the scope and course of her agency or assignment with Defendant XEBEC LLC and that Defendant XEBEC LLC is vicariously liable for the negligent acts of Defendant Brenda Halvorson as alleged herein.

**DEFENDANT GEOFFREY EDLUND**

46. Defendant Geoffrey Edlund is a Nevada resident.

47. Defendant Geoffrey Edlund can be served at 1453 Foothills Village Drive, Henderson, Clark County, Nevada 89012.

48. Defendant Geoffrey Edland was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

49. Defendant Geoffrey Edlund is the President of Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

50. Defendant Geoffrey Edlund conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters through websites, travel agents, toll-free phone numbers, and advertisements.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

51. Defendant Geoffrey Edlund established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

52. At all times pertinent hereto, Defendant Geoffrey Edlund was wholly or partially responsible for operations oversight for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

53. At all times pertinent hereto, Defendant Geoffrey Edlund was wholly or partially responsible for oversight and/or management of human resources for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to setting pilot requirements and qualifications for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

54. At all times pertinent hereto, Defendant Geoffrey Edlund was wholly or partially responsible for oversight and implementation of emergency readiness procedures for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

55. At all times pertinent hereto, Defendant Geoffrey Edlund was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

56. At all times pertinent hereto, Defendant Geoffrey Edlund was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including maintenance work on the subject EC130 B4 helicopter and component parts.

57. At all times pertinent hereto, Defendant Geoffrey Edlund was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

58. At all times pertinent hereto, Defendant Geoffrey Edlund was acting within the scope and course of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and that Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Geoffrey Edlund as alleged herein.

**DEFENDANT ELLING B. HALVERSON**

59. Defendant Elling B. Halvorson is a Nevada resident.

60. Defendant Elling B. Halvorson can be served at 5 Club Vista, Henderson, Clark County, Nevada 89052.

61. Defendant Elling B. Halvorson was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

62. Defendant Elling B. Halvorson is the Director of Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

63. Defendant Elling B. Halvorson conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters through websites, travel agents, toll-free phone numbers, and advertisements.

64. Defendant Elling B. Halvorson established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

65. At all times pertinent hereto, Defendant Elling B. Halvorson was wholly or partially responsible for operations oversight for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

66. At all times pertinent hereto, Defendant Elling B. Halvorson was wholly or partially responsible for oversight and/or management of human resources for Papillon Airways, Inc. d/b/a

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Papillon Grand Canyon Helicopters, including but not limited to setting pilot requirements and qualifications for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

67. At all times pertinent hereto, Defendant Elling B. Halvorson was wholly or partially responsible for oversight and implementation of emergency readiness procedures for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

68. At all times pertinent hereto, Defendant Elling B. Halvorson was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

69. At all times pertinent hereto, Defendant Elling B. Halvorson was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including maintenance work on the subject EC130 B4 helicopter and component parts.

70. At all times pertinent hereto, Defendant Elling B. Halvorson was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

71. At all times pertinent hereto, Defendant Elling B. Halvorson was acting within the scope and course of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and that Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Elling B. Halvorson as alleged herein.

**DEFENDANT JOHN BECKER**

72. Defendant John Becker is a Nevada resident.

73. Defendant John Becker can be served at 1265 Airport Road, Boulder City, Clark

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

County, Nevada 89005.

74. Defendant John Becker was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

75. Defendant John Becker is the Chief Operating Officer and Director of Operations of Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

76. Defendant John Becker conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters through websites, travel agents, toll-free phone numbers, and advertisements.

77. Defendant John Becker established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

78. At all times pertinent hereto, Defendant John Becker was wholly or partially responsible for operations oversight for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

79. At all times pertinent hereto, Defendant John Becker was wholly or partially responsible for oversight and/or management of human resources for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to setting pilot requirements and qualifications for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

80. At all times pertinent hereto, Defendant John Becker was wholly or partially responsible for oversight and implementation of emergency readiness procedures for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

81. At all times pertinent hereto, Defendant John Becker was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for Papillon Airways, Inc. d/b/a Papillon Grand Canyon

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Helicopters.

82. At all times pertinent hereto, Defendant John Becker was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including maintenance work on the subject EC130 B4 helicopter and component parts.

83. At all times pertinent hereto, Defendant John Becker was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

84. At all times pertinent hereto, Defendant John Becker was acting within the scope and course of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and that Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant John Becker as alleged herein.

**DEFENDANT ELLING KENT HALVORSON**

85. Defendant Elling Kent Halvorson is a Washington resident.

86. Defendant Elling Kent Halvorson can be served at 12515 Willows Road, NE, Suite 200, Kirkland, Washington 98034.

87. Defendant Elling Kent Halvorson was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters at the time of the subject helicopter crash.

88. Defendant Elling Kent Halvorson is the Vice President and Director for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

89. Defendant Elling B. Halvorson conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters through websites, travel agents, toll-free phone numbers, and advertisements.

90. Defendant Elling Kent Halvorson established contacts in Clark County, Nevada and

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

affirmatively directed conduct in Clark County, Nevada.

91. At all times pertinent hereto, Defendant Elling Kent Halvorson was wholly or partially responsible for operations oversight for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

92. At all times pertinent hereto, Defendant Elling Kent Halvorson was wholly or partially responsible for oversight and/or management of human resources for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to setting pilot requirements and qualifications for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

93. At all times pertinent hereto, Defendant Elling Kent Halvorson was wholly or partially responsible for oversight and implementation of emergency readiness procedures for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

94. At all times pertinent hereto, Defendant Elling Kent Halvorson was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

95. At all times pertinent hereto, Defendant Elling Kent Halvorson was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including maintenance work on the subject EC130 B4 helicopter and component parts.

96. At all times pertinent hereto, Defendant Elling Kent Halvorson was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

97. At all times pertinent hereto, Defendant Elling Kent Halvorson was acting within the scope and course of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and that Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Elling Kent Halvorson as alleged herein.

**DEFENDANT LON A. HALVORSON**

98. Defendant Lon A. Halvorson is a Washington resident.

99. Defendant Lon A. Halvorson can be served at 12515 Willows Road, NE, Suite 200, Kirkland, Washington 98034.

100. Defendant Lon A. Halvorson was an employee of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and XEBEC LLC at the time of the subject helicopter crash.

101. Defendant Lon A. Halvorson is the Vice President and Director for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

102. Defendant Lon A. Halvorson is an Individual Governor of Defendant XEBEC LLC.

103. Defendant Lon A. Halvorson conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters through websites, travel agents, toll-free phone numbers, and advertisements.

104. Defendant Lon A. Halvorson conducts regular and routine business transactions in Clark County, Nevada on behalf of Defendant XEBEC LLC through websites, travel agents, toll-free phone numbers, and advertisements.

105. Defendant Lon A. Halvorson established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

106. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

responsible for operations oversight for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

107. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for operations oversight for XEBEC LLC, including but not limited to the selection and purchasing of helicopters and the component parts therein, including the subject EC130 B4 helicopter.

108. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight and/or management of human resources for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including but not limited to setting pilot requirements and qualifications for Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

109. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight and/or management of human resources for XEBEC LLC, including but not limited to setting pilot requirements and qualifications for pilots employed by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

110. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight and implementation of emergency readiness procedures for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

111. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight and implementation of emergency readiness procedures for XEBEC LLC.

112. At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

113.    At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight and implementation of company policies and procedures relating to flight restrictions due to weather conditions for XEBEC LLC.

114.    At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, including maintenance work on the subject EC130 B4 helicopter and component parts.

115.    At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for oversight of maintenance personnel who perform work on helicopters for Defendant XEBEC LLC, including maintenance work on the subject EC130 B4 helicopter and component parts.

116.    At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters.

117.    At all times pertinent hereto, Defendant Lon A. Halvorson was wholly or partially responsible for ensuring the safety of all passengers riding in sightseeing tour helicopters owned and/or operated by Defendant XEBEC LLC.

118.    At all times pertinent hereto, Defendant Lon A. Halvorson was acting within the scope and course of his agency or assignment with Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters and that Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters is vicariously liable for the negligent acts of Defendant Lon A. Halvorson as alleged herein.

119.    At all times pertinent hereto, Defendant Lon A. Halvorson was acting within the scope and course of his agency or assignment with Defendant XEBEC LLC and that Defendant

XEBEC LLC is vicariously liable for the negligent acts of Defendant Lon A. Halvorson as alleged herein.

**DEFENDANT PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS**

120. Defendant Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters (hereinafter referred to as "Defendant Papillon") is an Arizona corporation doing business in the State of Nevada.

121. Defendant Papillon maintains a Nevada Registered Agent and may be served through its Registered Agent, The Corporation Trust Company of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

122. Defendant Papillon's principle place of business and corporate headquarters is located at 3900 Paradise Road, Las Vegas, Clark County, Nevada.

123. Defendant Papillon regularly conducts its daily business activities in Clark County, Nevada.

124. Defendant Papillon maintains its main helicopter sightseeing tour offices at 3900 Paradise Road, Las Vegas, Clark County, Nevada and at 1265 Airport Road, Boulder City, Clark County, Nevada.

125. Defendant Papillon employees it pilots and mechanics in its Nevada offices located at 3900 Paradise Road, Las Vegas, Clark County, Nevada and at 1265 Airport Road, Boulder City, Clark County, Nevada.

126. Defendant Papillon's helicopter sightseeing tour income is generated through its offices in Las Vegas, Clark County, Nevada and in Boulder City, Clark County, Nevada.

127. Defendant Papillon markets or otherwise supplies its helicopter sightseeing tours in Las Vegas, Clark County, Nevada and in Boulder City, Clark County, Nevada.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

128. Defendant Papillon's business activities and transactions in the State of Nevada, County of Clark, are continuous and substantial.

129. Defendant Papillon established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

130. Defendant Papillon is engaged in the business of selecting, purchasing, operating, maintaining, servicing and distributing helicopters for uses including, but not limited to, sightseeing tour activities.

131. At all times material hereto, Defendant Papillon selected, purchased, operated, maintained, serviced, and distributed sightseeing tour helicopters, in particular the subject EC130 B4 helicopter, throughout these United States, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers on sightseeing tour helicopters, of which Jonathan Neil Udall was a member.

132. The claims for damages herein arise from purposeful contact and/or conduct in the State of Nevada, County of Clark.

133. At all times material hereto, Defendant Papillon was acting by and through its agents, servants, and/or employees, each of whom were acting in the course and scope of their employment with Defendant Papillon.

**<u>DEFENDANT AIRBUS HELICOPTERS, S.A.S.</u>**

134. Defendant Airbus Helicopters, S.A.S., (hereinafter referred to as "Defendant Airbus, S.A.S.") is a French corporation doing business in the State of Nevada.

135. Defendant Airbus, S.A.S. is the foreign counterpart of Defendant Airbus Helicopters, Inc., with its headquarters and principal place of business located at Aeroport International, Marseille Provence, 13725 Marignane – Cedex – France.

136. Defendant Airbus S.A.S. may be served pursuant to the Hague Convention by private

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

process server in that both the United States and France are signatory parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, **20. U.S.T. 361; 658 U.N.T.S. 163**.

137. Defendant Airbus, S.A.S. is liable in all respects as it is the successor corporation of Eurocopter, S.A.S., which was the original manufacturer of the subject EC130 B4 helicopter, component parts, and systems and there was and continues to be an express and/or implied agreement between Defendant Airbus, S.A.S. and Eurocopter, S.A.S. to assume all of its post-sale liabilities and obligations.

138. Plaintiffs herein have no remedy against the predecessor corporation, Eurocopter, S.A.S. due to its reorganization.

139. Defendant Airbus, S.A.S. is engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of helicopters for ultimate sale and/or use in the State of Nevada.

140. At all times material hereto, Defendant Airbus, S.A.S. has sold, delivered, and/or distributed such products, in particular the subject EC130 B4 helicopter, for ultimate sale and/or use in the forty-eight (48) continental states of these United States of America, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers on sightseeing tour helicopters, of which Jonathan Neil Udall was a member.

141. At all times material hereto, Defendant Airbus, S.A.S. operated in Nevada by and through its various employees and agents.

142. At all times material hereto, Defendant Airbus, S.A.S. was acting by and through its agents, servants and/or employees, each of whom were acting within the course and scope of their employment with Defendant Airbus, S.A.S.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DEFENDANT AIRBUS HELICOPTERS, INC.**

143. Defendant Airbus Helicopters, Inc., (hereinafter referred to as Defendant Airbus, Inc.) is a Delaware Corporation doing business in the State of Nevada

144. Defendant Airbus, Inc. may be served through its Registered Agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

145. Defendant Airbus, Inc. is liable in all respects as it is the successor corporation of American Eurocopter which was the original manufacturer of the subject EC130 B4 helicopter, component parts, and systems and there was and continues to be an express and/or implied agreement between Defendant Airbus, Inc. and American Eurocopter to assume all of its post-sale liabilities and obligations.

146. Plaintiffs herein have no remedy against the predecessor corporation, American Eurocopter, due to its reorganization.

147. Defendant Airbus, Inc. is engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of helicopters for ultimate sale and/or use in the State of Nevada.

148. At all times material hereto, Defendant Airbus, Inc. has sold, delivered, and/or distributed such products, in particular the subject EC130 B4 helicopter, for ultimate sale and/or use in the forty-eight (48) continental states of these United States of America, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers on sightseeing tour helicopters, of which Jonathan Neil Udall was a member.

149. At all times material hereto, Defendant Airbus, Inc. operated in Nevada by and through its various employees and agents.

150. At all times material hereto, Defendant Airbus, Inc. was acting by and through its agents, servants and/or employees, each of whom were acting within the course and scope of their

employment with Defendant Airbus, Inc.

**DEFENDANT XEBEC LLC**

151. Defendant XEBEC LLC (hereinafter referred to as "Defendant XEBEC") is a Washington Limited Liability Company doing business in the State of Nevada.

152. Defendant XEBEC may be served through its Registered Agent, Lynn O. Hurst, 701 5th Avenue, Suite 5500, Seattle, Washington 98104.

153. Defendant XEBEC is engaged in the business of selecting, purchasing, owning, distributing, and/or leasing helicopters for uses including, but not limited to, sightseeing tour activities in the State of Nevada, County of Clark.

154. Defendant XEBEC's business activities and transactions in the State of Nevada, County of Clark, are continuous and substantial.

155. Defendant XEBEC established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

156. At all times material hereto, Defendant XEBEC selected, purchased, owned, distributed, and/or leased sightseeing tour helicopters, in particular the subject EC130 B4 helicopter, throughout these United States, including the State of Nevada, to be used by a foreseeable class of persons, consisting of those persons who may be passengers on sightseeing tour helicopters, of which Jonathan Neil Udall was a member.

157. At all times material hereto, Defendant XEBEC was acting by and through its agents, servants, and/or employees, each of whom were acting in the course and scope of their employment with Defendant XEBEC.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DEFENDANT SCOTT BOOTH**

158.    Defendant Scott Booth is a resident of the State of California.

159.    Defendant Scott Booth is employed by Defendant Papillon as a part-time helicopter pilot and works out of their offices in Clark County, Nevada.

160.    Defendant Scott Booth may be served at 770 Santiago Avenue, Long Beach, California 90804.

161.    At all times material hereto, Defendant Scott Booth was an agent or employee of Defendant Papillon, and at all times herein mentioned was acting within the scope and course of his agency or assignment with Defendant Papillon.

162.    Defendant Papillon is vicariously liable for the negligent acts of Defendant Scott Booth as alleged.

**IDENTIFICATION OF AIRCRAFT AND PARTS**

163.    The helicopter was designed, manufactured, assembled, distributed, and sold by Airbus, S.A.S. (formerly Eurocopter, S.A.S.) and Airbus, Inc. (formerly American Eurocopter) for use as a sightseeing tour helicopter.

164.    The subject helicopter was selected, purchased, and owned by Defendant XEBEC.

165.    The subject helicopter was selected, purchased, distributed, operated, maintained, and serviced by Defendant Papillon and was used in the course of a helicopter sightseeing tour business known as Papillon Grand Canyon Helicopters.

166.    At all times pertinent hereto, the subject EC130 B4 helicopter was being operated by Defendant Papillon, located at 1265 Airport Road, Boulder City, Clark County, Nevada.

167.    The subject helicopter was being piloted by Defendant Scott Booth, an employee of Papillon Airway s, Inc. d/b/a/ Papillon Grand Canyon Helicopters.

**JURISDICTION**

168. Defendants Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Airbus Helicopters, S.A.S., Airbus Helicopters, Inc., and XEBEC LLC had a reasonable expectation that they would be hailed into any Court within these United States, including a Court in the State of Nevada, by reason of its injecting its products and services into a stream of commerce.

169. Defendants Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Airbus Helicopters, S.A.S., Airbus Helicopters, Inc., and XEBEC LLC transacted, and continue to transact, business in the State of Nevada.

170. Defendants Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Airbus Helicopters, S.A.S., Airbus Helicopters, Inc., and XEBEC LLC manufacture, produce, make, market, and/or supply directly and indirectly their products for distribution, sale, or use in the State of Nevada.

171. Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters' Nevada State activities are so substantial or continuous and systematic that it is considered present in the State of Nevada and thus subject to this lawsuit in the State of Nevada.

172. Defendant Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters purposefully entered the State of Nevada's market and/or established contacts in the State of Nevada and affirmatively directs contact in the State of Nevada and the claims herein arise from that purposeful contact and/or conduct.

173. Defendant Airbus Helicopters, S.A.S.'s Nevada State activities are so substantial or continuous and systematic that it is considered present in the State of Nevada and thus subject to this lawsuit in the State of Nevada.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

174. Defendant Airbus Helicopters, S.A.S. purposefully entered the State of Nevada's market and/or established contacts in the State of Nevada and affirmatively directs contact in the State of Nevada and the claims herein arise from that purposeful contact and/or conduct.

175. Defendant Airbus Helicopters, S.A.S. exercises extensive control over Airbus Helicopters, Inc.'s operations on a day-to-day basis including, but not limited to:

a. Airbus Helicopters, Inc. acts as the agent on behalf of Airbus Helicopters, S.A.S. throughout the North American region, including in and for the State of Nevada;

b. Airbus Helicopters, Inc. as the wholly owned subsidiary of the parent corporation, Airbus Helicopters, S.A.S. sells helicopters for and on behalf of the parent company and further provides aftermarket support, training and services for all of the parent company's helicopters;

c. Airbus Helicopters, Inc. reports regularly to Airbus Helicopters, S.A.S. with which it has interlocking directors and represents itself to the public as a representative or agent of Airbus Helicopters, S.A.S.;

d. Airbus Helicopters, S.A.S. has full and total control over all technical, engineering and operational matters associated with Airbus Helicopters, Inc.; and

e. Airbus Helicopters, Inc. is the U.S. representative for Airbus Helicopters, S.A.S. and is totally responsible for the promotion and sale of Airbus helicopters on American soil.

176. Defendant Airbus Helicopters, Inc.'s Nevada State activities are so substantial or continuous and systematic that it is considered present in the State of Nevada and thus subject to this lawsuit in the State of Nevada.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

177.    Defendant Airbus Helicopters, Inc. purposefully entered the State of Nevada's market and/or established contacts in the State of Nevada and affirmatively directs contact in the State of Nevada and the claims herein arise from that purposeful contact and/or conduct.

178.    The Airbus Helicopters Defendants for a period of many years have purposely availed themselves within the State of Nevada having conducted extensive business activities within the State of Nevada whereby numerous representatives of both Airbus Helicopters entities have attended a number of professional fora, including the Helicopter Association International (HAI) Annual Conventions held in Las Vegas intermittently since March 2000 and said Airbus Helicopters Defendants have attended numerous face to face meetings with Nevada customers in connection with the training, maintenance and support services that the Airbus Helicopters Defendants offer to Nevada customers for both new and used Airbus Helicopters.  Such purposeful availment resulting in and generating millions of dollars to the Airbus Helicopters Defendants for sale and support of Airbus Helicopters and parts to Nevada customers all with the goal of personally availing themselves of the lawful privilege of doing business within the State of Nevada which has the countervailing consequences of being held accountable for conduct and being subject to jurisdiction within the State of Nevada.

