UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARY RIGGS, et al., | Case No. 2:18-CV-912 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MATTHEW HECKER, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Mary Riggs as personal representative of the estate of Jonathan Neil Udall and Philip and Marlene Udall's motion to remand. (ECF No. 15). Specially-appearing defendant Airbus Helicopters, Inc. ("AHI") filed a response (ECF No. 28), to which Riggs replied (ECF No. 37).

Also before the court is defendants Matthew Hecker, Daniel Friedman, Brenda Halvorson, Geoffrey Edlund, Elling Halvorson, John Becker, Elling Kent Halvorson, Lon A. Halvorson, Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters, Xebec LLC, and Scott Booth's (collectively, "the Papillon defendants") motion to remand. (ECF No. 19). AHI filed a response (ECF No. 28), to which the Papillon defendants replied (ECF No. 38).

**I.  Facts**

The present action involves a dispute surrounding a helicopter accident.

On March 2, 2018, Riggs commenced an action in the Eighth Judicial District Court of Clark County, Nevada, against several individual and entity defendants stemming from a February 10, 2018, helicopter crash. (ECF No. 1, Ex. 2). In her claims against AHI, Riggs alleges that the subject helicopter was defectively designed in that the fuel system was not crash-resistant. *Id.*

**James C. Mahan
U.S. District Judge**

On May 18, 2018, AHI filed a petition for removal to this court. *Id.* On June 8, 2018, Riggs filed a motion to remand. (ECF No. 15). On June 15, 2018, the Papillon defendants filed a motion to remand. (ECF No. 19). On July 9, 2018, AHI filed a motion to dismiss Riggs's complaint for lack of personal jurisdiction.[1] (ECF No. 36). Riggs subsequently filed a motion to defer briefing on the motion to dismiss (ECF No. 39), and a motion to shorten time (ECF No. 40).

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

---

[1] AHI argues that the court should first consider its motion to dismiss for lack of personal jurisdiction before addressing Riggs's motion to remand. *See* (ECF No. 36). AHI correctly states that "the United States Supreme Court has held that a court can resolve the issue of personal jurisdiction before addressing subject matter jurisdiction." *Id.* at 3. In *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 587-88, the Court held that where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." Here, the subject matter jurisdiction inquiry does not involve a complex question. Therefore, the court will address Riggs's motion to remand before considering AHI's motion to dismiss. *See id.*

**James C. Mahan**
**U.S. District Judge**

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988)).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

    **a. Federal officer removal statute**

In the notice of removal, AHI argues that this action is removable because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442. *See* (ECF No. 1). AHI contends that this action is removable "because the action involves a person that acted under the authority of an officer or agency of the United States." *Id.* at 3.

28 U.S.C. § 1442(a)(1), known as the federal officer removal statute, offers a federal forum to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."

A party seeking removal under § 1442(a)(1) must demonstrate that "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's direction, and plaintiff's claims; and (c) it can assert a colorable federal defense."

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Here, the parties dispute whether AHI satisfies § 1442(a)(1)'s "acting under" requirement.[2]

### i. Whether AHI satisfies § 1442(a)(1)'s "acting under" requirement

The federal officer removal statute extends removal authority only to persons acting under an officer of the United States. *See* 28 U.S.C. § 1442(a)(1). A private person must assist or help carry out the duties or tasks of a federal supervisor in order to qualify as a person "acting under" a federal officer. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007).

In *Watson*, the Supreme Court clarified the scope of § 1442(a)(1) as applied to private actors in highly regulated industries. *Watson*, 551 U.S. at 145. Plaintiff Lisa Watson filed a class action lawsuit against defendant Philip Morris, claiming that the company violated Arkansas law by misrepresenting the amount of tar and nicotine in cigarettes branded as "light." *Id.* at 146. The defendant removed the case to federal court, contending that it was "acting under" the direct control of regulations promulgated by the Federal Trade Commission, thereby triggering the application of § 1442(a)(1). *Id.* The district court denied plaintiff's motion to remand and the Eighth Circuit affirmed. *Id.* at 147.

In reversing the Eighth Circuit, the Court acknowledged the statutory requirement to broadly construe § 1442(a)(1), but stated that such construction is not without boundaries. *Id.* "Broad language is not limitless. And a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." *Id.* In limiting the scope of § 1442(a)(1), the Court warned against granting manufacturers access to federal courts merely because of their participation in highly regulated industries:

> In our view the help of assistance necessary to bring a private person within the scope of the statute does not include simply complying with the law. The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official."

---

[2] The parties do not dispute that AHI is a person under the statute. *See* 1 U.S.C. § 1 ("in determining the meaning of an Act of Congress, unless the context indicates otherwise . . . the words 'person' and 'whoever' include corporations, companies, and associations.").