179.    The activities of the Airbus Helicopters Defendants are so pervasive within the State of Nevada that they establish these Defendants' continuous and systematic presence in Nevada in that Defendants repeatedly and continuously interface with customers in the same manner and extent as would ordinarily be performed by local businesses with physical offices within the State of Nevada.

180.    There exists a direct and substantial relationship as between the commercial and business activities of the Airbus Helicopters Defendants undertaken in the State of Nevada and the injuries suffered by Plaintiffs in the subject helicopter crash in that said Defendants went to great

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

lengths to develop a Nevada market for their scenic helicopter tours and it was the crash of one such helicopter that gave rise to Plaintiffs' damages and injuries in that Defendant Papillon would never have been in a position to operate the subject helicopter on the fateful day "but for" the Airbus Helicopters Defendants' extensive, continuous and systematic commercial and business activities within the State of Nevada.

181.    For all of the named Defendants, including the Airbus Helicopters Defendants, it is entirely reasonable and proper to be hailed before the District Court for Clark County, Nevada in that said Defendants sought to develop an extensive helicopter market in Nevada for their helicopters for many years prior to the crash of the subject helicopter and have increasingly magnified their efforts at sales, marketing and support services within the State of Nevada and, particularly, Clark County, in that Nevada will be the most efficient, convenient and interested forum for resolution of this dispute.

182.    Defendant XEBEC LLC's Nevada State activities are so substantial or continuous and systematic that it is considered present in the State of Nevada and thus subject to this lawsuit in the State of Nevada.

183.    Defendant XEBEC LLC purposefully entered the State of Nevada's market and/or established contacts in the State of Nevada and affirmatively directs contact in the State of Nevada and the claims herein arise from that purposeful contact and/or conduct.

184.    Defendant Scott Booth accepted employment in Clark County, Nevada thereby purposefully establishing contacts in the State of Nevada and affirmatively directing conduct in the State of Nevada where the claims herein arise from that purposeful contact and/or conduct.

185.    Defendants and each of them could reasonably have foreseen litigation involving helicopters within the State of Nevada in that Defendants, and each of them, knew that these helicopters were being used in the State of Nevada and the Grand Canyon vicinity for sightseeing

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

purposes and Defendants, and each of them, extended great effort to develop and cultivate a Nevada market for use of helicopters in that manner and, specifically, the Airbus Helicopters Defendants deliberately tracked, monitored, serviced and supported these Papillon helicopters within the State of Nevada, and, specifically with respect to the helicopter at issue in the months and years immediately preceding the crash, and, further, Defendants and each of them could have and did reasonably expect that the subject helicopter would be utilized in the manner anticipated within the State of Nevada and purposefully conducted extensive business activities in support of the use of the subject helicopter in a manner reasonably anticipated.

186. It does not offend "traditional notions of fair play and substantial justice" to require these Defendants to defend themselves in this forum. The contacts, ties and relations of Defendants, and each of them, are sufficient to the exercise of personal jurisdiction within the Courts of the State of Nevada. Defendants Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Airbus Helicopters, S.A.S., Airbus Helicopters, Inc., and XEBEC LLC are engaged in a persistent course of conduct such that subjecting it to jurisdiction within the State of Nevada is lawful, appropriate, and fair.

**VENUE**

187. Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, and John Becker are residents of Nevada.

188. Defendant Papillon's principle place of business and corporate headquarters is located in Clark County, Nevada.

189. Defendant Papillon regularly conducts its regular and routine business activities in Clark County, Nevada through:

a. Its physical locations at 275 E. Tropicana Avenue, Las Vegas, Clark County, Nevada, 3900 Paradise Road, Las Vegas, Nevada, and 126 Airport Road, Boulder City, Clark County, Nevada;

b. Its website at www.papillon.com;

c. Its social media accounts wherein it advises customers that its location is 1265 Airport Road, Boulder City, Nevada 89005;

d. Its Corporate Sales and Marketing which is in Las Vegas, Nevada;

e. Its Corporate Accounting which is in Las Vegas, Nevada; and

f. Its Reservations Department which is contacted at 702-736-7243.

190. Defendant Papillon maintains its main helicopter sightseeing tour offices at 3900 Paradise Road, Las Vegas, Clark County, Nevada and at 1265 Airport Road, Boulder City, Clark County, Nevada.

191. Defendant Papillon employees it pilots and mechanics in its Nevada offices located at 3900 Paradise Road, Las Vegas, Clark County, Nevada and at 1265 Airport Road, Boulder City, Clark County, Nevada.

192. Defendant Papillon's helicopter sightseeing tour income is generated through its offices in Las Vegas, Clark County, Nevada and in Boulder City, Clark County, Nevada.

193. Defendant Papillon supplies its helicopter sightseeing tours in Las Vegas, Clark County, Nevada and in Boulder City, Clark County, Nevada.

194. Defendant Papillon markets its helicopter sightseeing tours in Las Vegas, Clark County, Nevada and in Boulder City, Clark County, Nevada through numerous social media outlets including:

a. Facebook;

b. Instagram; and

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

c. Twitter.

195. Defendant Papillon's business activities and transactions in the State of Nevada, County of Clark, are continuous and substantial.

196. Defendant Papillon established contacts in Clark County, Nevada and affirmatively directed conduct in Clark County, Nevada.

197. The claims for damages herein arise from purposeful contact and/or conduct in the State of Nevada, County of Clark in that:

a. The helicopter was maintained in Clark County, Nevada;

b. The pilots were trained in Clark County, Nevada; and

c. The mechanics were trained in Clark County, Nevada.

198. Defendant Papillon maintains places of business and conducts regular and routine business activities in Clark County in that:

a. Defendant Papillon employs pilots routinely located in Clark County, Nevada for the purpose of undertaking helicopter sightseeing tours in Clark County, Nevada;

b. Defendant Papillon has helicopters stationed at locations in Clark County, Nevada;

c. Defendant Papillon owns and operates offices and equipment for its helicopters and pilots in Clark County, Nevada for the purpose of undertaking helicopter sightseeing tours in Clark County, Nevada;

d. Defendant Papillon's Corporate Sales and Marketing Department for all operations is in Las Vegas, Clark County, Nevada;

e. Defendant Papillon's Corporate Accounting Department for all operations is in Las Vegas, Clark County, Nevada; and

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

f. Defendant Papillon's Reservations Department for all operations is in Las Vegas, Clark County, Nevada.

199. Numerous witnesses with personal knowledge of facts related to the subject helicopter crash reside in Clark County, Nevada.

200. Numerous witnesses with personal knowledge of Defendant Papillon's operations, the subject helicopter, its dispatch procedures, and its pilots, particularly those with knowledge of the piloting capabilities of pilot Scott Booth, reside in Clark County, Nevada.

**GENERAL ALLEGATIONS**

201. On or about February 10, 2018, Jonathan Neil Udall was a passenger in a 2010 Airbus EC130 B4 helicopter on a sightseeing tour of the Grand Canyon.

202. The helicopter, operated and maintained by Defendant Papillon, owned and leased by Defendant XEBEC, and piloted by Defendant Scott Booth, departed the Papillon Grand Canyon Helicopters' offices at the Boulder City Municipal Airport in Boulder City, Clark County, Nevada at 4:35 p.m. for a sightseeing helicopter tour.

203. The pilot was flying in the Grand Canyon and was on an approach to land at Quartermaster landing zone which is within Quartermaster Canyon, near Peach Springs, Arizona.

204. Witnesses reported that as the helicopter neared the vicinity of Quartermaster, it appeared to be on a flight path consistent with the pilot aligning to make a downriver-wind landing to a pad on the west.

205. The helicopter slowed after it passed over the river and maintained a southern course as it entered a canyon wash adjacent to the landing pads.

206. While maintaining the same altitude, the helicopter entered a nose-high attitude and then began a left turn toward the Quartermaster landing zone.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

207. During the turn, the helicopter transitioned into a nose-low attitude and began to slightly drift aft.

208. The helicopter maneuvered into a nose-level configuration and continued in the left turn.

209. Witnesses reported seeing the subject helicopter make at least two (2) 360 degree left turn spins before it descended into the canyon wash.

210. The helicopter impacted terrain and crashed into the canyon.

211. Upon impact, the helicopter burst into flames and burned.

212. Jonathan Neil Udall was rescued from the burning helicopter. While waiting for rescue workers, he suffered cardiac arrest.

213. After more than eight (8) hours at the crash site, Jonathan Neil Udall was transported by helicopter to University Medical Center where he remained in critical condition with burns over 98% of his body.

214. On February 22, 2018, Jonathan Neil Udall succumbed to his severe, horrific, and catastrophic injuries.

215. Plaintiff Jonathan Neil Udall was injured and died as a direct result of the foregoing crash of the Airbus EC130 B4 helicopter designed, machined, manufactured, assembled, supplied, imported, distributed, sold, modified, owned, leased, operated, maintained, serviced, and/or certified by Defendants Papillon, XEBEC, Airbus, S.A.S., and Airbus, Inc.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT MATTHEW HECKER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

216. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

217. On February 10, 2018, Defendant Matthew Hecker was a Field Stationed Mechanic for Defendant Papillon.

218. Defendant Matthew Hecker held himself out as a person who could carefully and competently provide such mechanical services and/or supervise mechanics with respect thereto.

219. Defendant Matthew Hecker had direct involvement with the maintenance and/or supervision of maintenance on the subject EC130 B4 helicopter and/or component parts, including but not limited to the tail rotor system.

220. Defendant Matthew Hecker had a duty to use the highest degree of care that an ordinarily reasonable, careful and prudent Field Stationed Mechanic of a helicopter sightseeing tour business would use under the same or similar circumstances.

221. Defendant Matthew Hecker breached that duty and was negligent by failing to properly and adequately perform mechanical services and/or supervise maintenance performed on the subject helicopter and/or component parts, including the tail rotor system, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

222. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Matthew Hecker, Jonathan Neil Udall died.

223. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

224. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**SECOND CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT DANIEL FRIEDMAN – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

225. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

226. On February 10, 2018, Defendant Daniel Friedman was an Airframe and Powerplant (A&P) mechanic with Inspection Authorization approval and an Inspector for Defendant Papillon.

227. Defendant Daniel Friedman held himself out as a person who could carefully and competently provide such diagnosis, repair, maintenance, and/or inspection of helicopters with respect thereto.

228. Defendant Daniel Friedman had a direct involvement with the subject EC130 B4 helicopter.

229. Defendant Daniel Friedman had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent Airframe and Powerplant (A&P) mechanic with

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Inspection Authorization (IA) approval and an Inspector of a helicopter sightseeing tour business would use under the same or similar circumstances.

230.    Defendant Daniel Friedman breached that duty and was negligent by failing to properly and adequately diagnose, repair, maintain, and/or inspect the subject EC130 B4 helicopter and/or component parts, including the tail rotor system, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

231.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Daniel Friedman, Jonathan Neil Udall died.

232.    By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

233.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**THIRD CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT BRENDA HALVORSON –
WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

234.   Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

235.   On February 10, 2018, Defendant Brenda Halvorson was responsible for the supervision of, and controlled, influenced and governed the activities of Defendants Papillon and XEBEC.

236.   Defendant Brenda Halvorson was responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

237.   Defendant Brenda Halvorson had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners, lessors, chief executive officers, directors, individual governors, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

238.   Defendant Brenda Halvorson breached that duty and was negligent by, but not limited to:

    a.   Defendant failed to properly and adequately monitor and supervise the conduct and activities of Defendants Papillon and XEBEC;

    b.   Defendant failed to ensure that the subject EC130 B4 helicopter was in a safe and defect free condition;

    c.   Defendant failed to select and purchase a helicopter equipped with a crash resistant fuel system and/or retrofit the current helicopter with a crash resistant fuel system;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

d.  Defendant failed to implement and/or utilize proper emergency readiness procedures to rescue passengers who may be involved in a helicopter crash, including the decedent herein, Jonathan Neil Udall;

e.  Defendant failed to implement, utilize, manage, and/or supervise proper guidelines and policies with respect to flights in unsafe weather conditions;

f.  Defendant failed to monitor and/or supervise the maintenance activities of Defendant Papillon, specifically maintenance on the tail rotor system on the subject EC130 B4 helicopter;

g.  Defendant failed to monitor and/or supervise the hiring of unqualified, inexperienced, part-time pilots used to transport passengers on sightseeing helicopter tours, including passenger Jonathan Neil Udall; and

h.  Defendant failed to provide and supervise the proper training to its employees, including pilots and mechanics.

239.  Defendant Brenda Halvorson knew from at least one prior helicopter crash of a Papillon helicopter that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

240.  Defendant Brenda Halvorson knew from at least one prior helicopter crash of a Papillon helicopter that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

241.  That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Brenda Halvorson, Jonathan Neil Udall died.

242.  By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to

the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

243. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT GEOFFREY EDLUND – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

244. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

245. On February 10, 2018, Defendant Geoffrey Edlund was responsible for the supervision of, and controlled, influenced and governed the activities of Defendant Papillon.

246. Defendant Geoffrey Edlund was responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

247. Defendant Geoffrey Edlund had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners, lessors, presidents, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

248. Defendant Geoffrey Edlund breached that duty and was negligent by, but not limited to:

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

a. Defendant failed to properly and adequately monitor and supervise the conduct and activities of Defendant Papillon;

b. Defendant failed to ensure that the subject EC130 B4 helicopter was in a safe and defect free condition;

c. Defendant failed to select and purchase a helicopter equipped with a crash resistant fuel system and/or retrofit the current helicopter with a crash resistant fuel system;

d. Defendant failed to implement and/or utilize proper emergency readiness procedures to rescue passengers who may be involved in a helicopter crash, including the decedent herein, Jonathan Neil Udall;

e. Defendant failed to implement, utilize, manage, and/or supervise proper guidelines and policies with respect to flights in unsafe weather conditions;

f. Defendant failed to monitor and/or supervise the maintenance activities of Defendant Papillon, specifically maintenance on the tail rotor system on the subject EC130 B4 helicopter;

g. Defendant failed to monitor and/or supervise the hiring of unqualified, inexperienced, part-time pilots used to transport passengers on sightseeing helicopter tours, including passenger Jonathan Neil Udall; and

h. Defendant failed to provide and supervise the proper training to its employees, including pilots and mechanics.

249. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Geoffrey Edlund, Jonathan Neil Udall died.

250. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

251. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**FIFTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT ELLING B. HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

252. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

253. On February 10, 2018, Defendant Elling B. Halvorson was responsible for the supervision of, and controlled, influenced and governed the activities of Defendant Papillon.

254. Defendant Elling B. Halvorson was responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

255. Defendant Elling B. Halvorson had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners, lessors, directors, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

256. Defendant Elling B. Halvorson breached that duty and was negligent by, but not limited to:

a. Defendant failed to properly and adequately monitor and supervise the conduct and activities of Defendant Papillon;

b. Defendant failed to ensure that the subject EC130 B4 helicopter was in a safe and defect free condition;

c. Defendant failed to select and purchase a helicopter equipped with a crash resistant fuel system and/or retrofit the current helicopter with a crash resistant fuel system;

d. Defendant failed to implement and/or utilize proper emergency readiness procedures to rescue passengers who may be involved in a helicopter crash, including the decedent herein, Jonathan Neil Udall;

e. Defendant failed to implement, utilize, manage, and/or supervise proper guidelines and policies with respect to flights in unsafe weather conditions;

f. Defendant failed to monitor and/or supervise the maintenance activities of Defendant Papillon, specifically maintenance on the tail rotor system on the subject EC130 B4 helicopter;

g. Defendant failed to monitor and/or supervise the hiring of unqualified, inexperienced, part-time pilots used to transport passengers on sightseeing helicopter tours, including passenger Jonathan Neil Udall; and

h. Defendant failed to provide and supervise the proper training to its employees, including pilots and mechanics.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

257. Defendant Elling B. Halvorson knew from at least one prior helicopter crash of a Papillon helicopter that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

258. Defendant Elling B. Halvorson knew from at least one prior helicopter crash of a Papillon helicopter that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

259. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Elling B. Halvorson, Jonathan Neil Udall died.

260. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

261. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**SIXTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT JOHN BECKER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

262. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

263. On February 10, 2018, Defendant John Becker was responsible for the supervision of, and controlled, influenced and governed the activities of Defendant Papillon.

264. Defendant John Becker was responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

265. Defendant John Becker had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners, lessors, chief executive officers, directors of operations, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

266. Defendant John Becker breached that duty and was negligent by, but not limited to:

a. Defendant failed to properly and adequately monitor and supervise the conduct and activities of Defendant Papillon;

b. Defendant failed to ensure that the subject EC130 B4 helicopter was in a safe and defect free condition;

c. Defendant failed to select and purchase a helicopter equipped with a crash resistant fuel system and/or retrofit the current helicopter with a crash resistant fuel system;

d. Defendant failed to implement and/or utilize proper emergency readiness procedures to rescue passengers who may be involved in a helicopter crash, including the decedent herein, Jonathan Neil Udall;

e.    Defendant failed to implement, utilize, manage, and/or supervise proper guidelines and policies with respect to flights in unsafe weather conditions;

f.    Defendant failed to monitor and/or supervise the maintenance activities of Defendant Papillon, specifically maintenance on the tail rotor system on the subject EC130 B4 helicopter;

g.    Defendant failed to monitor and/or supervise the hiring of unqualified, inexperienced, part-time pilots used to transport passengers on sightseeing helicopter tours, including passenger Jonathan Neil Udall; and

h.    Defendant failed to provide and supervise the proper training to its employees, including pilots and mechanics.

267.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant John Becker, Jonathan Neil Udall died.

268.    By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

269.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**SEVENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT ELLING KENT HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

270. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

271. On February 10, 2018, Defendant Elling Kent Halvorson was responsible for the supervision of, and controlled, influenced and governed the activities of Defendant Papillon.

272. Defendant Elling Kent Halvorson was responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

273. Defendant Elling Kent Halvorson had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners, lessors, vice presidents, directors, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

274. Defendant Elling Kent Halvorson breached that duty and was negligent by, but not limited to:

a. Defendant failed to properly and adequately monitor and supervise the conduct and activities of Defendant Papillon;

b. Defendant failed to ensure that the subject EC130 B4 helicopter was in a safe and defect free condition;

c. Defendant failed to select and purchase a helicopter equipped with a crash resistant fuel system and/or retrofit the current helicopter with a crash resistant fuel system;

d. Defendant failed to implement and/or utilize proper emergency readiness procedures to rescue passengers who may be involved in a helicopter crash, including the decedent herein, Jonathan Neil Udall;

e. Defendant failed to implement, utilize, manage, and/or supervise proper guidelines and policies with respect to flights in unsafe weather conditions;

f. Defendant failed to monitor and/or supervise the maintenance activities of Defendant Papillon, specifically maintenance on the tail rotor system on the subject EC130 B4 helicopter;

g. Defendant failed to monitor and/or supervise the hiring of unqualified, inexperienced, part-time pilots used to transport passengers on sightseeing helicopter tours, including passenger Jonathan Neil Udall; and

h. Defendant failed to provide and supervise the proper training to its employees, including pilots and mechanics.

275. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Elling Kent Halvorson, Jonathan Neil Udall died.

276. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

277. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**EIGHTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT LON A. HALVORSON – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

278. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

279. On February 10, 2018, Defendant Lon A. Halvorson was responsible for the supervision of, and controlled, influenced and governed the activities of Defendants Papillon and XEBEC.

280. Defendant Lon A. Halvorson was responsible for ensuring the safe and defect free condition of the subject helicopter and/or component parts.