James C. Mahan
U.S. District Judge

- 4 -

*Id.* at 152-53. The Court held that a company does not act under a federal officer merely by complying with federal law and regulations in a heavily regulated industry. *See id.* at 153, 157.

The Ninth Circuit has not directly addressed § 1442(a)(1) removal based on an FAA designation. However, the Seventh Circuit recently applied *Watson* to a § 1442(a)(1) removal claim by an aircraft manufacturer in *Lu Junhong v. Boeing Co*, 792 F.3d 805, 806 (7th. Cir. 2015). In *Lu Junhong*, Boeing argued that it was acting under the FAA because: "(1) the FAA has granted Boeing authority to use FAA-approved procedures to conduct analysis and testing for the issuance of type, production, and airworthiness certifications for aircraft under Federal Aviation Regulations; and (2) FAA Order 8100.9A authorizes and requires it to analyze the adequacy of its autopilot and autothrottle systems and certify that they meet the regulatory requirements of 14 C.F.R. § 25.1309." *Id.*

The Seventh Circuit rejected Boeing's argument that it was entitled to removal under § 1442(a)(1). *Id.* at 808. The court held that "certifications just demonstrate a person's awareness of the governing requirements and evince a belief in compliance." *Id.* Moreover, a "figure of speech [referring to certifications] does not make someone a federal officer or person 'acting under' one." *Id.* at 808-09. Instead, the Seventh Circuit held that "we know from *Watson v. Phillip Morris Cos.*, 551 U.S. 142 (2007), that being regulated, even when a federal agency 'directs, supervises and monitors a company's activities in considerable detail,' is not enough to make a private firm a person 'acting under' a federal agency." *Id.* at 809 (internal citation omitted).

Moreover, several districts courts have confronted similar arguments for removal in the aviation context. The majority of those courts has remanded the cases to state court. *See*, *e.g.*, *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 755 (E.D. Pa. 2016) (holding that the defendants did not act under a federal officer when manufacturing and designing engine components pursuant to FAA authorization under 49 U.S.C. § 44702(d)); *Swanstrom v. Teledyne Cont'l Motors, Inc.*, 531 F. Supp. 2d 1325, 1333 (S.D. Ala. 2008) (holding that a defendant cannot claim removal under § 1442(a)(1) simply because it has employees who

U.S. District Judge

- 5 -

are designated FAA authorized agents); *Vandeventer v. Guimond*, 494 F. Supp. 2d 1255, 1267 (D. Kan. 2007) (holding that a defendant did not stand in the shoes of the FAA, or act under a federal officer or agency, when he conducted airworthiness inspection and certification).

Conversely, several district courts have recognized the government contractor defense in denying motions to remand.[3] *See*, *e.g.*, *Beckwith v. Gen. Elec. Co.*, No. 09-cv-0216, 2010 U.S. Dist. LEXIS 30360 (D. Conn. Mar. 30, 2010) (denying motion to remand as defendant properly alleged government contractor defense); *Boyd v. Boeing Co.*, No. 15-cv-0025, 2015 U.S. Dist. LEXIS 91226 (E.D. La. July 1, 2015) (same). However, the Court in *Watson* distinguished the government contractor defense from compliance by holding that "the assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks." 551 U.S. at 153.

Here, AHI argues that, as a holder of a Federal Aviation Administration ("FAA") Organization Designation Authorization ("ODA"), it "acted under" the authority of the FAA with respect to the claims Riggs asserts against it. (ECF No. 1 at 3). This authorization from the FAA to AHI is governed by 49 U.S.C. § 44702(d), which provides that the FAA "may delegate to a qualified person or to an employee under the supervision of that person, a matter related to: (A) the examination, testing, and inspection necessary to issue a certificate under this chapter [49 U.S.C. §§ 44710, et seq.]; and (B) issuing the certificate." 49 U.S.C. § 44702(d).

AHI contends that the FAA delegation satisfies the "acting under" requirement because AHI "acts on behalf of and assists the FAA in the performance of the agency's federal mandate." (ECF No. 19 at 9). As an FAA designee, AHI "conducts the examination, testing, and inspection

---

[3] In *Durham*, the Ninth Circuit dealt with federal contractor immunity. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("Lockheed, like other federal military contractors, performs some activities on military bases that are protected by federal contractor immunity, and others that are not.").

**James C. Mahan**
**U.S. District Judge**

- 6 -

necessary to issue STCs, subject to the FAA's comprehensive and regular oversight."[4] *Id.* In light of these responsibilities, AHI argues that it "does more than just comply with the comprehensive and pervasive FAA regulatory scheme – it assists the FAA and helps carry out the FAA's functions – and this removal is based on much more than mere compliance with the regulatory regime." *Id.* at 9-10.