281. Defendant Lon A. Halvorson had a duty to use the highest degree of care that ordinarily reasonable, careful and prudent owners, lessors, vice presidents, directors, individual governors, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

282. Defendant Lon A. Halvorson breached that duty and was negligent by, but not limited to:

a. Defendant failed to properly and adequately monitor and supervise the conduct and activities of Defendants Papillon and XEBEC;

b. Defendant failed to ensure that the subject EC130 B4 helicopter was in a safe and defect free condition;

c. Defendant failed to select and purchase a helicopter equipped with a crash resistant fuel system and/or retrofit the current helicopter with a crash resistant fuel system;

d.     Defendant failed to implement and/or utilize proper emergency readiness procedures to rescue passengers who may be involved in a helicopter crash, including the decedent herein, Jonathan Neil Udall;

e.     Defendant failed to implement, utilize, manage, and/or supervise proper guidelines and policies with respect to flights in unsafe weather conditions;

f.     Defendant failed to monitor and/or supervise the maintenance activities of Defendant Papillon, specifically maintenance on the tail rotor system on the subject EC130 B4 helicopter;

g.     Defendant failed to monitor and/or supervise the hiring of unqualified, inexperienced, part-time pilots used to transport passengers on sightseeing helicopter tours, including passenger Jonathan Neil Udall; and

h.     Defendant failed to provide and supervise the proper training to its employees, including pilots and mechanics.

283.     Defendant Lon A. Halvorson knew from at least one prior helicopter crash of a Papillon helicopter that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

284.     Defendant Lon A. Halvorson knew from at least one prior helicopter crash of a Papillon helicopter that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

285.     That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Lon A. Halvorson, Jonathan Neil Udall died.

286.     By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

287. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**NINTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – VICARIOUS LIABILITY FOR MATTHEW HECKER'S FAILURE TO USE ORDINARY CARE IN MAINTAINING THE SUBJECT HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

288. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

289. Defendant Papillon held itself out as an entity which could carefully and competently provide and maintain helicopters which were utilized in the course of its sightseeing tour operations.

290. That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter sightseeing tour business would use under the same or similar circumstances.

291. Defendant Matthew Hecker had a duty to use that degree of care that an ordinarily careful and prudent helicopter mechanic would use under the same or similar circumstances.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

292. Defendant Papillon is vicariously liable for any and all actions of Defendant Matthew Hecker as to his negligent and careless maintenance of the subject helicopter by reason of its principal and agent relationship.

293. Defendant Matthew Hecker was negligent by failing to properly and adequately perform maintenance services and/or supervise maintenance performed on the subject helicopter and/or component parts, including the tail rotor system, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

294. Defendant Matthew Hecker's breach of its duty and negligence caused the injuries and damages complained of herein and Plaintiffs' deceased, Jonathan Neil Udall died as a direct result of the conduct of Defendant Matthew Hecker for which Defendant Papillon is vicariously liable in all respects.

295. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Matthew Hecker, Jonathan Neil Udall died.

296. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

297. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability,

conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – VICARIOUS LIABILITY FOR DANIEL FRIEDMAN'S FAILURE TO USE ORDINARY CARE IN MAINTAINING AND INSPECTING THE SUBJECT HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

298. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

299. Defendant Papillon held itself out as an entity which could carefully and competently provide and maintain helicopters which were utilized in the course of its sightseeing tour operations.

300. That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter sightseeing tour business would use under the same or similar circumstances.

301. Defendant Daniel Friedman had a duty to use that degree of care that an ordinarily careful and prudent helicopter mechanic and inspector would use under the same or similar circumstances.

302. Defendant Papillon is vicariously liable for any and all actions of Defendant Daniel Friedman as to his negligent and careless maintenance and/or inspection of the subject helicopter by reason of its principal and agent relationship.

303. Defendant Daniel Friedman was negligent by failing to properly and adequately perform inspection and/or maintenance services and/or supervise maintenance performed on the subject helicopter and/or component parts, including the tail rotor system, causing the helicopter to crash at said location, thereby causing the injuries and damages complained of herein.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

304.    Defendant Daniel Friedman's breach of its duty and negligence caused the injuries and damages complained of herein and Plaintiffs' deceased, Jonathan Neil Udall died as a direct result of the conduct of Defendant Daniel Friedman for which Defendant Papillon is vicariously liable in all respects.

305.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Daniel Friedman, Jonathan Neil Udall died.

306.    By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

307.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**ELEVENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – VICARIOUS LIABILITY FOR SCOTT BOOTH'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

308. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

309. Defendant Papillon held itself out as an entity which could carefully and competently provide and maintain safe helicopter sightseeing tours which were utilized in the course of its operations.

310. That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter sightseeing tour business would use under the same or similar circumstances.

311. Defendant Scott Booth had a duty to use that degree of care that an ordinarily careful and prudent pilot would use under the same or similar circumstances.

312. Defendant Papillon is vicariously liable for any and all actions of Defendant Scott Booth as to his negligent and careless piloting and operation of the subject helicopter by reason of its principal and agent relationship.

313. Defendant Scott Booth was negligent in the following respects:

a. Defendant Scott Booth failed to maintain proper control of the helicopter in flight;

b. Defendant Scott Booth failed to properly avoid natural obstacles in the flight path;

c. Defendant Scott Booth failed keep a safe distance between the helicopter and natural obstacles;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

d.      Defendant Scott Booth failed to operate the helicopter in a safe manner;

e.      Defendant Scott Booth failed to perform a proper and thorough pre-flight check;

f.      Defendant Scott Booth failed to perform the proper weather checks prior to the flight; and

g.      Defendant Scott Booth failed to properly respond to an in-flight loss of control.

314.    Defendant Scott Booth's breach of its duty and negligence caused the injuries and damages complained of herein and Plaintiffs' deceased, Jonathan Neil Udall died as a direct result of the conduct of Defendant Scott Booth for which Defendant Papillon is vicariously liable in all respects.

315.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Scott Booth, Jonathan Neil Udall died.

316.    By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

317.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability,

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TWELFTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT AND AIRCRAFT SERVICES – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

318. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

319. Defendant Papillon held itself out as an entity which could carefully and competently provide and maintain safe helicopter sightseeing tours which were utilized in the course of its operations.

320. That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter sightseeing tour business would use under the same or similar circumstances.

321. Defendant Papillon had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

322. Defendant Papillon was negligent in its duties as follows:

a. Defendant Papillon failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b. Defendant Papillon failed to provide proper training to its pilots;

c. Defendant Papillon failed to properly and adequately monitor and supervise the contact and activities of their business and/or employees;

d. Defendant Papillon failed to have in place a policy and/or ensure that weather checks are performed prior to every flight;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

e. Defendant Papillon allowed inexperienced, part-time, and/or unqualified pilots to operate their aircraft;

f. Defendant Papillon failed to equip their helicopters with crash resistant fuel systems to prevent thermal injuries to their passengers in the event of a survivable helicopter crash; and

g. Defendant Papillon failed to properly maintain the subject aircraft.

323. Defendant Papillon knew from at least one prior helicopter crash of a Papillon helicopter that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

324. Defendant Papillon knew from at least one prior helicopter crash of a Papillon helicopter that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

325. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Papillon, Jonathan Neil Udall died.

326. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

327. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

328.    Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**THIRTEENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – CAUSING OR AUTHORIZING THE OPERATION OF HELICOPTER IN A CARELESS OR RECKLESS MANNER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

329.    Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

330.    Defendant Papillon held itself out as an entity, which could carefully and competently provide and maintain safe helicopter sightseeing tours which were utilized in the course of its operations.

331.    That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter sightseeing tour business would use under the same or similar circumstances.

332.    Defendant Papillon operated the aircraft in a negligent, careless or reckless manner by, but not limited to:

        a.    Defendant Papillon failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

        b.    Defendant Papillon failed to provide proper training to its pilots;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

c.   Defendant Papillon failed to properly and adequately monitor and supervise the contact and activities of their business and/or employees;

d.   Defendant Papillon failed to have in place a policy and/or ensure that weather checks are performed prior to every flight; and

e.   Defendant Papillon allowed inexperienced, part-time, and/or unqualified pilots to operate their aircraft.

333.   That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Papillon, Jonathan Neil Udall died.

334.   By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

335.   Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

336.   Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**FOURTEENTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT PAPILLON – FAILURE TO IMPLEMENT PROPER EMERGENCY READINESS PROCEDURES – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

337. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

338. Defendant Papillon held itself out as an entity, which could carefully and competently provide and maintain safe helicopter sightseeing tours which were utilized in the course of its operations.

339. That Defendant Papillon had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter sightseeing tour business would use under the same or similar circumstances.

340. Defendant Papillon failed to implement proper emergency readiness procedures so that passengers on a Papillon Grand Canyon Helicopters sightseeing tour, specifically including the decedent herein, Jonathan Neil Udall, could be timely rescued after a helicopter crash.

341. Defendant Papillon's failure to implement proper emergency readiness procedures caused the passenger and decedent herein, Jonathan Neil Udall, to be stranded at the bottom of the Grand Canyon for more than eight (8) hours before he could be transferred to the hospital.

342. Defendant Papillon's failure to implement proper emergency readiness procedures caused the passenger and decedent herein, Jonathan Neil Udall, to suffer cardiac arrest and to remain without the proper medical attention for more than eight (8) hours before he could be transferred to the hospital.

343. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Papillon, Jonathan Neil Udall died.

344. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

345. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

346. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**FIFTEENTH CAUSE OF ACTION**

**(COMMON CARRIER LIABILITY - - FAILURE OF DEFENDANT PAPILLON TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

347. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

348. Plaintiffs' deceased, Jonathan Neil Udall was a passenger for hire of a helicopter sightseeing tour service controlled, operated, dispatched, and supervised by Defendant Papillon.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

349.    Defendant Papillon held itself out as an entity which could safely and competently transport persons purchasing helicopter sightseeing tours.

350.    At all times material hereto, Defendant Papillon was and is a commercial air taxi service carrying passengers who have purchased helicopter sightseeing tours and doing so for hire and for profit as a common carrier.

351.    Defendant Papillon had a duty to Plaintiffs' deceased, Jonathan Neil Udall, to exercise the highest degree of care and diligence in the operation, management, maintenance, and service of its helicopter sightseeing tours to be provided to persons within the general public, such as Jonathan Neil Udall and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

352.    Defendant Papillon failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

353.    Plaintiffs' deceased died as a direct and proximate result of Defendant Papillon's failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

354.    By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

355.    Plaintiffs further claim such damages as the decedent suffered between the time the helicopter malfunctioned and the time of impact with the ground and his death and for the recovery

of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, apprehension of impending death, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

356. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**SIXTEENTH CAUSE OF ACTION**

**(STRICT LIABILITY - - DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT AIRBUS HELICOPTERS, S.A.S. – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

357. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

358. Defendant Airbus S.A.S. designed, manufactured, assembled, supplied, distributed and/or sold the aforementioned helicopter, referred to as EC130 B4, and/or component parts thereof, including the tail rotor system and fuel system, in the course of its business.

359. The aforesaid helicopter and/or component parts were defective and, because of the defect, the helicopter was unreasonably dangerous to a person who might reasonably be expected to use, consume or be affected by the helicopter, including the decedent herein Jonathan Neil Udall.

360. The aforesaid helicopter and/or component parts used therein relating to the tail rotor system were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

361. The aforesaid helicopter and/or component parts used therein relating to the fuel system configuration were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

362. The aforesaid helicopter was used in a manner reasonably anticipated by Defendant Airbus, S.A.S. and others.

363. The helicopter and/or component parts or systems referenced herein were expected to and did reach the user or consumer without substantial change in the condition in which they were sold.

364. The defects in the helicopter caused the injuries and damages to Plaintiffs.

365. The helicopter was defective and dangerous for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel system configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel system as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

366. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew from other crashes of its helicopters that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

367. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew from other crashes of its helicopters that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

368. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that the fatality rate increased two to three times when a post-crash fire ensued versus no post-crash fire.

369. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that 78.5% of post-crash fires were attributable to failed fuel tanks and/or fuel lines.

370. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a crash resistant fuel system was designed and developed for the U.S. Army in the late 1960's.

371. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a drop test was conducted in 1968 on the crash resistant fuel system which was designed and developed for the U.S. Army and the crash resistant fuel system functioned as designed and no fluids were spilled.

372. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that one of the goals when designing for post-crash fire safety is to prevent spillage.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

373. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that the first military helicopter produced with a crash resistant fuel system came into service in April 1970.

374. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that after April 1970, programs to retrofit existing military helicopters with crash resistant fuel systems were implemented.

375. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a study published in 1978 documented that Army helicopters equipped with a crash resistant fuel system had reduced thermal injuries by 75% and that there were no thermal fatalities during the 1970-1976 study period.

376. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that the National Transportation Safety Board published a report in 1980 that made a recommendation to the Federal Aviation Administration regarding the implementation of crash resistant fuel systems in an effort to reduce the incidence of post-crash fires.

377. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that it is important to provide occupants of helicopters with the time to evacuate the helicopter and move away from the vicinity before being consumed by smoke and fire.

378. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that improved crash resistance standards incorporating fuel system design features to minimize the hazard of fuel fires to occupants following an otherwise survivable impact were enacted in 1994.

379. Prior to the subject crash, Defendant Airbus, S.A.S. knew of the enhanced safety of crashworthy fuel tanks.

380. The fuel system on the subject helicopter was defective in design and unreasonably dangerous in design in that it catastrophically failed when subjected to known survivable crash conditions resulting in a significant post-crash explosion and fuel fed fire.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

381. The conduct of Defendant Airbus, S.A.S. was willful and wanton given their conscious decision to manufacture and market the subject helicopter without a crash resistant fuel system.

382. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Airbus, S.A.S., Jonathan Neil Udall died.

383. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

384. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

385. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**SEVENTEENTH CAUSE OF ACTION**

**(STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT AIRBUS HELICOPTERS, S.A.S. – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

386. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

387. The helicopter, which crashed and burned on February 10, 2018 was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

388. That at all times pertinent hereto, Defendant Airbus, S.A.S. failed to provide an adequate warning as to the dangers of use of said helicopter, including the tail rotor system and fuel system, which were then unreasonably dangerous.

389. Defendant Airbus, S.A.S. failed to adequately warn foreseeable users of the risk of harm from the defective design of the tail rotor system in that a failure of the system would render the helicopter uncontrollable.

390. Defendant Airbus, S.A.S. failed to adequately warn foreseeable users of the risk of harm from the defective design of the fuel system in that the fuel tank was incapable of withstanding impact of a minimal to moderate nature.

391. The helicopter was used in a manner reasonably anticipated.

392. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Airbus, S.A.S., Jonathan Neil Udall died.

393. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction,

guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

394. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

395. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**EIGHTEENTH CAUSE OF ACTION**

**(NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, S.A.S., TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

396. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

397. Defendant Airbus, S.A.S. designed, manufactured, assembled, supplied, distributed, or sold the aforementioned helicopter and/or related component parts used therein in the course of its business.

398. Defendant Airbus, S.A.S. held itself out as an entity that could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute and sell helicopters and/or component parts.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

399. Defendant Airbus, S.A.S. had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, importer, distributor, and seller of helicopters and component parts would use under the same or similar circumstances.

400. Defendant Airbus, S.A.S. was negligent by failing to exercise reasonable care to prevent the helicopter from creating an unreasonable risk of harm to the person or one who might reasonably be expected to use or be affected by the helicopter while it was being used in the manner Defendant Airbus, S.A.S. might have reasonably expected.

401. Jonathan Neil Udall was one of those persons that Defendant Airbus, S.A.S. should reasonably have expected to use or be affected by this helicopter.

402. The helicopter and related component parts designed, manufactured, and sold by Defendant Airbus, S.A.S. were defective and otherwise flawed, which had the effect of creating a catastrophic failure during flight.

403. The aforesaid helicopter and/or component parts used therein relating to the design of the tail rotor system designed, manufactured, and sold by Defendant Airbus, S.A.S. were defective and otherwise flawed, which had the effect of allowing the helicopter to crash after a loss of tail rotor effectiveness.

404. The aforesaid helicopter and/or component parts used therein relating to the design of the fuel system configuration designed, manufactured, and sold by Defendant Airbus, S.A.S. were defective and otherwise flawed, which had the effect of allowing the fuel tank to fail thereby causing the helicopter to explode and burn upon a survivable crash.

405. Defendant Airbus, S.A.S. knew or by using ordinary care should have known of the foreseeable risk of harm caused by such flawed and dangerous condition as was created by its failure to properly design, test, manufacture, sell, monitor, field performance, accumulate field data, recall and distribute safe helicopters and component parts.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

406.   Defendant Airbus, S.A.S. was further negligent for reasons including, but not limited to, the following:

a.   Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b.   Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c.   Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d.   Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e.   Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f.   Defendant selected and supplied an unsafe and unreasonably dangerous fuel tank configuration which caused the helicopter to explode and/or burn upon impact; and

g.   The helicopter was not crashworthy in that the fuel tank as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

407.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew from other crashes of its helicopters that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

408.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew from other crashes of its helicopters that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

409.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that the fatality rate increased two to three times when a post-crash fire ensued versus no post-crash fire.

410.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that 78.5% of post-crash fires were attributable to failed fuel tanks and/or fuel lines.

411.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a crash resistant fuel system was designed and developed for the U.S. Army in the late 1960's.

412.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a drop test was conducted in 1968 on the crash resistant fuel system which was designed and developed for the U.S. Army and the crash resistant fuel system functioned as designed and no fluids were spilled.

413.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that one of the goals when designing for post-crash fire safety is to prevent spillage.

414.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that the first military helicopter produced with a crash resistant fuel system came into service in April 1970.

415.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that after April 1970, programs to retrofit existing military helicopters with crash resistant fuel systems were implemented.

416.   Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that a study published in 1978 documented that Army helicopters equipped with a crash resistant fuel system had

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

reduced thermal injuries by 75% and that there were no thermal fatalities during the 1970-1976 study period.

417. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that the National Transportation Safety Board published a report in 1980 that made a recommendation to the Federal Aviation Administration regarding the implementation of crash resistant fuel systems in an effort to reduce the incidence of post-crash fires.

418. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that it is important to provide occupants of helicopters with the time to evacuate the helicopter and move away from the vicinity before being consumed by smoke and fire.

419. Prior to the subject helicopter crash, Defendant Airbus, S.A.S. knew that improved crash resistance standards incorporating fuel system design features to minimize the hazard of fuel fires to occupants following an otherwise survivable impact were enacted in 1994.

420. Prior to the subject crash, Defendant Airbus, S.A.S. knew of the enhanced safety of crashworthy fuel tanks.

421. The fuel system on the subject helicopter was defective in design and unreasonably dangerous in design in that it catastrophically failed when subjected to known survivable crash conditions resulting in a significant post-crash explosion and fuel fed fire.

422. The conduct of Defendant Airbus, S.A.S. was willful and wanton given their conscious decision to manufacture and market the subject helicopter without a crash resistant fuel system.

423. As a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Airbus, S.A.S., the subject helicopter crashed and burned at the aforesaid location, thereby causing the death of Jonathan Neil Udall complained of herein.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

424. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

425. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

426. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**NINETEENTH CAUSE OF ACTION**

**(NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, S.A.S. TO WARN OF KNOWN HAZARD – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

427. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

428. The helicopter and component parts, manufactured and sold by Defendant Airbus, S.A.S. were in a defective condition and unreasonably dangerous.

429. Defendant Airbus, S.A.S. failed to use ordinary care to adequately warn foreseeable users of the risk of harm from use of the subject helicopter and component parts, including the tail

rotor system and fuel system, in that said systems contained hazards of such magnitude so as to create massive and instantaneous in-flight failure and to explode and burn in a survivable crash.

430.   Defendant Airbus, S.A.S. failed to properly and timely report known and suspected defects, malfunctions, and failures including the precise nature and mechanism of the defect, malfunction and failure in the aircraft which is the subject of this lawsuit and thereby breached its duty to repair, replace, recall, inform and warn operators, users, passengers and others of the known and anticipated malfunctions, problems, safety hazards and defects associated with the use and continued use of the helicopter and component parts.

431.   Defendant Airbus, S.A.S. failed to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the subject helicopter and component parts, including the tail rotor system and fuel system wherein it had an initial and continuing duty and obligation to do so.