AHI extensively cites *Watson* in its response and argues that removal in this case is consistent with the Court's interpretation of § 1442(a)(1)'s scope. *See id.* AHI correctly notes that "the U.S. Supreme Court in *Watson* held that compliance with regulations alone is insufficient for removal under § 1442(a)(1)." *Id.* at 10. Moreover, AHI referenced a distinction drawn by the Court, stating that "the *Watson* Court held that the 'fatal flaw' in Phillip Morris's assertion of delegated authority was one of 'omission': there was 'no evidence of any delegation of legal authority from the FTC to the industry association to undertake testing on the Government agency's behalf.'" *Id.* at 11. (citation omitted).

AHI argues that the "fundamental distinction between the FAA scheme here – where AHI was formally delegated authority by the FAA, and the tobacco industry regime in *Watson* – where no such delegation occurred – is the reason why removal here is appropriate." *Id.* AHI notes that "both in its amicus brief and at oral argument [in *Watson*], the U.S. solicitor general offered the FAA's delegation scheme as the 'proper' application of the federal officer removal statute." *Id.*

The Seventh Circuit, in *Lu Junhong*, addressed a similar argument. 792 F.3d at 810. "Boeing points to 49 U.S.C. § 44702(d)(1), which permits the FAA to conserve its resources by transferring some checking and certification functions to manufactures, and the FAA used that power in Order 8100.9A." *Id.* In rejecting Boeing's contention, the Seventh Circuit held that "this is still a power to certify compliance, not a power to design the rules for airworthiness. The FAA permits Boeing to make changes to its gear after finding that the equipment meets the FAA's standards; it does not permit Boeing to use

---

[4] An STC is a supplemental type certificate. (ECF No. 1). STCs are required by the FAA in order for someone other than the type certificate holder to make major design changes to any type-certified aircraft. *Id.* AHI held an STC for the helicopter at issue in the present dispute. *Id.*

gear that meets Boeing's self-adopted criteria." *Id.* Further, the court held that "when discussing the possibility that delegation might create 'acting under' status, the Court mentioned rule making rather than rule compliance as the key ingredient, and the FAA's order does not allow Boeing to change substantive rules." *Id.* (internal citation omitted).

Here, the FAA delegation under 49 U.S.C. § 44702(d)(1) does not allow AHI to create or change substantive rules. *See* 49 U.S.C. § 44702(d)(1). Moreover, the delegation does not allow AHI to manufacture gear that meets its own self-adopted criteria. *See id.*; *see also Lu Junhong*, 792 F.3d at 810. Rather, the relevant regulation provides that "each applicant must make all inspections and tests necessary to determine (1) compliance with the applicable airworthiness, aircraft noise, fuel venting, and exhaust emission requirements." 14 C.F.R. § 21.33. Therefore, AHI's activities pursuant to its FAA delegation are rule compliance rather than rule making. *See Lu Junhong*, 792 F.3d at 810.

AHI additionally argues that "[district] courts within the Ninth Circuit that have considered an FAA organizational designee's status have held that such entities act under the FAA for the purposes of § 1442(a)(1)." (ECF No. 28 at 13). AHI correctly notes that several district courts have held that § 1442(a)(1) removal is proper for a party acting pursuant to an FAA delegation under 49 U.S.C. § 44702(d). *See*, *e.g.*, *Hecker v. Robinson Helicopter Co.*, No. 13-cv-03006, 2013 U.S. Dist. LEXIS 149788, at *2 (E.D. Wash. Oct. 17, 2013) (holding that a defendant's ODA issued under § 44702(d) confers federal status as to any acts undertaken pursuant to that authority); *AIG Europe (UK) Ltd. v. McDonnell Douglas Corp.*, 2003 U.S. Dist. LEXIS 1770, at *2 (C.D. Cal. Jan. 28, 2003) (same).

Notably, AHI cites cases that relied on *Magnin v. Teledyn Cont'l Motors*, 91 F.3d 1424 (11th Cir. 1996), which predated *Watson*. The Seventh Circuit, in *Lu Junhong*, held that "we think that *Magnin* is inconsistent with *Watson* and cannot be considered authoritative." 792 F.3d at 810. The court agrees. Further, the cases cited by AHI do not reference *Watson*. *See Hecker*, 2013 U.S. Dist. LEXIS 149888, at *2; *see also AIG Europe (UK) Ltd.*, 2003 U.S. Dist. LEXIS 1770, at *2. Therefore, the cases cited by AHI are unpersuasive.

The court holds that AHI does not satisfy § 1442(a)(1)'s "acting under" requirement. *See Lu Junhong*, 792 F.3d at 810. Therefore, removal is improper in this case. *See Durham*, 445 F.3d at 1251.

**IV.　Conclusion**

The court will grant the pending motions to remand. The remaining outstanding motions are therefore moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Riggs's motion to remand (ECF No. 15) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Papillon defendants' motion to remand (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to the Eighth Judicial District Court of Clark County, Nevada.

DATED July 16, 2018.

						_____
						UNITED STATES DISTRICT JUDGE