432.   Defendant failed to issue or issued improper and tardy service bulletins in regard to the helicopter.

433.   Defendant Airbus, S.A.S. should have issued or requested issuance of proper Airworthiness Directives.

434.   As a direct result of the failure of Defendant Airbus, S.A.S. to adequately warn of the risk of harm from the heretofore enumerated defects or hazards, Jonathan Neil Udall died.

435.   By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

436. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

437. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**TWENTIETH CAUSE OF ACTION**

**(STRICT LIABILITY - - DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT AIRBUS HELICOPTERS, INC. – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

438. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

439. Defendant Airbus, Inc. designed, manufactured, assembled, supplied, distributed and/or sold the aforementioned helicopter, referred to as EC130 B4, and/or component parts thereof, including the tail rotor system and fuel system, in the course of its business.

440. The aforesaid helicopter and/or component parts were defective and, because of the defect, the helicopter was unreasonably dangerous to a person who might reasonably be expected to use, consume or be affected by the helicopter, including the decedent herein Jonathan Neil Udall.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

441. The aforesaid helicopter and/or component parts used therein relating to the tail rotor system were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

442. The aforesaid helicopter and/or component parts used therein relating to the fuel system configuration were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses into the stream of commerce.

443. The aforesaid helicopter was used in a manner reasonably anticipated by Defendant Airbus, Inc. and others.

444. The helicopter and/or component parts or systems referenced herein were expected to and did reach the user or consumer without substantial change in the condition in which they were sold.

445. The defects in the helicopter caused the injuries and damages to Plaintiffs.

446. The helicopter was defective and dangerous for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel system configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel system as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

447. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew from other crashes of its helicopters that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

448. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew from other crashes of its helicopters that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

449. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that the fatality rate increased two to three times when a post-crash fire ensued versus no post-crash fire.

450. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that 78.5% of post-crash fires were attributable to failed fuel tanks and/or fuel lines.

451. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a crash resistant fuel system was designed and developed for the U.S. Army in the late 1960's.

452. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a drop test was conducted in 1968 on the crash resistant fuel system which was designed and developed for the U.S. Army and the crash resistant fuel system functioned as designed and no fluids were spilled.

453. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that one of the goals when designing for post-crash fire safety is to prevent spillage.

454. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that the first military helicopter produced with a crash resistant fuel system came into service in April 1970.

455. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that after April 1970, programs to retrofit existing military helicopters with crash resistant fuel systems were implemented.

456. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a study published in 1978 documented that Army helicopters equipped with a crash resistant fuel system had reduced thermal injuries by 75% and that there were no thermal fatalities during the 1970-1976 study period.

457. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that the National Transportation Safety Board published a report in 1980 that made a recommendation to the Federal Aviation Administration regarding the implementation of crash resistant fuel systems in an effort to reduce the incidence of post-crash fires.

458. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that it is important to provide occupants of helicopters with the time to evacuate the helicopter and move away from the vicinity before being consumed by smoke and fire.

459. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that improved crash resistance standards incorporating fuel system design features to minimize the hazard of fuel fires to occupants following an otherwise survivable impact were enacted in 1994.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

460. Prior to the subject crash, Defendant Airbus, Inc. knew of the enhanced safety of crashworthy fuel tanks.

461. The fuel system on the subject helicopter was defective in design and unreasonably dangerous in design in that it catastrophically failed when subjected to known survivable crash conditions resulting in a significant post-crash explosion and fuel fed fire.

462. The conduct of Defendant Airbus, Inc. was willful and wanton given their conscious decision to manufacture and market the subject helicopter without a crash resistant fuel system.

463. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Airbus, Inc., Jonathan Neil Udall died.

464. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

465. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

466. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**TWENTY-FIRST CAUSE OF ACTION**

**(STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT AIRBUS HELICOPTERS, INC. – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

467. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

468. The helicopter, which crashed and burned on February 10, 2018 was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

469. That at all times pertinent hereto, Defendant Airbus, Inc. failed to provide an adequate warning as to the dangers of use of said helicopter, including the tail rotor system and fuel system, which were then unreasonably dangerous.

470. Defendant Airbus, Inc. failed to adequately warn foreseeable users of the risk of harm from the defective design of the tail rotor system in that a failure of the system would render the helicopter uncontrollable.

471. Defendant Airbus, Inc. failed to adequately warn foreseeable users of the risk of harm from the defective design of the fuel system in that the fuel tank was incapable of withstanding impact of a minimal to moderate nature.

472. The helicopter was used in a manner reasonably anticipated.

473. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Airbus, Inc., Jonathan Neil Udall died.

474. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction,

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

475. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

476. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**TWENTY-SECOND CAUSE OF ACTION**

**(NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, INC. TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE HELICOPTER – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

477. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

478. Defendant Airbus, Inc. designed, manufactured, assembled, supplied, distributed, or sold the aforementioned helicopter and/or related component parts used therein in the course of its business.

479. Defendant Airbus, Inc. held itself out as an entity that could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute and sell helicopters and/or component parts.

480. Defendant Airbus, Inc. had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, importer, distributor, and seller of helicopters and component parts would use under the same or similar circumstances.

481. Defendant Airbus, Inc. was negligent by failing to exercise reasonable care to prevent the helicopter from creating an unreasonable risk of harm to the person or one who might reasonably be expected to use or be affected by the helicopter while it was being used in the manner Defendant Airbus, Inc. might have reasonably expected.

482. Jonathan Neil Udall was one of those persons the Defendant Airbus, Inc. should reasonably have expected to use or be affected by this helicopter.

483. The helicopter and related component parts designed, manufactured, and sold by Defendant Airbus, Inc. were defective and otherwise flawed, which had the effect of creating a catastrophic failure during flight.

484. The aforesaid helicopter and/or component parts used therein relating to the design of the tail rotor system designed, manufactured, and sold by Defendant Airbus, Inc., were defective and otherwise flawed, which had the effect of allowing the helicopter to crash after a loss of tail rotor effectiveness.

485. The aforesaid helicopter and/or component parts used therein relating to the design of the fuel system configuration designed, manufactured, and sold by Defendant Airbus, Inc., were defective and otherwise flawed, which had the effect of allowing the fuel tank to fail thereby causing the helicopter to explode and burn upon a survivable crash.

486. Defendant Airbus, Inc. knew or by using ordinary care should have known of the foreseeable risk of harm caused by such flawed and dangerous condition as was created by its failure to properly design, test, manufacture, sell, monitor, field performance, accumulate field data, recall and distribute safe helicopters and component parts.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

487. Defendant Airbus, Inc. was further negligent for reasons including, but not limited to, the following:

a. Defendant designed, manufactured, and supplied an unsafe and unreasonably dangerous tail rotor system which is uncontrollable in the event of a failure, especially at low speeds, hover and/or liftoff;

b. Defendant knew that the failure of the tail rotor system renders the helicopter unsafe and uncontrollable;

c. Defendant supplied a pilot operating handbook or flight manual that did not safely and properly address failure of the tail rotor system or proper and safe emergency maneuvers;

d. Defendant failed to provide the pilot of the subject helicopter with proper in-flight warning that the tail rotor system was inoperable or failing;

e. Defendant supplied the subject helicopter without a proper warning system to advise the pilot of an in-flight tail rotor system failure;

f. Defendant selected and supplied an unsafe and unreasonably dangerous fuel tank configuration which caused the helicopter to explode and/or burn upon impact; and

g. The helicopter was not crashworthy in that the fuel tank as designed and manufactured was incapable of withstanding impact of a minimal to moderate nature.

488. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew from other crashes of its helicopters that if a helicopter is not equipped with a crash resistance fuel system, it is not crashworthy and is incapable of withstanding impact of a minimal to moderate nature.

489. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew from other crashes of its helicopters that if the helicopter fuel system does not withstand impact of a minimal to moderate nature, the fuel tank will rupture upon impact and the occupants will be horrifically and catastrophically burned.

490. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that the fatality rate increased two to three times when a post-crash fire ensued versus no post-crash fire.

491. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a study performed by Robertson Aviation, LLC and published in 2002 found that 78.5% of post-crash fires were attributable to failed fuel tanks and/or fuel lines.

492. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a crash resistant fuel system was designed and developed for the U.S. Army in the late 1960's.

493. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a drop test was conducted in 1968 on the crash resistant fuel system which was designed and developed for the U.S. Army and the crash resistant fuel system functioned as designed and no fluids were spilled.

494. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that one of the goals when designing for post-crash fire safety is to prevent spillage.

495. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that the first military helicopter produced with a crash resistant fuel system came into service in April 1970.

496. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that after April 1970, programs to retrofit existing military helicopters with crash resistant fuel systems were implemented.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

497. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that a study published in 1978 documented that Army helicopters equipped with a crash resistant fuel system had reduced thermal injuries by 75% and that there were no thermal fatalities during the 1970-1976 study period.

498. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that the National Transportation Safety Board published a report in 1980 that made a recommendation to the Federal Aviation Administration regarding the implementation of crash resistant fuel systems in an effort to reduce the incidence of post-crash fires.

499. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that it is important to provide occupants of helicopters with the time to evacuate the helicopter and move away from the vicinity before being consumed by smoke and fire.

500. Prior to the subject helicopter crash, Defendant Airbus, Inc. knew that improved crash resistance standards incorporating fuel system design features to minimize the hazard of fuel fires to occupants following an otherwise survivable impact were enacted in 1994.

501. Prior to the subject crash, Defendant Airbus, Inc. knew of the enhanced safety of crashworthy fuel tanks.

502. The fuel system on the subject helicopter was defective in design and unreasonably dangerous in design in that it catastrophically failed when subjected to known survivable crash conditions resulting in a significant post-crash explosion and fuel fed fire.

503. The conduct of Defendant Airbus, Inc. was willful and wanton given their conscious decision to manufacture and market the subject helicopter without a crash resistant fuel system.

504. As a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Airbus, Inc., the subject helicopter crashed and burned at the aforesaid location, thereby causing the death of Jonathan Neil Udall complained of herein.

505. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

506. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

507. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**TWENTY-THIRD CAUSE OF ACTION**

**(NEGLIGENCE - - FAILURE OF DEFENDANT AIRBUS HELICOPTERS, INC. TO WARN OF KNOWN HAZARD – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

508. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

509. The helicopter and component parts, manufactured and sold by Defendant Airbus, Inc. were in a defective condition and unreasonably dangerous.

510. Defendant Airbus, Inc. failed to use ordinary care to adequately warn foreseeable users of the risk of harm from use of the subject helicopter and component parts, including the tail

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

rotor system and fuel system, in that said systems contained hazards of such magnitude so as to create massive and instantaneous in-flight failure and to explode and burn in a survivable crash.

511. Defendant Airbus, Inc. failed to properly and timely report known and suspected defects, malfunctions, and failures including the precise nature and mechanism of the defect, malfunction and failure in the aircraft which is the subject of this lawsuit and thereby breached its duty to repair, replace, recall, inform and warn operators, users, passengers and others of the known and anticipated malfunctions, problems, safety hazards and defects associated with the use and continued use of the helicopter and component parts.

512. Defendant Airbus, Inc. failed to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the subject helicopter and component parts, including the tail rotor system and fuel system wherein it had an initial and continuing duty and obligation to do so.

513. Defendant failed to issue or issued improper and tardy service bulletins in regard to the helicopter.

514. Defendant Airbus, Inc. should have issued or requested issuance of proper Airworthiness Directives.

515. As a direct result of the failure of Defendant Airbus, Inc. to adequately warn of the risk of harm from the heretofore enumerated defects or hazards, Jonathan Neil Udall died.

516. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

517. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

518. Plaintiffs further claim punitive damages in that the actions and conduct heretofore set out demonstrated a reckless disregard for safety and complete indifference to the safety and rights of others, including Plaintiffs' deceased.

**TWENTY-FOURTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT XEBEC – FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT AND AIRCRAFT SERVICES – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

519. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

520. Defendant XEBEC held itself out as an entity, which could carefully and competently provide and maintain safe helicopter sightseeing tour helicopters which were utilized in the course of its operations.

521. Defendant XEBEC had a duty to use that degree of care that ordinarily careful and prudent owners, lessors, and supervisors of a helicopter sightseeing tour helicopter business would use under the same or similar circumstances.

522. Defendant XEBEC had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

523. Defendant XEBEC was negligent in its duties as follows:

a. Defendant XEBEC failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b. Defendant XEBEC failed to require that Defendant Papillon have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

c. Defendant XEBEC failed to provide proper training to its pilots;

d. Defendant XEBEC failed to require that Defendant Papillon provide proper training to its pilots;

e. Defendant XEBEC failed to properly and adequately monitor and supervise the contact and activities of their business and/or employees;

f. Defendant XEBEC failed to require that Defendant Papillon properly and adequately monitor and supervise the contact and activities of Defendant Papillon's business and/or employees;

g. Defendant XEBEC failed to have in place a policy and/or verify that weather checks are performed prior to every flight;

h. Defendant XEBEC failed to require that Defendant Papillon have in place a policy and/or verify that weather checks are performed prior to every flight;

i. Defendant XEBEC allowed inexperienced, part-time, and/or unqualified pilots to operate their aircraft;

j. Defendant XEBEC failed to require that Defendant Papillon not allow inexperienced, part-time, and/or unqualified pilots to operate their aircraft;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

k. Defendant XEBEC failed to equip their helicopters with crash resistant fuel systems to prevent thermal injuries to their passengers in the event of a survivable helicopter crash;

l. Defendant XEBEC failed to require that Defendant Papillon equip their helicopters with crash resistant fuel systems to prevent thermal injuries to their passengers in the event of a survivable helicopter crash;

m. Defendant XEBEC failed to properly maintain the subject aircraft; and

n. Defendant XEBEC failed to require that Defendant Papillon properly maintain the subject aircraft.

524. That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant XEBEC, Jonathan Neil Udall died.

525. By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

526. Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

**TWENTY-FIFTH CAUSE OF ACTION**

**(NEGLIGENCE OF DEFENDANT XEBEC – CAUSING OR AUTHORIZING THE OPERATION OF HELICOPTER IN A CARELESS OR RECKLESS MANNER- WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

527. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

528. Defendant XEBEC held itself out as an entity, which could carefully and competently provide and maintain safe helicopter sightseeing tours which were utilized in the course of its operations.

529. That Defendant XEBEC had a duty to use that degree of care that ordinarily careful and prudent owners, lessors, and supervisors of a helicopter sightseeing tour business would use under the same or similar circumstances.

530. Defendant XEBEC operated and/or authorized the helicopter to be operated in a negligent, careless or reckless manner to wit, in that:

a. Defendant XEBEC failed to have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

b. Defendant XEBEC failed to require that Defendant Papillon have in place a policy for keeping a safe distance between the helicopter and natural obstacles;

c. Defendant XEBEC failed to provide proper training to its pilots;

d. Defendant XEBEC failed to require that Defendant Papillon provide proper training to its pilots;

e. Defendant XEBEC failed to properly and adequately monitor and supervise the contact and activities of their business and/or employees;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

f.     Defendant XEBEC failed to require that Defendant Papillon properly and adequately monitor and supervise the contact and activities of their business and/or employees;

g.     Defendant XEBEC failed to have in place a policy and/or verify that weather checks are performed prior to every flight; and

h.     Defendant XEBEC failed to require that Defendant Papillon have in place a policy and/or verify that weather checks are performed prior to every flight.

531.   That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant XEBEC, Jonathan Neil Udall died.

532.   By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

533.   Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**TWENTY-SIXTH CAUSE OF ACTION**

**(NEGLIGENCE OF SCOTT BOOTH –
WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

534. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

535. On February 10 2018, Defendant Scott Booth was a licensed pilot employed part-time by Defendant Papillon.

536. On February 10, 2018, Defendant Scott Booth, in the course and scope of his employment with Defendant Papillon, provided pilot and related ground services to the owner and operator of the subject EC130 B4 helicopter in which Jonathan Neil Udall was a passenger.

537. Defendant Scott Booth held himself out as a person who could carefully and competently pilot or otherwise provide safe air transportation.

538. Defendant Scott Booth had a duty to use that degree of care that an ordinarily careful and prudent helicopter pilot would use under the same or similar circumstances.

539. Defendant Scott Booth breached that duty and was negligent by:

a. Defendant Scott Booth failed to maintain proper control of the helicopter in flight;

b. Defendant Scott Booth failed to properly avoid natural obstacles in the flight path;

c. Defendant Scott Booth failed keep a safe distance between the helicopter and natural obstacles;

d. Defendant Scott Booth failed to operate the helicopter in a safe manner;

e. Defendant Scott Booth failed to perform a proper and thorough pre-flight check;

f.     Defendant Scott Booth failed to perform the proper weather checks prior to the flight; and

g.     Defendant Scott Booth failed to properly respond to an in-flight loss of control.

540.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Scott Booth, Jonathan Neil Udall died.

541.    By virtue of Jonathan Neil Udall's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

542.    Plaintiffs further claim such damages as the decedent suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

## TWENTY-SEVENTH CAUSE OF ACTION

**(PUNITIVE DAMAGES AND DEFENDANTS' SPECIFIC ACTS AND OMISSIONS DEMONSTRATING CONSCIOUS DISREGARD AND COMPLETE INDIFFERENCE TO THE SAFETY OF HELICOPTER PASSENGERS – WRONGFUL DEATH OF JONATHAN NEIL UDALL)**

543. Plaintiffs hereby incorporate by reference, as though fully set out herein, each and every allegation of the preceding paragraphs.

544. The aforesaid acts and omissions on the part of the Defendants constitute malice, oppression, and a conscious disregard of known safety procedures, practices, and policies, thereby entitling Plaintiffs to punitive damages against Defendants Papillon, Airbus, S.A.S., and Airbus, Inc. in an amount to be proven at trial.

545. Those actions and omissions evidencing Defendants' conscious and knowing disregard of the rights or safety of others include, but are not limited to, the following:

a. Defendant Papillon, through its highest ranking-executives, managers, officers and supervisors engaged in known reckless practices with respect to the operation of its helicopters utilization of its unqualified and inexperienced part-time pilots, and related maintenance practices;

b. Defendant Papillon consciously and knowingly permitted an unqualified, part-time and inexperienced to pilot its helicopters, including the subject helicopter, which it knew was not properly qualified, or properly experienced to pilot that helicopter;

c. Defendant Papillon knowingly and consciously utilized unsafe and dangerous piloting policies and practices with respect to its aircraft fleet including with respect to the subject helicopter;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

d.  Defendant Papillon knowingly and recklessly authorized flights to be taken in weather conditions which would be dangerous to the passengers on the helicopter;

e.  Defendant Papillon knowingly and consciously maintained an unacceptable and reckless policy and procedure for flights during poor weather conditions;

f.  Defendant Papillon knowingly and recklessly purchased, leased, and/or operated uncrashworthy helicopters in that they knew from previous accidents that the fuel systems would fail upon impact of a survivable crash, and the helicopter would ignite and burn the occupants;

g.  Defendant Airbus, S.A.S., through its highest ranking-executives, managers, officers, and supervisors engaged in known reckless practices with respect to the manufacture and design of the tail rotor system in its helicopters;

h.  Defendant Airbus, S.A.S. consciously and knowing sold and distributed helicopters with uncrashworthy fuel tanks, including the subject helicopter, which it knew would rupture upon impact in a survivable helicopter crash, therefore burning the passengers of the helicopter;

i.  Defendant Airbus, S.A.S. knowingly and consciously failed to provide operators with a crash resistant fuel system retrofit when it knew that the uncrashworthy fuel tank would rupture upon impact of a survivable helicopter crash;

j.  Defendant Airbus, S.A.S. knew of the dangers of not equipping helicopters with a crash resistant fuel system yet continued to manufacture and sell helicopters without it;

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

k.    Defendant Airbus, S.A.S. knowingly and recklessly selected and supplied an unsafe and unreasonably dangerous fuel tank configuration for use on the subject helicopter which caused the helicopter to explode and burn upon impact;

l.    Defendant Airbus, Inc., through its highest ranking-executives, managers, officers, and supervisors engaged in known reckless practices with respect to the manufacture and design of the tail rotor system in its helicopters;

m.    Defendant Airbus, Inc. consciously and knowing sold and distributed helicopters with uncrashworthy fuel tanks, including the subject helicopter, which it knew would rupture upon impact in a survivable helicopter crash, therefore burning the passengers of the helicopter;

n.    Defendant Airbus, Inc. knowingly and consciously failed to provide operators with a crash resistant fuel system retrofit when it knew that the uncrashworthy fuel tank would rupture upon impact of a survivable helicopter crash;

o.    Defendant Airbus, Inc. knew of the dangers of not equipping helicopters with a crash resistant fuel system yet continued to manufacture and sell helicopters without it; and

p.    Defendant Airbus, Inc. knowingly and recklessly selected and supplied an unsafe and unreasonably dangerous fuel tank configuration for use on the subject helicopter which caused the helicopter to explode and burn upon impact.

546.    Defendants had actual knowledge of the high degree of probability and risks of harm yet continued to implement such reckless policies.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

547. Defendants knew that there was a substantially enhanced probability of a helicopter crash with resultant passenger deaths as a direct result of its reckless, despicable and indifferent practices.

548. As a direct result of the reckless conduct of Defendants substantial harm occurred in that a helicopter did crash and a passenger on board that helicopter was catastrophically injured and died.

549. Defendants, by clear and convincing evidence, demonstrated that its actions as heretofore described, cumulatively and individually, showed a reckless and complete indifference to the safety of others, notably Plaintiffs' deceased, which would have entitled the Plaintiffs' deceased to punitive damages had he lived.

WHEREFORE Plaintiffs MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased, pray judgment against Defendants as follows:

**FIRST CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**FIFTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

5. For such other and further relief as the Court may deem just and proper.

**SIXTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**SEVENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**EIGHTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**NINTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**TENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**ELEVENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**TWELFTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**THIRTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**FOURTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**FIFTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

5. For such other and further relief as the Court may deem just and proper.

**SIXTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**SEVENTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**EIGHTEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**NINETEENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**TWENTIETH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**TWENTY-FIRST CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For attorneys' fees, costs, and pre and post judgment interest;
4. For punitive damages in such sum to be determined by the jury; and
5. For such other and further relief as the Court may deem just and proper.

**TWENTY-SECOND CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**TWENTY-THIRD CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**TWENTY-FOURTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**TWENTY-FIFTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

5. For such other and further relief as the Court may deem just and proper.

**TWENTY-SIXTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

**TWENTY-SEVENTH CAUSE OF ACTION**

1. For general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. For special damages in an amount to be determined at time of trial;

3. For attorneys' fees, costs, and pre and post judgment interest;

4. For punitive damages in such sum to be determined by the jury; and

5. For such other and further relief as the Court may deem just and proper.

DATED: March 9, 2018

BERTOLDO BAKER CARTER & SMITH

By:________________________

LAWRENCE J. SMITH (NSB #6505)
7408 W. Sahara Avenue
Las Vegas, Nevada 89117

GARY C. ROBB
ANITA PORTE ROBB
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105

Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

# EXHIBIT 5

Electronically Filed
3/21/2018 10:21 AM
Steven D. Grierson
CLERK OF THE COURT

*Attorney or Party without Attorney:*
BERTOLDO BAKER CARTER & SMITH
LAWRENCE J. SMITH (NSB 6505)
7408 W. SAHARA AVENUE
LAS VEGAS, NV 89117
*Telephone No:* (702) 228-2600

*Attorney For:* PLAINTIFFS

*Ref. No. or File No.:* UDALL - 20786-18

*For Court Use Only*

*Insert name of Court, and Judicial District and Branch Court:*
DISTRICT COURT, CLARK COUNTY, NEVADA

*Plaintiff:* MARY RIGGS, etc., et al.,
*Defendant:* MATTHEW HECKER, et al.

| AFFIDAVIT OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* A-18-770467-C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; FIRST AMENDED COMPLAINT (HELICOPTER CRASH/WRONGFUL DEATH)

3. a. *Party served:* DANIEL FRIEDMAN, a Nevada resident
   b. *Person served:* party in item 3a

4. *Address where the party was served:* 6257 OVERHANG AVENUE, HENDERSON, NV 89011

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Mar 15 2018 (2) at: 06:44 PM

*Fee for Service:* $0.00
I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

6. *Person Who Served Papers:*
   a. Deyber Jimenez (R-063775, Clark)
   b. **FIRST LEGAL**
   NEVADA PI/PS LICENSE 1452
   2920 N. GREEN VALLEY PARKWAY, SUITE 514
   HENDERSON, NV 89014
   c. (702) 671-4002

03/19/18
(Date)

(Signature)

7. *STATE OF NEVADA, COUNTY OF* Clark
*Subscribed and sworn to (or affirmed) before on this* 19 *day of* March, 2018 *by Deyber Jimenez (R-063775, Clark) proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

(Notary Signature)

D.R.M. BELTRAN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 09-18-20
Certificate No: 16-3583-1

FL
FIRSTLEGAL

AFFIDAVIT OF SERVICE

2100763
(55069785)

# EXHIBIT 6

**Electronically Filed**
**3/21/2018 10:21 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

| *Attorney or Party without Attorney:* BERTOLDO BAKER CARTER & SMITH<br>LAWRENCE J. SMITH (NSB 6505)<br>7408 W. SAHARA AVENUE<br>LAS VEGAS, NV 89117<br>*Telephone No:* (702) 228-2600 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney For:* PLAINTIFFS | *Ref. No. or File No.:* UDALL - 20786-18 | | | |
| *Insert name of Court, and Judicial District and Branch Court:* DISTRICT COURT, CLARK COUNTY, NEVADA | | | | |
| *Plaintiff:* MARY RIGGS, etc., et al.,<br>*Defendant:* MATTHEW HECKER, et al. | | | | |
| AFFIDAVIT OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* A-18-770467-C |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; FIRST AMENDED COMPLAINT (HELICOPTER CRASH/WRONGFUL DEATH)

3. *a. Party served:* PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation
   *b. Person served:* DEBBIE ABERCROMBIE, AUTHORIZED AGENT, a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State.

4. *Address where the party was served:* THE CORPORATION TRUST COMPANY OF NEVADA - Registered Agent
   701 S. CARSON STREET, SUITE 200
   CARSON CITY, NV 89701

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Mar 15 2018 (2) at: 01:45 PM

*Fee for Service:* $0.00
I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

6. *Person Who Served Papers:*
   a. Toni Ruckman (R-052005, Washoe)
   b. FIRST LEGAL
   NEVADA PI/PS LICENSE 1452
   2920 N. GREEN VALLEY PARKWAY, SUITE 514
   HENDERSON, NV 89014
   c. (702) 671-4002

19 Mar 18    Toni L Ruckman
*(Date)*    *(Signature)*

7. *STATE OF NEVADA, COUNTY OF* Clark
*Subscribed and sworn to (or affirmed) before on this* 19 *day of* March, 2018 *by Toni Ruckman (R-052005, Washoe) proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

(Notary Signature)

D.R.M. BELTRAN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 09-18-20
Certificate No: 16-3583-1

AFFIDAVIT OF SERVICE

*2100778*
*(55069794)*

# EXHIBIT 7

Electronically Filed
3/30/2018 3:16 PM
Steven D. Grierson
CLERK OF THE COURT

MASS

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

CASE NO: A-18-770467-C
DEPT. NO: XIII

**EX PARTE MOTION TO ASSOCIATE COUNSEL**

DATE OF HEARING:
TIME OF HEARING:

Plaintiffs hereby move the Court for an Order permitting GARY C. ROBB and ANITA PORTE ROBB to practice in Nevada pursuant to Nevada Supreme Court Rule 42 (SCR 42). This Motion is supported by the attached "Verified Application for Association of Counsel" (Gary C. Robb) (**Exhibit 1**), "Certificates of Good Standing" from GARY C. ROBB (**Exhibit 2**), the State Bar of Nevada Statement (Gary C. Robb) (**Exhibit 3**), "Verified Application for Association of

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Counsel" (Anita Porte Robb) (**Exhibit 4**), "Certificates of Good Standing" from ANITA PORTE ROBB (**Exhibit 5**), and the State Bar of Nevada Statement (Anita Porte Robb) (**Exhibit 6**).

FURTHERMORE, inasmuch as no appearance has been entered on behalf of Defendants, Plaintiffs hereby submit along with the filing of this Ex Parte Motion a proposed Order for the Court's review and signature.

DATED: March 30, 2018

BERTOLDO BAKER CARTER & SMITH

By:______________________________
LAWRENCE J. SMITH (NSB #6505)
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

# EXHIBIT 1

EXHIBIT 1

**VAPP**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation;

CASE NO: A-18-770467-C
DEPT. NO: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident

Gary Charles Robb, Petitioner, respectfully represents:
First Middle Name Last

1. Petitioner resides at 5500 Ward Parkway
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 444-2822.
Telephone

2. Petitioner is an attorney at law and a member of the law firm of: ROBB & ROBB LLC with offices at One Kansas City Place, Suite 3900, 1200 Main Street
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 474-8080, gcr@robbrobb.com.
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Philip and Marlene Udall to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since April 24 of 1982, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Missouri where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| Courts | DATE ADMITTED |
|---|---|
| Illinois | November 5, 1981 |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars:

No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

| Lawrence | J. | Smith | 6505 |
|---|---|---|---|
| First Name | Middle Name | Last Name | NV Bar # |

who has offices at BERTOLDO BAKER CARTER & SMITH,
Firm Name/Company

7408 W. Sahara Avenue (Street Address), Las Vegas (City), Nevada (County),
89117 (Zip Code), (702) 228-2600 (Phone Number).

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| NAME | MAILING ADDRESS |
|---|---|
| Philip and Marlene Udall, Plaintiffs | 45 Woodstock Close Hedge End<br>Southampton SO30 0NG UK |
| Attorneys for Plaintiffs: | |
| Gary C. Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Anita Porte Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Lawrence J. Smith, Esq. | **BERTOLDO BAKER CARTER & SMITH**<br>7408 W. Sahara Avenue<br>Las Vegas, Nevada 89117 |
| Matthew Hecker, Defendant | 4550 Karen Avenue, Apt. 132<br>Las Vegas, Nevada 89121 |
| Daniel Friedman, Defendant | 6257 Overhang Avenue<br>Henderson, Nevada 89011 |
| Brenda Halvorson, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Geoffrey Edlund, Defendant | 1453 Foothills Village Drive<br>Henderson, Nevada 89012 |
| Elling B. Halvorson, Defendant | 5 Club Vista<br>Henderson, Nevada 89052 |
| John Becker, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Elling Kent Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |
| Lon A. Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |

| | |
|---|---|
| Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Defendant | 275 E. Tropicana Avenue<br>Suite 155<br>Las Vegas, Nevada 89109 |
| Airbus Helicopters, S.A.S., Defendant | Aeroport International<br>Marseille Provence<br>13725 Marignane – Cedex – France. |
| Airbus Helicopters, Inc., Defendant | 2701 Forum Drive<br>Grand Prairie, Texas 75053 |
| XEBEC LLC, Defendant | 12515 Willows Road NE<br>Kirkland, Washington 98034 |
| Scott Booth, Defendant | 770 Santiago Avenue<br>Long Beach, California 90804 |

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

I, Gary C. Rubb, do hereby swear/affirm under penalty of perjury that the assertions
Print Petitioner Name
of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 27th day of March, 2018

[signature]
Petitioner/Affiant (blue ink)

STATE OF Missouri )
) ss
COUNTY OF Jackson )

Subscribed and sworn to before me

this 27th day of March, 2018

[signature]
Notary Public

**DEBRA L. ISRAEL**
**Notary Public - Notary Seal**
**STATE OF MISSOURI**
**Clay County**
**My Commission Expires July 17, 2021**
**Commission # 13446278**

# DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Lawrence J. Smith hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of March, 20 18

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me
this 27th day of March, 2018
Susan C Fox
Notary Public

SUSAN C. FOX
Notary Public-State of Nevada
APPT. NO. 01-69814-1
My Appt. Expires 11-21-2021

# EXHIBIT 2

EXHIBIT 2



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523 (800) 252-8048
Fax (217) 546-3785

Gary C. Robb
Robb & Robb LLC
One Kansas City Place
1200 Main Street, Suite 3900
Kansas City, MO 64105

Chicago
Thursday, March 08, 2018

Re: Gary Charles Robb
Attorney No. 6181314

To Whom It May Concern:

We have received a request for written verification of the status of Gary Charles Robb for use by officials responsible for the review of the attorney's application for admission to the bar of another jurisdiction, or for a judicial position or for government employment. We have also received a Waiver and Authorization signed by the attorney. Pursuant to Commission policy, the following information is provided.

The records of the Clerk of the Supreme Court of Illinois and of this office reflect that Gary Charles Robb was admitted to practice law in Illinois on 11/5/1981; is currently registered with this Commission and in good standing as an Illinois attorney; has never been disciplined or the subject of a disciplinary proceeding in this state; and is not the subject of any pending disciplinary investigations.

Very truly yours,
Jerome Larkin
Administrator

By: ______________________
Darryl R. Evans
Senior Deputy Registrar

DRE

# *The Supreme Court of Missouri*

## *Certificate of Admission as an Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the records of this office show that on 4/24/1982,

*Gary Charles Robb*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme Court of Missouri and all courts of record in this state, and is, on the date indicated below, a member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the Supreme Court of Missouri at my office in Jefferson City, Missouri, this 6th day of March, 2018.

Betsy AuBuchon

Clerk of the Supreme Court of Missouri

# EXHIBIT 3

EXHIBIT 3

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 23, 2018

2. APPLYING ATTORNEY: Gary Charles Robb, Esq.

3. FIRM NAME AND ADDRESS: Robb & Robb, LLC, One Kansas City Place, Suite 3900, 1200 Main Street, Kansas City, MO 64105

4. NEVADA COUNSEL OF RECORD: Lawrence J. Smith, Esq., Bertoldo Baker Carter & Smith, 7408 W. Sahara Ave., Las Vegas, NV 89117

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this March 29, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 4

EXHIBIT 4

**VAPP**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation;

CASE NO: A-18-770467-C
DEPT. NO: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

---

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident

Anita Porte Robb, Petitioner, respectfully represents:
First Middle Name Last

1. Petitioner resides at 5500 Ward Parkway
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 444-2822.
Telephone

2. Petitioner is an attorney at law and a member of the law firm of: ROBB & ROBB LLC with offices at One Kansas City Place, Suite 3900, 1200 Main Street
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 474-8080, apr@robbrobb.com.
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Philip and Marlene Udall to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since September 23 of 1982, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Missouri where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts: DATE ADMITTED

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars:

No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

| Lawrence | J. | Smith | 6505 |
|---|---|---|---|
| First Name | Middle Name | Last Name | NV Bar # |

who has offices at BERTOLDO BAKER CARTER & SMITH,
Firm Name/Company

7408 W. Sahara Avenue, Las Vegas, Nevada,
Street Address, City, County

89117, (702) 228-2600.
Zip Code, Phone Number

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

| NAME | MAILING ADDRESS |
|---|---|
| Philip and Marlene Udall, Plaintiffs | 45 Woodstock Close Hedge End<br>Southampton SO30 0NG UK |
| Attorneys for Plaintiffs: | |
| Gary C. Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Anita Porte Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Lawrence J. Smith, Esq. | **BERTOLDO BAKER CARTER & SMITH**<br>7408 W. Sahara Avenue<br>Las Vegas, Nevada 89117 |
| Matthew Hecker, Defendant | 4550 Karen Avenue, Apt. 132<br>Las Vegas, Nevada 89121 |
| Daniel Friedman, Defendant | 6257 Overhang Avenue<br>Henderson, Nevada 89011 |
| Brenda Halvorson, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Geoffrey Edlund, Defendant | 1453 Foothills Village Drive<br>Henderson, Nevada 89012 |
| Elling B. Halvorson, Defendant | 5 Club Vista<br>Henderson, Nevada 89052 |
| John Becker, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Elling Kent Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| | |
|---|---|
| Lon A. Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |
| Papillon Airways, Inc. d/b/a<br>Papillon Grand Canyon Helicopters, Defendant | 275 E. Tropicana Avenue<br>Suite 155<br>Las Vegas, Nevada 89109 |
| Airbus Helicopters, S.A.S., Defendant | Aeroport International<br>Marseille Provence<br>13725 Marignane – Cedex – France. |
| Airbus Helicopters, Inc., Defendant | 2701 Forum Drive<br>Grand Prairie, Texas 75053 |
| XEBEC LLC, Defendant | 12515 Willows Road NE<br>Kirkland, Washington 98034 |
| Scott Booth, Defendant | 770 Santiago Avenue<br>Long Beach, California 90804 |

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

I, Anita Porte Robb, do hereby swear/affirm under penalty of perjury that the assertions
Print Petitioner Name
of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 27th day of March, 2018

Petitioner/Affiant (blue ink)

STATE OF Missouri )
) ss
COUNTY OF Jackson )

Subscribed and sworn to before me

this 27th day of March, 20 18

Notary Public

DEBRA L. ISRAEL
Notary Public - Notary Seal
STATE OF MISSOURI
Clay County
My Commission Expires July 17, 2021
Commission # 13446278

## DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Lawrence J. Smith hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of March, 20 18

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me
this 27th day of March, 20 18
Susan C Fox
Notary Public

SUSAN C. FOX
Notary Public-State of Nevada
APPT. NO. 01-68814-1
My Appt. Expires 11-21-2021

# EXHIBIT 5

EXHIBIT 5

# *The Supreme Court of Missouri*

# *Certificate of Admission as an Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the records of this office show that on 9/23/1982,

*Anita Porte Robb*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme Court of Missouri and all courts of record in this state, and is, on the date indicated below, a member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the Supreme Court of Missouri at my office in Jefferson City, Missouri, this 6th day of March, 2018.

Betsy AuBuchon

Clerk of the Supreme Court of Missouri

# EXHIBIT 6

EXHIBIT 6

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 23, 2018

2. APPLYING ATTORNEY: Anita Porte Robb, Esq.

3. FIRM NAME AND ADDRESS: Robb & Robb LLC, One Kansas City Place, Suite 3900, 1200 Main Street, Kansas City, MO 64105

4. NEVADA COUNSEL OF RECORD: Lawrence J. Smith, Esq., Bertoldo Baker Carter & Smith, 7408 W. Sahara Ave., Las Vegas, NV 89117

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this March 29, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 8

Electronically Filed
4/2/2018 9:09 AM
Steven D. Grierson
CLERK OF THE COURT

**MASS**
LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

CASE NO: A-18-770467-C
DEPT. NO: XIII

**EX PARTE MOTION TO ASSOCIATE COUNSEL**

DATE OF HEARING:
TIME OF HEARING:

Plaintiffs hereby move the Court for an Order permitting GARY C. ROBB and ANITA PORTE ROBB to practice in Nevada pursuant to Nevada Supreme Court Rule 42 (SCR 42). This Motion is supported by the attached "Verified Application for Association of Counsel" (Gary C. Robb) (**Exhibit 1**), "Certificates of Good Standing" from GARY C. ROBB (**Exhibit 2**), the State Bar of Nevada Statement (Gary C. Robb) (**Exhibit 3**), "Verified Application for Association of

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Counsel" (Anita Porte Robb) (**Exhibit 4**), "Certificates of Good Standing" from ANITA PORTE ROBB (**Exhibit 5**), and the State Bar of Nevada Statement (Anita Porte Robb) (**Exhibit 6**).

FURTHERMORE, inasmuch as no appearance has been entered on behalf of Defendants, Plaintiffs hereby submit along with the filing of this Ex Parte Motion a proposed Order for the Court's review and signature.

DATED: March 30, 2018

BERTOLDO BAKER CARTER & SMITH

By:______________________________
LAWRENCE J. SMITH (NSB #6505)
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

# EXHIBIT 1

EXHIBIT 1

**VAPP**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation;

CASE NO: A-18-770467-C
DEPT. NO: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident

Gary Charles Robb, Petitioner, respectfully represents:
First Middle Name Last

1. Petitioner resides at 5500 Ward Parkway
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 444-2822.
Telephone

2. Petitioner is an attorney at law and a member of the law firm of: ROBB & ROBB LLC with offices at One Kansas City Place, Suite 3900, 1200 Main Street
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 474-8080, gcr@robbrobb.com.
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Philip and Marlene Udall to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since April 24 of 1982, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Missouri where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| Courts | DATE ADMITTED |
|---|---|
| Illinois | November 5, 1981 |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars: No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
| --- | --- | --- | --- |
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

Lawrence (First Name) J. (Middle Name) Smith (Last Name) 6505 (NV Bar #),

who has offices at BERTOLDO BAKER CARTER & SMITH (Firm Name/Company),

7408 W. Sahara Avenue (Street Address), Las Vegas (City), Nevada (County),

89117 (Zip Code), (702) 228-2600 (Phone Number).

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| NAME | MAILING ADDRESS |
|---|---|
| Philip and Marlene Udall, Plaintiffs | 45 Woodstock Close Hedge End Southampton SO30 0NG UK |
| Attorneys for Plaintiffs: | |
| Gary C. Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Anita Porte Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Lawrence J. Smith, Esq. | **BERTOLDO BAKER CARTER & SMITH**<br>7408 W. Sahara Avenue<br>Las Vegas, Nevada 89117 |
| Matthew Hecker, Defendant | 4550 Karen Avenue, Apt. 132<br>Las Vegas, Nevada 89121 |
| Daniel Friedman, Defendant | 6257 Overhang Avenue<br>Henderson, Nevada 89011 |
| Brenda Halvorson, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Geoffrey Edlund, Defendant | 1453 Foothills Village Drive<br>Henderson, Nevada 89012 |
| Elling B. Halvorson, Defendant | 5 Club Vista<br>Henderson, Nevada 89052 |
| John Becker, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Elling Kent Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |
| Lon A. Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |

| | |
|---|---|
| Papillon Airways, Inc. d/b/a<br>Papillon Grand Canyon Helicopters, Defendant | 275 E. Tropicana Avenue<br>Suite 155<br>Las Vegas, Nevada 89109 |
| Airbus Helicopters, S.A.S., Defendant | Aeroport International<br>Marseille Provence<br>13725 Marignane – Cedex – France. |
| Airbus Helicopters, Inc., Defendant | 2701 Forum Drive<br>Grand Prairie, Texas 75053 |
| XEBEC LLC, Defendant | 12515 Willows Road NE<br>Kirkland, Washington 98034 |
| Scott Booth, Defendant | 770 Santiago Avenue<br>Long Beach, California 90804 |

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

I, Gary C. Rubb (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 27th day of March, 2018

Petitioner/Affiant (blue ink)

STATE OF Missouri )
) ss
COUNTY OF Jackson )

Subscribed and sworn to before me

this 27th day of March, 2018

Notary Public

**DEBRA L. ISRAEL**
**Notary Public - Notary Seal**
**STATE OF MISSOURI**
**Clay County**
**My Commission Expires July 17, 2021**
**Commission # 13446278**

## DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Lawrence J. Smith hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of March, 20 18

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me
this 27th day of March, 20 18
Susan C Fox
Notary Public

SUSAN C. FOX
Notary Public-State of Nevada
APPT. NO. 01-68814-1
My Appt. Expires 11-21-2021

# EXHIBIT 2

EXHIBIT 2



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523 (800) 252-8048
Fax (217) 546-3785

Gary C. Robb
Robb & Robb LLC
One Kansas City Place
1200 Main Street, Suite 3900
Kansas City, MO 64105

Chicago
Thursday, March 08, 2018

Re: Gary Charles Robb
Attorney No. 6181314

To Whom It May Concern:

We have received a request for written verification of the status of Gary Charles Robb for use by officials responsible for the review of the attorney's application for admission to the bar of another jurisdiction, or for a judicial position or for government employment. We have also received a Waiver and Authorization signed by the attorney. Pursuant to Commission policy, the following information is provided.

The records of the Clerk of the Supreme Court of Illinois and of this office reflect that Gary Charles Robb was admitted to practice law in Illinois on 11/5/1981; is currently registered with this Commission and in good standing as an Illinois attorney; has never been disciplined or the subject of a disciplinary proceeding in this state; and is not the subject of any pending disciplinary investigations.

Very truly yours,
Jerome Larkin
Administrator

By: ______________________
Darryl R. Evans
Senior Deputy Registrar

DRE

# *The Supreme Court of Missouri*

## *Certificate of Admission as an Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the records of this office show that on 4/24/1982,

*Gary Charles Robb*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme Court of Missouri and all courts of record in this state, and is, on the date indicated below, a member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the Supreme Court of Missouri at my office in Jefferson City, Missouri, this 6th day of March, 2018.

Betsy AuBuchon

Clerk of the Supreme Court of Missouri

# EXHIBIT 3

EXHIBIT 3

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 23, 2018

2. APPLYING ATTORNEY: Gary Charles Robb, Esq.

3. FIRM NAME AND ADDRESS: Robb & Robb, LLC, One Kansas City Place, Suite 3900, 1200 Main Street, Kansas City, MO 64105

4. NEVADA COUNSEL OF RECORD: Lawrence J. Smith, Esq., Bertoldo Baker Carter & Smith, 7408 W. Sahara Ave., Las Vegas, NV 89117

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this March 29, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 4

EXHIBIT 4

**VAPP**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation;

CASE NO: A-18-770467-C
DEPT. NO: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

---

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident

Anita Porte Robb, Petitioner, respectfully represents:
First Middle Name Last

1. Petitioner resides at 5500 Ward Parkway
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 444-2822.
Telephone

2. Petitioner is an attorney at law and a member of the law firm of: ROBB & ROBB LLC with offices at One Kansas City Place, Suite 3900, 1200 Main Street
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 474-8080, apr@robbrobb.com.
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Philip and Marlene Udall to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since September 23 of 1982, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Missouri where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

DATE ADMITTED

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars:

No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

| First Name | Middle Name | Last Name | NV Bar # |
|---|---|---|---|
| Lawrence | J. | Smith | 6505 |

who has offices at BERTOLDO BAKER CARTER & SMITH (Firm Name/Company),

7408 W. Sahara Avenue (Street Address), Las Vegas (City), Nevada (County),

89117 (Zip Code), (702) 228-2600 (Phone Number).

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

| NAME | MAILING ADDRESS |
|---|---|
| Philip and Marlene Udall, Plaintiffs | 45 Woodstock Close Hedge End<br>Southampton SO30 0NG UK |
| Attorneys for Plaintiffs: | |
| Gary C. Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Anita Porte Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Lawrence J. Smith, Esq. | **BERTOLDO BAKER CARTER & SMITH**<br>7408 W. Sahara Avenue<br>Las Vegas, Nevada 89117 |
| Matthew Hecker, Defendant | 4550 Karen Avenue, Apt. 132<br>Las Vegas, Nevada 89121 |
| Daniel Friedman, Defendant | 6257 Overhang Avenue<br>Henderson, Nevada 89011 |
| Brenda Halvorson, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Geoffrey Edlund, Defendant | 1453 Foothills Village Drive<br>Henderson, Nevada 89012 |
| Elling B. Halvorson, Defendant | 5 Club Vista<br>Henderson, Nevada 89052 |
| John Becker, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Elling Kent Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| | |
|---|---|
| Lon A. Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |
| Papillon Airways, Inc. d/b/a<br>Papillon Grand Canyon Helicopters, Defendant | 275 E. Tropicana Avenue<br>Suite 155<br>Las Vegas, Nevada 89109 |
| Airbus Helicopters, S.A.S., Defendant | Aeroport International<br>Marseille Provence<br>13725 Marignane – Cedex – France. |
| Airbus Helicopters, Inc., Defendant | 2701 Forum Drive<br>Grand Prairie, Texas 75053 |
| XEBEC LLC, Defendant | 12515 Willows Road NE<br>Kirkland, Washington 98034 |
| Scott Booth, Defendant | 770 Santiago Avenue<br>Long Beach, California 90804 |

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

I, Anita Porte Robb (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 27th day of March, 2018

[signature]
Petitioner/Affiant (blue ink)

STATE OF Missouri )
) ss
COUNTY OF Jackson )

Subscribed and sworn to before me

this 27th day of March, 2018

[signature]
Notary Public

DEBRA L. ISRAEL
Notary Public - Notary Seal
STATE OF MISSOURI
Clay County
My Commission Expires July 17, 2021
Commission # 13446278

## DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Lawrence J. Smith hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of March, 20 18

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me
this 27th day of March, 20 18
Susan C Fox
Notary Public

SUSAN C. FOX
Notary Public-State of Nevada
APPT. NO. 01-68814-1
My Appt. Expires 11-21-2021

# EXHIBIT 5

EXHIBIT 5

# *The Supreme Court of Missouri*

## *Certificate of Admission as an Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the records of this office show that on 9/23/1982,

*Anita Porte Robb*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme Court of Missouri and all courts of record in this state, and is, on the date indicated below, a member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the Supreme Court of Missouri at my office in Jefferson City, Missouri, this 6th day of March, 2018.

Betsy AuBuchon

Clerk of the Supreme Court of Missouri

# EXHIBIT 6

EXHIBIT 6

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 23, 2018

2. APPLYING ATTORNEY: Anita Porte Robb, Esq.

3. FIRM NAME AND ADDRESS: Robb & Robb LLC, One Kansas City Place, Suite 3900, 1200 Main Street, Kansas City, MO 64105

4. NEVADA COUNSEL OF RECORD: Lawrence J. Smith, Esq., Bertoldo Baker Carter & Smith, 7408 W. Sahara Ave., Las Vegas, NV 89117

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this March 29, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 9

Electronically Filed
4/9/2018 9:41 AM
Steven D. Grierson
CLERK OF THE COURT

| | |
|---|---|
| *Attorney or Party without Attorney:* BERTOLDO BAKER CARTER & SMITH LAWRENCE J. SMITH (SBN 6505) 7408 W. SAHARA AVENUE LAS VEGAS, NV 89117 *Telephone No:* (702) 228-2600 | *For Court Use Only* |
| *Attorney For:* PLAINTIFFS | *Ref. No. or File No.:* 20786-18 |
| *Insert name of Court, and Judicial District and Branch Court:* DISTRICT COURT, CLARK COUNTY, NEVADA | |
| *Plaintiff:* MARY RIGGS, etc., et al., *Defendant:* MATTHEW HECKER, et al. | |

| AFFIDAVIT OF SERVICE | *Hearing Date:* 4/11/2018 | *Time:* 10:00 A.M. | *Dept/Div:* | *Case Number:* A-18-770467-C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA DUCES TECUM

3. *a. Party served:* CUSTODIAN OF RECORDS FOR CLARK COUNTY CORONER
   *b. Person served:* DUSTIN CHACON, ADMINISTRATIVE ASSISTANT, AUTHORIZED TO ACCEPT

4. *Address where the party was served:* 1704 PINTO LANE, LAS VEGAS, NV 89106

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Mar 23 2018 (2) at: 11:05 AM
   *b. I received this subpoena for service on:* Mar 22, 2018

6. *Witness fees were offered or demanded, and paid:* $0.00

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

7. *Person Who Served Papers:*
   a. Leidy Serna (R-029907, Clark)
   **b. FIRST LEGAL**
   NEVADA PI/PS LICENSE 1452
   2920 N. GREEN VALLEY PARKWAY, SUITE 514
   HENDERSON, NV 89014
   c. (702) 671-4002

4-3-18
*(Date)*

*(Signature)*

8. *STATE OF NEVADA, COUNTY OF* Clark
   *Subscribed and sworn to (or affirmed) before on this* 3 *day of* April, 2018 *by Leidy Serna (R-029907, Clark) proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

(Notary Signature)

D.R.M. BELTRAN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 09-19-20
Certificate No: 16-3583-1

FL
FIRSTLEGAL

AFFIDAVIT OF SERVICE

*2123326*
*(55071036)*

# EXHIBIT 10

Electronically Filed
4/13/2018 9:34 AM
Steven D. Grierson
CLERK OF THE COURT

**ACSR**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900
1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiffs

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
* * *

| | |
|---|---|
| MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS | CASE NO: A-18-770467-C<br>DEPT. NO: 13<br><br>**ACCEPTANCE OF SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT** |

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

I, WILLIAM J. KATT with the law firm of WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, counsel for Defendants MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, XEBEC LLC and SCOTT BOOTH, hereby accept service of Summons and First Amended Complaint on behalf of Defendants MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, XEBEC LLC and SCOTT BOOTH.

DATED: April 13, 2018

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

By: ______________________
WILLIAM J. KATT *(Pending Pro Hac Vice)*
740 North Plankinton Avenue, Suite 600
Milwaukee, Wisconsin 53203
Telephone: (414) 276-8816
william.katt@wilsonelser.com

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

# EXHIBIT 11

Electronically Filed
4/16/2018 5:58 PM
Steven D. Grierson
CLERK OF THE COURT

NOH

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; et al.,

Defendants.

CASE NO: A-18-770467-C
DEPT. NO: XIII

**NOTICE OF HEARING**

DATE OF HEARING:
TIME OF HEARING:

PLEASE TAKE NOTICE the undersigned will bring the attached **EX PARTE MOTION TO ASSOCIATE COUNSEL** on for hearing before the this Honorable Court on the 24 day of May, 2018 at 9 00 A.M., or as soon thereafter as counsel can be heard.

DATED: April 13, 2018

BERTOLDO BAKER CARTER & SMITH

By: ______________________
LAWRENCE J. SMITH (NSB #6505)
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Electronically Filed
3/30/2018 3:16 PM
Steven D. Grierson
CLERK OF THE COURT

MASS
LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEAL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation; XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident,

Defendants.

CASE NO: A-18-770467-C
DEPT. NO: XIII

**EX PARTE MOTION TO ASSOCIATE COUNSEL**

DATE OF HEARING:
TIME OF HEARING:

Plaintiffs hereby move the Court for an Order permitting GARY C. ROBB and ANITA PORTE ROBB to practice in Nevada pursuant to Nevada Supreme Court Rule 42 (SCR 42). This Motion is supported by the attached "Verified Application for Association of Counsel" (Gary C. Robb) (**Exhibit 1**), "Certificates of Good Standing" from GARY C. ROBB (**Exhibit 2**), the State Bar of Nevada Statement (Gary C. Robb) (**Exhibit 3**), "Verified Application for Association of

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

Counsel" (Anita Porte Robb) (**Exhibit 4**), "Certificates of Good Standing" from ANITA PORTE ROBB (**Exhibit 5**), and the State Bar of Nevada Statement (Anita Porte Robb) (**Exhibit 6**).

FURTHERMORE, inasmuch as no appearance has been entered on behalf of Defendants, Plaintiffs hereby submit along with the filing of this Ex Parte Motion a proposed Order for the Court's review and signature.

DATED: March 30, 2018

BERTOLDO BAKER CARTER & SMITH

By:________________________________

LAWRENCE J. SMITH (NSB #6505)
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiffs

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

# EXHIBIT 1

EXHIBIT 1

**VAPP**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation;

CASE NO: A-18-770467-C
DEPT. NO: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident

Gary Charles Robb, Petitioner, respectfully represents:
First Middle Name Last

1. Petitioner resides at 5500 Ward Parkway
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 444-2822.
Telephone

2. Petitioner is an attorney at law and a member of the law firm of: ROBB & ROBB LLC with offices at One Kansas City Place, Suite 3900, 1200 Main Street
Street Address

Kansas City, Jackson, Missouri, 64105
City County State Zip Code

(816) 474-8080, gcr@robbrobb.com.
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Philip and Marlene Udall to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since April 24 of 1982, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Missouri where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| Courts | DATE ADMITTED |
|---|---|
| Illinois | November 5, 1981 |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars:

No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

Lawrence (First Name) J. (Middle Name) Smith (Last Name) 6505 (NV Bar #),

who has offices at BERTOLDO BAKER CARTER & SMITH (Firm Name/Company),

7408 W. Sahara Avenue (Street Address), Las Vegas (City), Nevada (County),
89117 (Zip Code), (702) 228-2600 (Phone Number).

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

| NAME | MAILING ADDRESS |
|---|---|
| Philip and Marlene Udall, Plaintiffs | 45 Woodstock Close Hedge End<br>Southampton SO30 0NG UK |
| Attorneys for Plaintiffs: | |
| Gary C. Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Anita Porte Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Lawrence J. Smith, Esq. | **BERTOLDO BAKER CARTER & SMITH**<br>7408 W. Sahara Avenue<br>Las Vegas, Nevada 89117 |
| Matthew Hecker, Defendant | 4550 Karen Avenue, Apt. 132<br>Las Vegas, Nevada 89121 |
| Daniel Friedman, Defendant | 6257 Overhang Avenue<br>Henderson, Nevada 89011 |
| Brenda Halvorson, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Geoffrey Edlund, Defendant | 1453 Foothills Village Drive<br>Henderson, Nevada 89012 |
| Elling B. Halvorson, Defendant | 5 Club Vista<br>Henderson, Nevada 89052 |
| John Becker, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Elling Kent Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |
| Lon A. Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| | |
|---|---|
| Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Defendant | 275 E. Tropicana Avenue<br>Suite 155<br>Las Vegas, Nevada 89109 |
| Airbus Helicopters, S.A.S., Defendant | Aeroport International<br>Marseille Provence<br>13725 Marignane – Cedex – France. |
| Airbus Helicopters, Inc., Defendant | 2701 Forum Drive<br>Grand Prairie, Texas 75053 |
| XEBEC LLC, Defendant | 12515 Willows Road NE<br>Kirkland, Washington 98034 |
| Scott Booth, Defendant | 770 Santiago Avenue<br>Long Beach, California 90804 |

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

I, Gary C. Rubb (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 27th day of March, 2018

Petitioner/Affiant (blue ink)

STATE OF Missouri )
) ss
COUNTY OF Jackson )

Subscribed and sworn to before me

this 27th day of March, 2018

Notary Public

**DEBRA L. ISRAEL**
**Notary Public - Notary Seal**
**STATE OF MISSOURI**
**Clay County**
**My Commission Expires July 17, 2021**
**Commission # 13446278**

**DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL**

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Lawrence J. Smith hereby agree to associate with Petitioner referenced hereinabove

Print Nevada Counsel Name

and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of March, 20 18

[signature]

Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me

this 27th day of March, 20 18

Susan C Fox

Notary Public

SUSAN C. FOX
Notary Public-State of Nevada
APPT. NO. 01-68814-1
My Appt. Expires 11-21-2021

# EXHIBIT 2

EXHIBIT 2



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523 (800) 252-8048
Fax (217) 546-3785

Gary C. Robb
Robb & Robb LLC
One Kansas City Place
1200 Main Street, Suite 3900
Kansas City, MO 64105

Chicago
Thursday, March 08, 2018

Re: Gary Charles Robb
Attorney No. 6181314

To Whom It May Concern:

We have received a request for written verification of the status of Gary Charles Robb for use by officials responsible for the review of the attorney's application for admission to the bar of another jurisdiction, or for a judicial position or for government employment. We have also received a Waiver and Authorization signed by the attorney. Pursuant to Commission policy, the following information is provided.

The records of the Clerk of the Supreme Court of Illinois and of this office reflect that Gary Charles Robb was admitted to practice law in Illinois on 11/5/1981; is currently registered with this Commission and in good standing as an Illinois attorney; has never been disciplined or the subject of a disciplinary proceeding in this state; and is not the subject of any pending disciplinary investigations.

Very truly yours,
Jerome Larkin
Administrator

By: ______________________
Darryl R. Evans
Senior Deputy Registrar

DRE

# *The Supreme Court of Missouri*

## *Certificate of Admission as an Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the records of this office show that on 4/24/1982,

*Gary Charles Robb*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme Court of Missouri and all courts of record in this state, and is, on the date indicated below, a member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the Supreme Court of Missouri at my office in Jefferson City, Missouri, this 6th day of March, 2018.

Betsy AuBuchon

Clerk of the Supreme Court of Missouri

# EXHIBIT 3

EXHIBIT 3

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 23, 2018

2. APPLYING ATTORNEY: Gary Charles Robb, Esq.

3. FIRM NAME AND ADDRESS: Robb & Robb, LLC, One Kansas City Place, Suite 3900, 1200 Main Street, Kansas City, MO 64105

4. NEVADA COUNSEL OF RECORD: Lawrence J. Smith, Esq., Bertoldo
   Baker Carter & Smith, 7408 W. Sahara Ave., Las Vegas, NV 89117

5. There is no record of previous applications for appearance by
   petitioner within the past three (3) years.


DATED this March 29, 2018


Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 4

EXHIBIT 4

**VAPP**
GARY C. ROBB[1]
ANITA PORTE ROBB[2]
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone : (816) 474-8080
Facsimile : (816) 474-8081
E-mail : gcr@robbrobb.com
apr@robbrobb.com

LAWRENCE J. SMITH (NSB #6505)
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone : (702) 228-2600
Facsimile : (702) 228-2333
E-mail : lawre3@NVLegalJustice.com

Attorneys for Plaintiff

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEAL UDALL, for the benefit of the ESTATE OF JONATHAN NEAL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

vs.

MATTHEW HECKER, a Nevada resident; DANIEL FRIEDMAN, a Nevada resident; BRENDA HALVORSON, a Nevada resident; GEOFFREY EDLUND, a Nevada resident; ELLING B. HALVORSON, a Nevada resident; JOHN BECKER, a Nevada resident; PAPILLON ELLING KENT HALVORSON, a Washington resident; LON A. HALVORSON, a Washington resident; PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON ELICOPTERS, an Arizona Corporation; AIRBUS HELICOPTERS, S.A.S., a French Corporation; AIRBUS HELICOPTERS, INC., a Delaware Corporation;

CASE NO: A-18-770467-C
DEPT. NO: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

[1] Pro Hac Vice pending
[2] Pro Hac Vice pending

XEBEC LLC, a Washington Limited Liability Company; and SCOTT BOOTH, a California resident

Anita (First) Porte (Middle Name) Robb (Last), Petitioner, respectfully represents:

1. Petitioner resides at 5500 Ward Parkway (Street Address)

Kansas City (City), Jackson (County), Missouri (State), 64105 (Zip Code)

(816) 444-2822 (Telephone).

2. Petitioner is an attorney at law and a member of the law firm of: ROBB & ROBB LLC with offices at One Kansas City Place, Suite 3900, 1200 Main Street (Street Address)

Kansas City (City), Jackson (County), Missouri (State), 64105 (Zip Code)

(816) 474-8080 (Telephone), apr@robbrobb.com (Email).

3. Petitioner has been retained personally or as a member of the above named law firm by Philip and Marlene Udall to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since September 23 of 1982, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Missouri where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

DATE ADMITTED

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars:

No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

Lawrence (First Name) J. (Middle Name) Smith (Last Name) 6505 (NV Bar #),

who has offices at BERTOLDO BAKER CARTER & SMITH (Firm Name/Company),

7408 W. Sahara Avenue (Street Address), Las Vegas (City), Nevada (County),

89117 (Zip Code), (702) 228-2600 (Phone Number).

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

| NAME | MAILING ADDRESS |
|---|---|
| Philip and Marlene Udall, Plaintiffs | 45 Woodstock Close Hedge End<br>Southampton SO30 0NG UK |
| Attorneys for Plaintiffs: | |
| Gary C. Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Anita Porte Robb, Esq. | **ROBB & ROBB LLC**<br>One Kansas City Place<br>1200 Main Street<br>Suite 3900<br>Kansas City, Missouri 64105 |
| Lawrence J. Smith, Esq. | **BERTOLDO BAKER CARTER & SMITH**<br>7408 W. Sahara Avenue<br>Las Vegas, Nevada 89117 |
| Matthew Hecker, Defendant | 4550 Karen Avenue, Apt. 132<br>Las Vegas, Nevada 89121 |
| Daniel Friedman, Defendant | 6257 Overhang Avenue<br>Henderson, Nevada 89011 |
| Brenda Halvorson, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Geoffrey Edlund, Defendant | 1453 Foothills Village Drive<br>Henderson, Nevada 89012 |
| Elling B. Halvorson, Defendant | 5 Club Vista<br>Henderson, Nevada 89052 |
| John Becker, Defendant | 1265 Airport Road<br>Boulder City, Nevada 89005 |
| Elling Kent Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

| | |
|---|---|
| Lon A. Halvorson, Defendant | 12515 Willows Road, NE<br>Suite 200<br>Kirkland, Washington 98034 |
| Papillon Airways, Inc. d/b/a<br>Papillon Grand Canyon Helicopters, Defendant | 275 E. Tropicana Avenue<br>Suite 155<br>Las Vegas, Nevada 89109 |
| Airbus Helicopters, S.A.S., Defendant | Aeroport International<br>Marseille Provence<br>13725 Marignane – Cedex – France. |
| Airbus Helicopters, Inc., Defendant | 2701 Forum Drive<br>Grand Prairie, Texas  75053 |
| XEBEC LLC, Defendant | 12515 Willows Road NE<br>Kirkland, Washington 98034 |
| Scott Booth, Defendant | 770 Santiago Avenue<br>Long Beach, California 90804 |

14.     Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15.     Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

I, Anita Porte Robb (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 27th day of March, 2018

______________________
Petitioner/Affiant (blue ink)

STATE OF Missouri )
) ss
COUNTY OF Jackson )

Subscribed and sworn to before me

this 27th day of March, 2018

______________________
Notary Public

DEBRA L. ISRAEL
Notary Public - Notary Seal
STATE OF MISSOURI
Clay County
My Commission Expires July 17, 2021
Commission # 13446278

## DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Lawrence J. Smith hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of March, 20 18

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me
this 27th day of March, 20 18
Susan C Fox
Notary Public

SUSAN C. FOX
Notary Public-State of Nevada
APPT. NO. 01-68814-1
My Appt. Expires 11-21-2021

# EXHIBIT 5

EXHIBIT 5

# *The Supreme Court of Missouri*

## *Certificate of Admission as an Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the records of this office show that on 9/23/1982,

*Anita Porte Robb*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme Court of Missouri and all courts of record in this state, and is, on the date indicated below, a member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the Supreme Court of Missouri at my office in Jefferson City, Missouri, this 6th day of March, 2018.

Betsy AuBuchon

Clerk of the Supreme Court of Missouri

# EXHIBIT 6

EXHIBIT 6

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 23, 2018

2. APPLYING ATTORNEY: Anita Porte Robb, Esq.

3. FIRM NAME AND ADDRESS: Robb & Robb LLC, One Kansas City Place, Suite 3900, 1200 Main Street, Kansas City, MO 64105

4. NEVADA COUNSEL OF RECORD: Lawrence J. Smith, Esq., Bertoldo Baker Carter & Smith, 7408 W. Sahara Ave., Las Vegas, NV 89117

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this March 29, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 12

Electronically Filed
4/30/2018 1:01 PM
Steven D. Grierson
CLERK OF THE COURT

| | |
|---|---|
| *Attorney or Party without Attorney:* Bertoldo Baker Carter & Smith<br>Lawrence J. Smith (SBN 6505)<br>7408 West Sahara Avenue<br>Las Vegas, NV 89117<br>*Telephone No:* (702) 228-2600<br>*Attorney For:* Plaintiffs — *Ref. No. or File No.:* UDALL - 20786-18 | *For Court Use Only* |
| *Insert name of Court, and Judicial District and Branch Court:* DISTRICT COURT, CLARK COUNTY, NEVADA | |
| *Plaintiff:* MARY RIGGS, etc., et al.,<br>*Defendant:* MATTHEW HECKER, et al. | |

| AFFIDAVIT OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* XIII | *Case Number:* A-18-770467-C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons, First Amended Complaint (Helicopter Crash/Wrongful Death)

3. a. *Party served:* Airbus Helicopters, Inc., a Delaware Corporation - c/o National Registered Agents, Inc.
   b. *Person served:* Lisa Kline, Clerk, National Registered Agents, Inc., Registered Agent, a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State.

4. *Address where the party was served:* National Registered Agents, Inc., Registered Agent
160 Greentree Drive, Suite 101, Dover, DE 19901

5. *I served the party:*
a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Apr 18 2018 (2) at: 10:08 AM

*Fee for Service:* $0.00
I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

6. *Person Who Served Papers:*
   a. Lori Millar ()
   b. FIRST LEGAL
   NEVADA PI/PS LICENSE 1452
   2920 N. GREEN VALLEY PARKWAY, SUITE 514
   HENDERSON, NV 89014
   c. (702) 671-4002

4/20/18 (Date) — (Signature)

7. *STATE OF ~~NEVADA~~ Delaware, COUNTY OF* Kent
*Subscribed and sworn to (or affirmed) before on this* 20th *day of* April, *2018 by Lori Millar ()*
*proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

Shelly Rae Miller
Notary Public
State of Delaware
Kent County
No. 20171211[illegible]
My Commission Expires [illegible]. 11, 2019

(Notary Signature)

AFFIDAVIT OF SERVICE

2202507
(55074084)

FL FIRST LEGAL

# EXHIBIT 13

---

**From:** <tlb@pisanellibice.com>
**Date:** May 7, 2018 at 10:00:37 PM PDT
**To:** <gcr@robbrobb.com>
**Subject: Riggs v. Airbus Helicopters, Inc.,**

Gary: Thank you for the return call this morning. As indicated, we will be representing defendant Airbus Helicopters, Inc in Case No. A-18-770467-C. This email will confirm Plaintiffs' agreement to extend the response date for Airbus Helicopters, Inc to July 9, 2018. I appreciate the courtesy.

-- Todd.

*******************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*******************************************************************************************************

# EXHIBIT 14

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

**Negligence - Other Negligence** **COURT MINUTES** **May 11, 2018**

A-18-770467-C Philip Udall, Plaintiff(s)
vs.
Matthew Hecker, Defendant(s)

**May 11, 2018** **09:15 AM** **Minute Order**

**HEARD BY:** Denton, Mark R. **COURTROOM:** RJC Courtroom 03D

**COURT CLERK:** Jacobson, Alice

**RECORDER:** Gerold, Jennifer

**REPORTER:**

**PARTIES PRESENT:**

## JOURNAL ENTRIES

Cause appearing, and pursuant to EDCR 2.20(e) and EDCR 2.23 (c), the Court GRANTS Plaintiffs Ex Parte Motion to Associate Counsel (Gary C. Robb, Esq. and Anita Porte Robb, Esq.) without oral argument and ORDERS such Motion removed from its civil motion calendar of Thursday, May 24, 2018. Counsel for Plaintiffs to submit the proposed order.

Pursuant to SCR 42(3)(c)(4), counsel for moving party is directed to promptly report to the State Bar of Nevada that an order has been entered herein permitting the subject association as counsel pro hac vice. A status check is set on Thursday, July 19, 2018 at 9:00 a.m. to insure compliance with this Minute Order. In the event counsel files a proof of compliance with this order before the status check, the same will be vacated. IT IS SO ORDERED.

CLERK'S NOTE: Minute order emailed to Attorneys/Parties: Lawrence J. Smith, Esq.
(702) 228-2333

# EXHIBIT 15

Electronically Filed
5/17/2018 2:54 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD

**MARK C. SEVERINO**
Nevada Nar No. 14117
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; Fax: (702) 727-1401
Mark.Severino@wilsonelser.com
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

v.

MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, AIRBUS HELICOPTERS, S.A.S., AIRBUS HELICOPTERS, INC., XEBEC LLC, AND SCOTT BOOTH,

Defendants.

CASE NO.: A-18-770467-C
DEPT. NO.: 13

**DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS INITIAL APPEARANCE FEE DISCLOSURE**

///

**DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS' INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| | | |
|---|---|---|
| Defendants: | MATTHEW HECKER | $223.00 |
| | DANIEL FRIEDMAN | $ 30.00 |
| | BRENDA HALVORSON | $ 30.00 |
| | GEOFFREY EDLUND | $ 30.00 |
| | ELLING B. HALVORSON | $ 30.00 |
| | JOHN BECKER | $ 30.00 |
| | ELLING KENT HALVORSON | $ 30.00 |
| | LON A. HALVORSON | $ 30.00 |
| | PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS | $ 30.00 |
| | **TOTAL REMITTED:** | **$463.00** |

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: ______________________________
**MARK C. SEVERINO**
Nevada Bar No. 14117
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 17 day of May, 2018, I served a true and correct copy of **DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS' INITIAL APPEARANCE FEE DISCLOSURE** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐ via hand-delivery to the addressees listed below;

☐ via facsimile;

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m.

Lawrence J. Smith, Esq.
BERTOLDO, BAKER, CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, NV 89117
Attorneys for Plaintiff

BY [signature]
An Employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

# EXHIBIT 16

Electronically Filed
5/17/2018 2:54 PM
Steven D. Grierson
CLERK OF THE COURT

**MASS**

**MARK C. SEVERINO**
Nevada Nar No. 14117
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; Fax: (702) 727-1401
Mark.Severino@wilsonelser.com
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

v.

MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, AIRBUS HELICOPTERS, S.A.S., AIRBUS HELICOPTERS, INC., XEBEC LLC, AND SCOTT BOOTH,

Defendants.

CASE NO.: A-18-770467-C
DEPT. NO.: 13

**DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS MOTION TO ASSOCIATE COUNSEL PATRICK J. KEARNS, ESQ.**

///

**DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS MOTION TO ASSOCIATE COUNSEL PATRICK J. KEARNS, ESQ.**

The Defendants, MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, by and through their attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by Mark C. Severino, hereby move the Court for an order permitting PATRICK J. KEARNS, ESQ. to practice in Nevada pursuant to Nevada Supreme Court Rule 42 (SCR 42). This motion is supported by the attached, Verified Application for Association of Counsel from Patrick J. Kearns, Esq. (Exhibit A), Certificate(s) of Good Standing from the State Bar of California (Exhibit B), and the State Bar of Nevada Statement regarding Patrick J. Kearns, Esq. (Exhibit C).

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: ______________________

**MARK C. SEVERINO**
Nevada Bar No. 14117
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**NOTICE OF MOTION**

**TO: ALL PARTIES**

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned will bring the foregoing **DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS' MOTION TO ASSOCIATE COUNSEL PATRICK J. KEARNS, ESQ.** for hearing before the Court, Dept. 13, on the 18th day of June 2018 at 9:00 am of said date, or soon thereafter as counsel may be heard.

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: ______________________________
**MARK C. SEVERINO**
Nevada Bar No. 14117
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

NEVADA SUPREME COURT RULE 42(B)(2) STATES, IN PERTINENT PART:

A lawyer who has been retained to represent a client in this state in an action or proceeding set forth in subsection 1(a) of this rule may file a written application to appear as counsel in that action or proceeding if the following conditions are met:

(a) The lawyer is not a member of the State Bar of Nevada;
(b) The lawyer is not a resident of the State of Nevada;
(c) The lawyer is not regularly employed in the State of Nevada;
(d) The lawyer is not engaged in substantial business, professional, or other activities in the State of Nevada;
(e) The lawyer is a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and
(f) The lawyer associates an active member in good standing of the State Bar of Nevada as counsel of record in the action or proceeding.

The above identified defendants have retained attorney Patrick J. Kearns, Esq. to represent them as co-counsel in this action. Mr. Kearns meets the criteria set forth above for association into Nevada to represent their interests. Pursuant to SCR 42(3)(c)(2), the instant motion is properly supported with the original verified application, the original certificate(s) of good standing; and the state bar statement. As such, Defendant requests that this motion to associate counsel be granted.

///

///

///

///

///

///

///

///

///

## CONCLUSION

Defendants hereby respectfully request that the Court grant their motion to associate counsel and allow attorney Patrick J. Kearns, Esq. to represent them in this Nevada action.

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

**MARK C. SEVERINO**
Nevada Bar No.: 14117
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 17th day of May 2018, I served a true and correct copy of **DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS' MOTION TO ASSOCIATE COUNSEL PATRICK J. KEARNS, ESQ**. as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐ via hand-delivery to the addressees listed below;

☐ via facsimile;

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m.

Lawrence J. Smith, Esq.
BERTOLDO, BAKER, CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, NV 89117
Attorneys for Plaintiff

BY ______________________
An Employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

# EXHIBIT "A"

EXHIBIT "A"

VAPP

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

v.

MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, AIRBUS HELICOPTERS, S.A.S., AIRBUS HELICOPTERS, INC., XEBEC LLC, AND SCOTT BOOTH,

Defendants.

CASE NO.: A-18-770467-C
DEPT. NO.: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

I, Patrick (First) J. (Middle Name) Kearns (Last), Petitioner, respectfully represents:

1. Petitioner resides at 3452 Arthur Avenue (Street Address)

San Diego (City), San Diego (County), CA (State), 92116 (Zip Code)
(619) 804-6458. (Telephone)

2. Petitioner is an attorney at law and a member of the law firm of: Wilson Elser Moskowitz Edelman & Dicker, LLP with offices at 401 West A Street, Suite 1900 (Street Address)

San Diego, San Diego, CA, 92101-8484
City County State Zip Code

(619) 321-6200, patrick.kearns @wilsonelser.com.
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Defendants, Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters, Xebec LLC and Scott Booth to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since February of 2006, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of California where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other states on the dates indicated for each, and is presently a member in good standing of the bars of said

| COURTS | DATE ADMITTED |
|---|---|
| State Bar of California | 2/2/2006 |
| US District – Central District of California | 01/20/09 |
| US District – Southern District of California | 02/23/06 |
| US Court of Appeals – Federal Circuit | 01/22/14 |
| US Court of Appeals – 9th Circuit | 06/11/08 |
| US Supreme Court | 07/27/09 |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If

yes, give particulars; e.g., court, jurisdiction, date: No

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status:_ No

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: ____ No

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars: ____ No

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| July 2015 | Galaza v. Toogood | Eighth Judicial – Clark County | Granted |
| August 2015 | Grover v. Maricondia, et al., | Eighth Judicial – Clark County | Granted |
| April 2016 | Harvey v. Toogood, et al., | Eighth Judicial – Clark County | Granted |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

| Mark | C | Severino | 14117 |
|---|---|---|---|
| First Name | Middle Name | Last Name | NV Bar # |

who has offices at Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Firm Name/Company

| 300 South 4th Street – 11th Floor | Las Vegas, Nevada | Clark |
|---|---|---|
| Street Address | City | County |

| 89101 | (702 ) 727-1400 |
|---|---|
| Zip Code | Phone Number |

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

| NAME | MAILING ADDRESS |
|---|---|
| Attorneys for Plaintiffs, Mary Riggs, as Personal Representative of the Estate Of Jonathan Neil Udall, for the benefit of the Estate Of Jonathan Neil Udall, and Philip And Marlene Udall as Next of Kin and Natural Parents of Jonathan Neil Udall, deceased<br><br>Gary C. Robb, Esq.<br>Anita Porte Robb, Esq. | Robb & Robb, LLC<br>One Kansas City Place<br>Suite 3900<br>1200 Main Street<br>Kansas City, Missouri, 64105<br>(816) 474-8080 |
| Attorney for Plaintiffs, Mary Riggs, as Personal Representative of the Estate Of Jonathan Neil Udall, for the benefit of the Estate Of Jonathan Neil Udall, and Philip And Marlene Udall as Next of Kin and Natural Parents of Jonathan Neil Udall, deceased<br><br>Lawrence J. Smith, Esq. | Beroldo, Baker, Carter & Smith<br>7408 West Sahara Avenue<br>Las Vegas, Nevada 89117<br>Telephone: (702) 228-2600 |
| Airbus Helicopters, S.A.S. | Airbus Group SE<br>PO Box 32008<br>2303 DA Leiden The Netherlands |

Airbus Helicopters, Inc.                          2701 Forum Drive
                                                  Grand Prairie, Texas 75052

14.    Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and

(13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of

Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests

that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS

MATTER ONLY.

15.    Petitioner has disclosed in writing to the client that the applicant is not admitted to

practice in this jurisdiction and that the client has consented to such representation.

I, Patrick J. Kearns (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 24th day of April, 2018

[signature]
Petitioner/Affiant (blue ink)

STATE OF ____________________)
) ss
COUNTY OF ____________________)

Subscribed and sworn to before me

this ______ day of ______________, 20 ____

______________________________
Notary Public

See attached certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this 24th day of April, 2018, by Patrick J. Kearns, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

EMANDA ELAINE BRACHMANIS
Notary Public – California
San Diego County
Commission # 2218942
My Comm. Expires Oct 20, 2021

(Seal) Signature [signature]

**DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL**

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I MARK C. Saveriano hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 3rd day of May, 20 18

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me

this 3rd day of May, 20 18

[signature]
Notary Public

Pamela Marie Lamper
Notary Public
State of Nevada
My Commission Expires: 01-27-22
Certificate No: 14-12863-1

# EXHIBIT "B"

EXHIBIT "B"

THE STATE BAR
OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1617 TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

April 16, 2018

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, PATRICK JOSEPH KEARNS, #241602 was admitted to the practice of law in this state by the Supreme Court of California on February 2, 2006; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Dina DiLoreto
Custodian of Membership Records

# EXHIBIT "C"

EXHIBIT "C"

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Mary Riggs

vs.

Matthew Hecker

_______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: May 8, 2018

2. APPLYING ATTORNEY: Patrick Joseph Kearns, Esq.

3. FIRM NAME AND ADDRESS: Wilson Elser Moskowitz Edelman & Dicker, LLP, 401 West A Street, Suite 1900, San Diego, CA 92101

4. NEVADA COUNSEL OF RECORD: Mark Christopher Severino, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 300 S. 4th Street, 11th Floor, Las Vegas, NV 89101

5. In addition to the present application, petitioner made the following previous applications within the last three years:

**07/20/2015 ADMISSION STATUS NOT REPORTED TO THE STATE BAR**
**08/10/2015 ADMISSION STATUS NOT REPORTED TO THE STATE BAR**
**02/01/2016 ADMISSION STATUS NOT REPORTED TO THE STATE BAR**

DATED this May 11, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 17

Electronically Filed
5/17/2018 2:54 PM
Steven D. Grierson
CLERK OF THE COURT

**MASS**

**MARK C. SEVERINO**
Nevada Nar No. 14117
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; Fax: (702) 727-1401
Mark.Severino@wilsonelser.com
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

v.

MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, AIRBUS HELICOPTERS, S.A.S., AIRBUS HELICOPTERS, INC., XEBEC LLC, AND SCOTT BOOTH,

Defendants.

CASE NO.: A-18-770467-C
DEPT. NO.: 13

**DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS MOTION TO ASSOCIATE COUNSEL WILLIAM J. KATT, ESQ.**

///

**DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS MOTION TO ASSOCIATE COUNSEL WILLIAM J. KATT, ESQ.**

The Defendants, MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, by and through their attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by Mark C. Severino, hereby move the Court for an order permitting WILLIAM J. KATT, ESQ. to practice in Nevada pursuant to Nevada Supreme Court Rule 42 (SCR 42). This motion is supported by the attached, Verified Application for Association of Counsel from William J. Katt, Esq. (Exhibit A), Certificate(s) of Good Standing from the State Bar of Wisconsin, State Bar of Minnesota, and State Bar of Illinois (Exhibit B), and the State Bar of Nevada Statement regarding William J. Katt, Esq. (Exhibit C).

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: ______________________________
**MARK C. SEVERINO**
Nevada Bar No. 14117
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**NOTICE OF MOTION**

**TO: ALL PARTIES**

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned will bring the foregoing **DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS' MOTION TO ASSOCIATE COUNSEL WILLIAM J. KATT, ESQ.** for hearing before the Court, Dept. 13, on the 18th day of June 2018 at 9:00 am of said date, or soon thereafter as counsel may be heard.

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: ______________________

**MARK C. SEVERINO**
Nevada Bar No. 14117
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

NEVADA SUPREME COURT RULE 42(B)(2) STATES, IN PERTINENT PART:

A lawyer who has been retained to represent a client in this state in an action or proceeding set forth in subsection 1(a) of this rule may file a written application to appear as counsel in that action or proceeding if the following conditions are met:

(a) The lawyer is not a member of the State Bar of Nevada;
(b) The lawyer is not a resident of the State of Nevada;
(c) The lawyer is not regularly employed in the State of Nevada;
(d) The lawyer is not engaged in substantial business, professional, or other activities in the State of Nevada;
(e) The lawyer is a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and
(f) The lawyer associates an active member in good standing of the State Bar of Nevada as counsel of record in the action or proceeding.

The above identified defendants have retained attorney William J. Katt, Esq. to represent them as co-counsel in this action. Mr. Katt meets the criteria set forth above for association into Nevada to represent their interests. Pursuant to SCR 42(3)(c)(2), the instant motion is properly supported with the original verified application, the original certificate(s) of good standing; and the state bar statement. As such, Defendant requests that this motion to associate counsel be granted.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

Defendants hereby respectfully request that the Court grant their motion to associate counsel and allow attorney William J. Katt, Esq. to represent them in this Nevada action.

DATED this 17th day of May, 2018.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

**MARK C. SEVERINO**
Nevada Bar No.: 14117
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, AND PAPILLON AIRWAYS, INC. D/B/A PAPILLON GRAND CANYON HELICOPTERS**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 17 day of May 2018, I served a true and correct copy of **DEFENDANTS MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS' MOTION TO ASSOCIATE COUNSEL WILLIAM J. KATT, ESQ**. as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐ via hand-delivery to the addressees listed below;

☐ via facsimile;

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m.

Lawrence J. Smith, Esq.
BERTOLDO, BAKER, CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, NV 89117
Attorneys for Plaintiff

BY ______________________
An Employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

# EXHIBIT "A"

EXHIBIT "A"

VAPP

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MARY RIGGS, as Personal Representative of the ESTATE OF JONATHAN NEIL UDALL, for the benefit of the ESTATE OF JONATHAN NEIL UDALL, and PHILIP AND MARLENE UDALL as Next of Kin and Natural Parents of JONATHAN NEIL UDALL, deceased,

Plaintiffs,

v.

MATTHEW HECKER, DANIEL FRIEDMAN, BRENDA HALVORSON, GEOFFREY EDLUND, ELLING B. HALVORSON, JOHN BECKER, ELLING KENT HALVORSON, LON A. HALVORSON, PAPILLON AIRWAYS, INC. d/b/a PAPILLON GRAND CANYON HELICOPTERS, AIRBUS HELICOPTERS, S.A.S., AIRBUS HELICOPTERS, INC., XEBEC LLC, AND SCOTT BOOTH,

Defendants.

CASE NO.: A-18-770467-C
DEPT. NO.: 13

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

William J. Katt, Petitioner, respectfully represents:
First Middle Name Last

Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, Xebec LLC, Scott Booth, and Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters

1. Petitioner resides at 1313 Franklin Place, # 1306
Street Address

Milwaukee, Milwaukee, WI, 53202
City, County, State, Zip Code

(414) 333-2061.
Telephone

2. Petitioner is an attorney at law and a member of the law firm of: Wilson Elser Moskowitz Edelman & Dicker LLP

with offices at 740 N. Plankinton Ave., Suite 600
Street Address

| Milwaukee | Milwaukee | WI | 53203 |
|---|---|---|---|
| City | County | State | Zip Code |

| (414) 292-3018 | william.katt@wilsonelser.com |
|---|---|
| Telephone | Email |

3. Petitioner has been retained personally or as a member of the above named law firm by United States Aircraft Insurance Group (USAIG) to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since May 21 of 1979, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Wisconsin where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| | DATE ADMITTED |
|---|---|
| State of Minnesota | April 28, 2010 |
| State of Illinois | December 10, 2002 |
| US Seventh Circuit Court of Appeals | January 17, 1980 |
| US Ninth Circuit Court of Appeals | April 13, 2017 |
| US District Court – Western District of Wisconsin | May 21, 1979 |
| US District Court – Eastern District of Wisconsin | May 22, 1979 |
| US District Court – Northern District of Illinois | September 12, 2003 |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: NO

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: NO

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: NO

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: NO

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars: NO

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

Mark C. Severino 14117,
First Name Middle Name Last Name NV Bar #

who has offices at Wilson Elser Moskowitz Edelman & Dicker, LLP
Firm Name/Company

300 South 4th Street, 11th Floor, Las Vegas, NV (Clark County),
Street Address City County

89101, (702) 727-1252.
Zip Code Phone Number

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

| NAME | MAILING ADDRESS |
| --- | --- |
| Attorneys for Plaintiffs, Mary Riggs, as Personal Representative of the Estate Of Jonathan Neil Udall, for the benefit of the Estate Of Jonathan Neil Udall, and Philip And Marlene Udall as Next of Kin and Natural Parents of Jonathan Neil Udall, deceased | |
| Gary C. Robb, Esq.<br>Anita Porte Robb, Esq. | Robb & Robb, LLC<br>One Kansas City Place<br>Suite 3900<br>1200 Main Street<br>Kansas City, Missouri, 64105<br>(816) 474-8080 |
| Attorney for Plaintiffs, Mary Riggs, as Personal Representative of the Estate Of Jonathan Neil Udall, for the benefit of the Estate Of Jonathan Neil Udall, and Philip And Marlene Udall as Next of Kin and Natural Parents of Jonathan Neil Udall, deceased | |
| Lawrence J. Smith, Esq. | Bertoldo, Baker, Carter & Smith<br>7408 West Sahara Avenue<br>Las Vegas, Nevada 89117<br>Telephone: (702) 228-2600 |
| Airbus Helicopters, S.A.S. | Airbus Group SE<br>PO Box 32008<br>2303 DA Leiden The Netherlands |
| Airbus Helicopters, Inc. | 2701 Forum Drive<br>Grand Prairie, Texas 75052 |

14.  Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15.  Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

I, William J. Kraft (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 12th day of April, 2018

[signature]
Petitioner/Affiant (blue ink)

STATE OF Wisconsin )
) ss
COUNTY OF Milwaukee )

Subscribed and sworn to before me

this 18th day of April, 20 18

[signature]
Notary Public

BETH VANENGEN
Notary Public
State of Wisconsin

Exp. 10·1·2021

**DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL**

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I MARK C. Severino hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name

and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 27th day of April, 2018

[signature]
Nevada Counsel of Record (blue ink)

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Subscribed and sworn to before me

this 27th day of April, 2018

[signature]
Notary Public

Pamela Marie Lamper
Notary Public
State of Nevada
My Commission Expires: 01-27-22
Certificate No: 14-12863-1

# EXHIBIT "B"

EXHIBIT "B"

**WISCONSIN SUPREME COURT**
OFFICE OF THE CLERK
110 E. Main Street, Suite 215
P.O. Box 1688
Madison, WI 53701-1688

Telephone: 608-266-1880
TTY: 800-947-3529
Fax: 608-267-0640
http://www.wicourts.gov

Sheila T. Reiff
Clerk

# *CERTIFICATE OF GOOD STANDING*

*I, Christopher J. Paulsen, Chief Deputy Clerk of the Supreme Court of Wisconsin certify that the records of this office show that:*

*WILLIAM J. KATT*

*was admitted to practice as an attorney within this state on May 21, 1979 and is presently in good standing in this court.*

*Dated: April 3, 2018*

*CHRISTOPHER J. PAULSEN*
*Chief Deputy Clerk of Supreme Court*

# STATE OF MINNESOTA
# IN SUPREME COURT

*Certificate of Good Standing*

This is to certify that the following lawyer is in good standing.

WILLIAM JAMES KATT

was duly admitted to practice as a lawyer and counselor at law in all the courts of this state on

April 28, 2010

Given under my hand and seal of this court on

March 29, 2018

Emily J. Eschweiler

Emily J. Eschweiler, Director
Office of Lawyer Registration

# Certificate of Admission
# To the Bar of Illinois

I, Carolyn Taft Grosboll, Clerk of the Supreme Court of Illinois, do hereby certify that

William J. Katt

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 12/10/2002 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 2nd day of April, 2018.

Carolyn Taft Grosboll

Clerk,
Supreme Court of the State of Illinois

# EXHIBIT "C"

EXHIBIT "C"

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-18-770467-C
Dept. No. XIII

Philip and Marlene Udall

vs.

Matthew Hecker

_______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: May 1, 2018

2. APPLYING ATTORNEY: William James Katt, Esq.

3. FIRM NAME AND ADDRESS: Wilson Elser Moskowitz Edelman & Dicker, LLP, 740 N. Plankinton Ave., Suite 600, Milwaukee, WI 53203

4. NEVADA COUNSEL OF RECORD: Mark Christopher Severino, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 300 S. 4th Street, 11th Floor, Las Vegas, NV 89101

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this May 7, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 18

## Case Information

A-18-770467-C | Philip Udall, Plaintiff(s) vs. Matthew Hecker, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-18-770467-C | Department 13 | Denton, Mark R. |
| File Date | Case Type | Case Status |
| 03/02/2018 | Negligence - Other Negligence | Open |

## Party

Plaintiff
Udall, Philip

Active Attorneys
Lead Attorney
Smith, Lawrence J.
Retained

Plaintiff
Udall, Marlene

Active Attorneys
Lead Attorney
Smith, Lawrence J.
Retained

Plaintiff
Estate of Jonathan Neal Udall

Active Attorneys
Lead Attorney
Smith, Lawrence J.
Retained

Personal Representative (Participant)
Riggs, Mary

Active Attorneys
Lead Attorney
Smith, Lawrence J.
Retained

Defendant
Hecker, Matthew

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Friedman, Daniel

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Halvorson, Brenda

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Edlund, Geoffrey

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Halvorson, Elling

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Becker, John

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Papillon Airways, Inc

Active Attorneys
Lead Attorney
Severino, Mark C

Aliases
*DBA* Papillon Grand Canyon Helicopters

Retained

Defendant
Airbus Helicopters, S.A.S.

Defendant
Airbus Helicopters, Inc.

Defendant
XEBEC, LLC

Defendant
Booth, Scott

Defendant
Halvorson, Elling Kent

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Halverson, Lon A.

Active Attorneys
Lead Attorney
Severino, Mark C
Retained

Defendant
Halvorson, Elling B.

## Events and Hearings

03/02/2018 Initial Appearance Fee Disclosure

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
Initial Appearance Fee Disclosure

03/02/2018 Complaint

Complaint - COMP (CIV)

Comment
Complaint (Helicopter Crash/Wrongful Death) / Arbitration Exemption Claimed: Extraordinary Relief / Jury Demanded

03/09/2018 Amended Complaint

Amended Complaint - ACOM (CIV)

Comment
First Amended Complaint (Helicopter Crash/Wrongful Death)

03/21/2018 Affidavit of Service

Affidavit of Service - AOS (CIV)

Comment
Affidavit of Service (Friedman)

03/21/2018 Affidavit of Service

Affidavit of Service - AOS (CIV)

Comment
Affidavit of Service (Papillon Airways)

03/30/2018 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
Ex Parte Motion to Associate Counsel

04/02/2018 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
Ex Parte Motion to Associate Counsel

04/09/2018 Affidavit of Service

Affidavit of Service - AOS (CIV)

Comment
Affidavit of Service - Clark County Coroner

04/13/2018 Acceptance of Service

Acceptance of Service - ACSR (CIV)

Comment
Acceptance of Service

04/16/2018 Notice of Hearing

Notice of Hearing - NOH (CIV)

Comment
Notice of Hearing

04/30/2018 Affidavit of Service

Affidavit of Service - AOS (CIV)

Comment
Affidavit of Service (Airbus Helicopters, Inc.)

05/11/2018 Minute Order

Minutes - Minute Order

Judicial Officer
Denton, Mark R.

Hearing Time
9:15 AM

Result
Minute Order - No Hearing Held

05/17/2018 Initial Appearance Fee Disclosure

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters Initial Appearance Fee Disclosure

05/17/2018 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker,

Elling Kent Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters Motion to Associate Counsel Patrick J. Kearns, Esq.

05/17/2018 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters Motion to Associate Counsel William J. Katt, Esq.

05/24/2018 Motion to Associate Counsel

Judicial Officer
Denton, Mark R.

Hearing Time
9:00 AM

Cancel Reason
Vacated

Comment
Notice of Hearing

06/18/2018 Motion to Associate Counsel

Judicial Officer
Denton, Mark R.

Hearing Time
9:00 AM

Comment
Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters Motion to Associate Counsel Patrick J. Kearns, Esq.

06/18/2018 Motion to Associate Counsel

Judicial Officer
Denton, Mark R.

Hearing Time
9:00 AM

Comment
Defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling B. Halvorson, John Becker, Elling Kent

Halvorson, Lon A. Halvorson, and Papillon Airways, Inc. d/b/a Papillon Grand Canyon Helicopters Motion to Associate Counsel William J. Katt, Esq.

07/19/2018 Status Check

Judicial Officer
Denton, Mark R.

Hearing Time
9:00 AM

## Financial

Riggs, Mary

| | |
|---|---|
| Total Financial Assessment | $358.00 |
| Total Payments and Credits | $358.00 |

| | | | | |
|---|---|---|---|---|
| 3/5/2018 | Transaction Assessment | | | $333.50 |
| 3/5/2018 | Efile Payment | Receipt # 2018-15800-CCCLK | Riggs, Personal Representative, Mary | ($333.50) |
| 3/21/2018 | Transaction Assessment | | | $3.50 |
| 3/21/2018 | Efile Payment | Receipt # 2018-19846-CCCLK | Riggs, Mary | ($3.50) |
| 4/2/2018 | Transaction Assessment | | | $3.50 |
| 4/2/2018 | Efile Payment | Receipt # 2018-22641-CCCLK | Riggs, Mary | ($3.50) |

| | | | | |
|---|---|---|---|---|
| 4/2/2018 | Transaction Assessment | | | $3.50 |
| 4/2/2018 | Efile Payment | Receipt # 2018-22724-CCCLK | Riggs, Mary | ($3.50) |
| 4/9/2018 | Transaction Assessment | | | $3.50 |
| 4/9/2018 | Efile Payment | Receipt # 2018-24240-CCCLK | Riggs, Mary | ($3.50) |
| 4/13/2018 | Transaction Assessment | | | $3.50 |
| 4/13/2018 | Efile Payment | Receipt # 2018-25630-CCCLK | Riggs, Mary | ($3.50) |
| 4/17/2018 | Transaction Assessment | | | $3.50 |
| 4/17/2018 | Efile Payment | Receipt # 2018-26213-CCCLK | Riggs, Mary | ($3.50) |
| 4/30/2018 | Transaction Assessment | | | $3.50 |
| 4/30/2018 | Efile Payment | Receipt # 2018-29240-CCCLK | Riggs, Mary | ($3.50) |

Hecker, Matthew

| | |
|---|---|
| Total Financial Assessment | $463.00 |
| Total Payments and Credits | $463.00 |

| | | | | |
|---|---|---|---|---|
| 5/17/2018 | Transaction Assessment | | | $463.00 |
| 5/17/2018 | Efile Payment | Receipt # 2018-33866-CCCLK | Hecker, Matthew | ($463.00) |

Estate of Jonathan Neal Udall

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $93.50 |
| Total Payments and Credits | | | | $93.50 |

| | | | | |
|---|---|---|---|---|
| 3/9/2018 | Transaction Assessment | | | $93.50 |
| 3/9/2018 | Efile Payment | Receipt # 2018-17227-CCCLK | Estate of Jonathan Neal Udall | ($93.50) |

## Documents

- Initial Appearance Fee Disclosure - IAFD (CIV)
- Complaint - COMP (CIV)
- Amended Complaint - ACOM (CIV)
- Affidavit of Service - AOS (CIV)
- Affidavit of Service - AOS (CIV)
- Motion to Associate Counsel - MASS (CIV)
- Motion to Associate Counsel - MASS (CIV)
- Affidavit of Service - AOS (CIV)
- Acceptance of Service - ACSR (CIV)
- Notice of Hearing - NOH (CIV)
- Affidavit of Service - AOS (CIV)
- Minutes - Minute Order
- Initial Appearance Fee Disclosure - IAFD (CIV)
- Motion to Associate Counsel - MASS (CIV)
- Motion to Associate Counsel - MASS (CIV)